# EXHIBIT 1

## BMW Lawsuit

**Florida Case No. 50-2025-CA-008048-xxxA-MB**

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

FINANCIAL SERVICES VEHICLE TRUST,
by and through its servicer, ROLLS-ROYCE
MOTOR CARS FINANCIAL SERVICES,                    CASE NO.:
NA, LLC, a division of BMW FINANCIAL
SERVICES NA, LLC,

     Plaintiff,

v.


JR AUTO COLLECTION, LLC d/b/a
FLORIDA PERFORMANCE CARS,
GAUGE AUTOMOTIVE, INC.,
BLACKFIRE TRANSPORT, LLC, ALFRED
DAVIS, and FLORIDA HIGHWAY
SAFETY AND MOTOR VEHICLES,

     Defendants.

_____/

## **COMPLAINT AND PETITION**

Plaintiff, FINANCIAL SERVICES VEHICLE TRUST ("Plaintiff" or "Petitioner"), by and

through its servicer, ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES, NA, LLC

("RRMC FS"), a division of BMW FINANCIAL SERVICES NA, LLC ("BMW FS"), brings this

action against Defendants JR AUTO COLLECTION, LLC d/b/a FLORIDA PERFORMANCE

CARS ("FPC"), GAUGE AUTOMOTIVE, INC. ("Gauge"), BLACKFIRE TRANSPORT, LLC

("Blackfire"), and ALFRED DAVIS ("Davis") for damages;

Plaintiff, to the extent necessary, brings this action for replevin as against Gauge; and

Petitioner brings this Petition as against Respondent FLORIDA HIGHWAY SAFETY

AND MOTOR VEHICLES ("FLHSMV") to issue a new vehicle title with Plaintiff identified as

the owner of the subject vehicle.

In support of the above, Plaintiff states as follows:

## **GENERAL ALLEGATIONS**

1.      This action arises out of a fraudulent title scheme involving a 2023 Rolls Royce Black Badge Cullinan, bearing vehicle identification number SLATV8C0XPU216487 (the "Vehicle").

2.      At all times hereinafter mentioned, Plaintiff was and is a business trust duly organized and existing under and by virtue of the laws of the state of Delaware, and an entity authorized to do business in the State of Florida.

3.      At all times hereinafter mentioned, RRMC FS was and is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, and an entity authorized to conduct business in the State of Florida.

4.      At all relevant times hereinafter mentioned, BMW FS was and is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, and an entity authorized to conduct business in the State of Florida.

5.      RRMC FS is authorized to bring this action on behalf of Plaintiff as its servicer.

6.      At all relevant times hereinafter mentioned, defendant FPC was and, upon information and belief, is a Florida limited liability company with its principal place of business in Palm Beach County, Florida.

7.      At all relevant times hereinafter mentioned, defendant Gauge was and, upon information and belief, is a Utah corporation with its principal place of business in Salt Lake City, Utah.

8.    At all relevant times hereinafter mentioned, defendant Blackfire was and, upon information and belief, is a Florida corporation with its principal place of business in North Miami Beach, Florida.

9.    At all relevant times hereinafter mentioned, defendant Alfred Davis was and, upon information and belief, is the president and 100% owner of Blackfire, and resides in Delray Beach, Florida.

10.    FLHSMV is named as a respondent only in its administrative capacity for the purpose of ensuring that FLHSMV has actual notice and opportunity to be heard on Petitioner's demand that its interest be restored and maintained on the title record and a new title issued for the subject Vehicle. No monetary damage or other relief is sought as against FLHSMV.

<u>JURISDICTION AND VENUE</u>

11.    This is an action for damages and declaratory relief exceeding $50,000.00, exclusive of attorneys' fees, interest, and costs.

12.    This Court has personal jurisdiction over Gauge pursuant to Florida's long-arm statute, § 48.193, Fla. Stat. and the exercise of jurisdiction comports with due process.

13.    Upon information and belief, Gauge purposefully conducted business in Florida by soliciting FPC for the sale and subsequent re-purchase of the subject Vehicle, and a substantial part of the events or omissions giving rise to the claim occurred in the State of Florida.

<u>FACTS</u>

14.    On or about December 28, 2022, defendants Blackfire and Davis executed and delivered to Braman Motors, Inc. ("Braman"), an authorized Rolls Royce dealer located at 2060 Biscayne Boulevard, Miami, Florida 33137, for valuable consideration, a written Motor Vehicle Lease Agreement (the "Lease Agreement").

15.     The Lease Agreement was assigned by Braman to Plaintiff. A true and accurate copy of the Motor Vehicle Lease Agreement is attached hereto as **Exhibit "A"**.

16.     The total cash price of the Subject Vehicle on the date of the Lease Agreement was $489,694.00. Blackfire and Davis paid a down payment of $209,337.45. Under the terms of the Lease Agreement, Blackfire financed the balance of $398,132.45 through RRMC FS. *See* Ex. A at p. 1.

17.     In executing the Lease Agreement, Blackfire and Davis promised to make RRMC FS (as Assignee of the Lease Agreement) 48 monthly payments of $4,000, with the first payment due on December 28, 2022. *Id.*

18.     In executing the Lease Agreement, Blackfire and Davis agreed "NOT [TO] TRANSFER OR SUBLEASE [THE SUBJECT VEHICLE] TO A THIRD PARTY OR ASSIGN THE LEASE OR ANY RIGHTS UNDER IT WITHOUT [RRMC FS'S] PRIOR WRITTEN APPROVAL". *Id.* at ¶ 35.

19.     In connection with the Lease Agreement, FSVT completed FLHSMV's application for certificate of title with/without registration, whereby FSVT was recorded as the Vehicle's owner and lienholder. A true and accurate copy of FSVT's application for certificate of title with/without registration is attached hereto as **Exhibit "B"**.

20.     On or about January 20, 2023, FLHSMV issued certificate of title for the Subject Vehicle to Blackfire. The certificate of title correctly identifies FSVT as the Vehicle's owner and lienholder. A true and accurate copy of FSVT's certificate of title is attached hereto as **Exhibit "C"**.

21.     Upon information and belief, on or around August 27, 2024, the New York State Department of Motor Vehicles ("NY DMV") was presented with a forged and fraudulent Florida

Certificate of Title for the Vehicle, purportedly issued on January 20, 2023, showing the Vehicle's owner as one Manual Calderon and listing no lienholders (the "Fraudulent Title"). A true and accurate copy of the Fraudulent Title is attached hereto as **Exhibit "D"**.

22.     Upon information and belief, on or around August 27, 2024, the NY DMV issued a New York State Certificate of Title to one Steven J. Calderon (the "NY Title"). Because the Fraudulent Title listed no lienholders, the NY Title likewise identified no lien. A true and accurate copy of the NY Title is attached hereto as **Exhibit "E"**.

23.     Subsequently, upon information and belief, Steven J. Calderon sold the Vehicle and transferred the NY Title to Gauge.

24.     Upon information and belief, in or around early 2025 and pursuant to an established and ongoing business relationship with FPC, Gauge initiated, negotiated, and contracted the Vehicle's sale in Palm Beach County, Florida to FPC, and transferred the NY Title to FPC. A true and accurate copy of the invoice and wholesale buyers order are attached hereto as **Exhibit "F"**.

25.     The Vehicle was ultimately delivered to FPC.

26.     On or around April 16, 2025, BMW FS verbally noticed FPC of Plaintiff's interest in the Vehicle. Specifically, BMW FS apprised FPC that Plaintiff was and remains the lawful and record titleholder of the Vehicle; that Plaintiff holds a valid, perfected lien on the Vehicle; and that the Vehicle was fraudulently retitled. *See* Ex. C.

27.     On or around April 23, 2025, BMW FS reduced its previous verbal notice to writing ("Demand Letter") and delivered same to FPC. A true and accurate copy of the Demand Letter is attached hereto as **Exhibit "G"**.

28.     Upon information and belief, FLHSMV confirmed to FPC that the Fraudulent Title was indeed illegitimate and forged. A true and accurate copy of FLHSMV's correspondence with FPC confirming the illegitimate nature of the Fraudulent Title is attached hereto as **Exhibit "H"**.

29.     Thereby, any subsequent Certificate of title or interest stemming from the Fraudulent Title, including the NY Title, is invalid and void as a matter of law.

30.     On June 23, 2025, FPC brought an action styled JR AUTOMOTIVE, INC. d/b/a FLORIDA PERFORMANCE CARS, LLC v. GAUGE AUTMOTIVE, INC., Case No. 50-2025-CA-006161-XXXA-MB, against Gauge for damages in connection with the Vehicle's sale. A true and accurate copy of FPC's Complaint is attached hereto as **Exhibit "I"**.

31.     On or around June 27, 2025, BMW FS received notice that, despite its position that it had good title to the Vehicle, Gauge offered to "unwind" the Vehicle's sale to FPC.

32.     On July 3, 2025, in an effort to notice Gauge and FPC of its interest in and to recover possession of the Vehicle, BMW FS moved to intervene for replevin in FPC's action against Gauge (the "Motion to Intervene"). A true and accurate copy of BMW FS's Motion to Intervene is attached hereto as **Exhibit "J"**.

33.     BMW FS's Motion to Intervene was successfully served on FPC on July 3, 2025, via the Florida E-Portal and/or Electronic Mail.

34.     BMW FS's Motion to Intervene was successfully served on Gauge on July 21, 2025. A true and accurate copy of BMW FS's Affidavit of Service is attached hereto as **Exhibit "K"**.

35.     Subsequently, on July 21, 2025, FPC filed a notice of voluntary dismissal without prejudice. A true and accurate copy of FPC's Notice of Voluntary Dismissal Without Prejudice is attached hereto as **Exhibit "L"**.

36.     Upon information and belief, FPC voluntarily dismissed its action because Gauge offered to "unwind" the Vehicle sale and to indemnify FPC against any future claims; and so that FPC could extricate itself from any disputes related to the Vehicle.

37.     Upon information and belief, Gauge's intention was to re-sell the Vehicle after unwinding its transaction with FPC.

38.     On or about July 25, 2025, BMW FS again noticed Gauge of its interest in the Vehicle, in an effort to prevent a sale to an unwitting third-party purchaser (the "Gauge Demand Letter"). A true and accurate copy of the Gauge Demand Letter is attached hereto as **Exhibit "M"**.

39.     The Gauge Demand Letter was successfully delivered to Gauge on July 28, 2025, via Federal Express Mail. A true and accurate copy of the Federal Express Mail tracking information is attached hereto as **Exhibit "N"**.

40.     To date, BMW FS has not been able to establish a line of communication with Gauge despite multiple good-faith attempts.

## COUNT I – DECLARATORY RELIEF
### (As against all Defendants)

41.     Plaintiff repeats and realleges each allegation in Paragraphs "1" through "40", as if the same were set forth fully herein.

42.     Specifically, Plaintiff alleges:

a. There exists a bona fide dispute with respect to the ownership interests asserted by various parties with respect to the Vehicle and the conduct of defendants in taking actions inconsistent with Plaintiff's rights of ownership and possession;

b. There exists a justiciable question because the defendants' conduct is in violation of Plaintiff's interest and subsequent demands, despite Plaintiff's status as the Vehicle's owner and lienholder;

7

c. There exists uncertainty regarding Plaintiff's status as the Vehicle's owner and lienholder, apropos the NY Title, i.e., despite the fraudulent procurement of the NY Title through furnishing of the Fraudulent Title, the defendants feel enabled to act in ways that challenge Plaintiff's status as the Vehicle's owner and lienholder; and

d. There exists a practical need for a declaration in this respect because pending a declaration that it has the right to exercise control over the Vehicle, Plaintiff has been and will continue to be economically harmed because it is unable to sell or otherwise dispose of the Vehicle.

**WHEREFORE,** Plaintiff seeks a declaration that:

e. The Fraudulent Title is invalid and void as a matter of law;

f. The NY Title is invalid and void as a matter of law;

g. Plaintiff is the Vehicle's rightful owner and lienholder; and

h. For such other and further relief that this Court deems just and proper.

### <u>COUNT II – REPLEVIN</u>
### <u>(As against Gauge)</u>

43.   Plaintiff repeats and realleges each allegation in Paragraphs "1" through "40", as if the same were set forth fully herein.

44.   Plaintiff's interest in the Vehicle was first perfected.

45.   Plaintiff has an immediate right to possess the Vehicle by reason of its possessory interest.

46.   Plaintiff's right to possession of the Vehicle is superior because it holds the Vehicle's only valid certificate of title.

**WHEREFORE**, Plaintiff demands judgment for Gauge to immediately turn over the Vehicle's possession to Plaintiff, to the extent necessary and for such other and further relief that this Court deems just and proper.

### COUNT III – CONVERSION
### (As against FPC and Gauge)

47.    Plaintiff repeats and realleges each allegation in Paragraphs "1" through "40", as if the same were set forth fully herein.

48.    FPC "unwound" its transaction with and transferred possession of the Vehicle to Gauge despite timely and abundant notice by BMW FS of the fraudulent title scheme, thereby violating BMW FS's rights and causing it economic harm.

49.    Gauge has maintained possession over the Vehicle despite repeated notices from multiple parties of the fraudulent title scheme, i.e., that Gauge did not and does not have valid title.

50.    Upon information and belief, Gauge is soliciting new purchasers for the Vehicle, despite said notices.

51.    As a direct and proximate result of FPC's and Gauge's conduct, Plaintiff has been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment in its favor for compensatory and consequential damages, pre and post judgment interest, and such other and further relief as this Court deems just and proper.

### COUNT IV – UNJUST ENRICHMENT
### (As against FPC and Gauge)

52.    Plaintiff repeats and realleges Paragraphs "1" through "40", as if the same were set forth fully herein.

53.    Plaintiff pleads this Count in the alternative to Count III.

54.     FPC and Gauge were fully aware, through pre- and post-litigation notices, that Plaintiff was and continues to be the Vehicle's legal owner and titleholder.

55.     Despite their knowledge, FPC and Gauge proceeded to "unwind" their transaction and transfer possession of the Vehicle, presumably to disrupt Plaintiff's efforts to locate the Vehicle.

56.     Given that Plaintiff is the Vehicle's legal owner and titleholder, i.e., that neither FPC nor Gauge has valid title to the Vehicle, it would be inequitable for FPC and/or Gauge to continue profiting from their possession over and transactions in connection with the Vehicle.

**WHEREFORE**, Plaintiff demands judgment in its favor for damages and such other and further relief as this Court deems just and proper.

<u>**COUNT V – BREACH OF CONTRACT**</u>
<u>**(As against Blackfire and Davis)**</u>

57.     Plaintiff repeats and realleges each allegation in Paragraphs "1" through "40", as if the same were set forth fully herein.

58.     Upon information and belief, Blackfire and Davis directly or indirectly caused the Vehicle's transfer to Manuel Calderon and/or Steven J. Calderon, without RRMC FS's approval.

59.     By the above action, Blackfire and Davis breached the Lease Agreement.

60.     Plaintiff has duly performed all of its obligations under the Lease Agreement.

61.     As a result of Blackfire's and Davis' breach of the Lease Agreement, Plaintiff has been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment in its favor for compensatory and consequential damages, pre and post judgment interest, and such other and further relief as this Court deems just and proper.

## COUNT VI – TRESPASS OF CHATTELS
### (As against FPC, Gauge, Blackfire, and Davis)

62.    Plaintiff repeats and realleges each allegation in paragraphs "1" through "40", as if the same were set forth fully herein.

63.    Upon information and belief, FPC, Gauge, Blackfire, and Davis knowingly and intentionally caused physical interference and/or dispossession with the use and enjoyment of Plaintiff's property.

64.    Upon information and belief, FPC, Gauge, Blackfire, and Davis, without justification or consent, caused physical interference and/or dispossession with the use of Plaintiff's property.

65.    Upon information and belief, FPC, Gauge, Blackfire, and Davis knew that such physical interference and dispossession would result in harm to Plaintiff.

66.    As a result, Plaintiff has been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment in its favor for compensatory and consequential damages, pre and post judgment interest, and such other and further relief as this Court deems just and proper.

## PETITION FOR TITLE REINSTATEMENT

67.    Plaintiff repeats and realleges each allegation in Paragraphs "1" through "40", as if the same were set forth fully herein.

68.    Plaintiff has established its status as the Vehicle's legal owner and titleholder.

69.    FLHSMV wrongfully cancelled Plaintiff's otherwise valid Certificate of Title when the NY DMV issued the NY Title based on the forged Fraudulent Title.

70.    By virtue of the above scheme and through no fault of its own, Plaintiff was deprived of its Vehicle ownership.

71.     Accordingly, any certificates of title procured as a product of the Fraudulent Title are void as a matter of law.

**WHEREFORE**, Plaintiff seeks an order directing FLHSMV to reinstate its valid Certificate of Title, and declaring all other certificates of title to be void and for such other and further relief that this Court deems just and proper.

DATED: August 8, 2025

> *BIEDERMANN HOENIG SEMPREVIVO,*
> *A Professional Association*
>
> *By: /s/ Suzanne Valles* _____
>      Suzanne M. Valles
>
> 601 Brickell Key Drive, Suite 700
> Miami, Florida 33131
> (646) 218-7560 Ext. 541 - Telephone
> (646) 218-7510 - Facsimile
> E-mail: suzanne.valles@lawbhs.com
> *Attorneys for Plaintiff*

Exhibit A

# Rolls-Royce Motor Cars Financial Services
## Motor Vehicle Lease Agreement (Closed End) of Florida

DEAL# 3308983
STOCK# RU216487
CUST# 3308983

### 1. PARTIES

| Lessor (Center) Name and Address | Lessee and Co-Lessee Name and Address | Vehicle Garaging Address (if Different) |
|---|---|---|
| BRAMAN MOTORS, INC. <br> 2060 BISCAYNE BLVD <br> MIAMI FL 33137 | BLACKKFIRE TRANSPORT LLC <br> 2020 NE 163RD STREET STE 106 <br> NORTH MIAMI BEACH FL 33162 | N/A <br><br> Billing Address (if Different) <br> N/A |

**2. Agreement to Lease.** This Motor Vehicle Lease Agreement ("Lease") is entered into between the lessee and co-lessee ("Lessee") and the lessor ("Lessor") named above. Unless otherwise specified, "I," "me" and "my" refer to the Lessee and "you" and "your" refer to the Lessor or Lessor's assignee. "Vehicle" refers to the leased vehicle described below. "Assignee" refers to Rolls-Royce Motor Cars Financial Services, a division of BMW Financial Services NA, LLC ("RRMC FS") or, if this box is checked ☐ to Financial Services Vehicle Trust. RRMC FS will administer this Lease on behalf of itself or any assignee. The consumer lease disclosures contained in this Lease are made on behalf of Lessor and its successors or assignees.

**3. Date of Lease, Lease Term and Scheduled Maturity Date.** This Lease is entered into on __12/28/2022__ for the scheduled Lease Term of __48__ months with a Scheduled Maturity Date of __12/27/2026__.

### 4. VEHICLE DESCRIPTIONS

| A. Leased Vehicle | Model Year | Make & Model | VIN | Odometer | Primary Use for Vehicle Purchase: |
|---|---|---|---|---|---|
| ☒ New <br> ☐ Demo <br> ☐ Used | 2023 | ROLLS ROYCE CULLINAN | SLATV8C0XPU216487 | 30 | Personal, Family or Household Use, except as otherwise indicated below: <br> ☒ Business/Commercial ☐ Agricultural |

| B. Trade-In | Model Year | Make | Model | Agreed Upon Value | Prior Credit or Lease Balance | Net Trade-In Value |
|---|---|---|---|---|---|---|
| | | | | N/A | N/A | N/A |

### 5. AMOUNT DUE AT LEASE SIGNING OR DELIVERY (Itemized in Section 9)

$ __209337.45__

### 6. MONTHLY PAYMENTS

My first monthly payment of $ __4000.00__ is due on __12/28/22__ followed by __47__ payments of $ __4000.00__ due on the __27th__ day of each month. The total of my monthly payments is $ __192000.00__.

### 7. OTHER CHARGES (Not part of my Monthly Payments)

A. Disposition Fee (if I do not purchase the Vehicle)  $ __795.00__

B. N/A  $ __N/A__

TOTAL  $ __795.00__

### 8. TOTAL OF PAYMENTS (The amount I will have paid by the end of the Lease Term)

$ __398132.45__

### 9. AMOUNT DUE AT LEASE SIGNING OR DELIVERY

**A. Amount Due at Lease Signing or Delivery**

| | |
|---|---|
| 1. Capitalized Cost Reduction | $ 193033.69 |
| 2. First Monthly Payment | $ 4000.00 |
| 3. Refundable Security Deposit | $ N/A |
| 4. Initial Title Fees | $ N/A |
| 5. Initial Registration Fees | $ N/A |
| 6. Initial License Fees | $ 250.00 |
| 7. Sales/Use Tax | $ 333.24 |
| 8. Acquisition Fee | $ N/A |
| 9. Sales Tax on Capitalized Cost Reduction | $ 11632.02 |
| 10. RENTAL SURCHARGE | $ 60.00 |
| 11. PRIVATE TAG AGENCY ** | $ 20.00 |
| 12. TIRE FEE | $ 5.00 |
| 13. MVWEA $2.00 BATTERY FEE $1.50 | $ 3.50 |
| TOTAL | $ 209337.45 |

**B. How the Amount Due at Lease Signing or Delivery Will Be Paid**

| | |
|---|---|
| 1. Net Trade-In Allowance | $ N/A |
| 2. Rebates and Noncash Credits | $ N/A |
| 3. Amount to be Paid in Cash | $ 209337.45 |
| TOTAL | $ 209337.45 |

*Charge represents costs/profit to dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing lease documents.

### 10. MY MONTHLY PAYMENT IS DETERMINED AS SHOWN BELOW

**A. Gross Capitalized Cost.** The agreed upon value of the Vehicle ($ __489694.00__) and any items I pay for over the Lease Term (such as taxes, fees, service contracts, insurance, and any outstanding prior credit or lease balance) (See Section 13 for an itemization of this amount).  $ __492036.00__

**B. Capitalized Cost Reduction.** The amount of any net trade-in allowance, rebate, noncash credit, or cash I pay that reduces the Gross Capitalized Cost.  − $ __193033.69__

**C. Adjusted Capitalized Cost.** The amount used in calculating my Base Monthly Payment.  = $ __299002.31__

**D. Residual Value.** The value of the Vehicle at the end of the Lease used in calculating my Base Monthly Payment.  − $ __207000.00__

**E. Depreciation and any Amortized Amounts.** The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease Term.  = $ __92002.31__

**F. Rent Charge.** The amount charged in addition to the Depreciation and any Amortized Amounts.  + $ __87437.05__

**G. Total of Base Monthly Payments.** The Depreciation and any Amortized Amounts plus the Rent Charge.  = $ __179439.36__

**H. Lease Payments.** The number of payments in my Lease.  + __48__

**I. Base Monthly Payment.**  = $ __3738.32__

**J. Monthly Sales/Use Tax.**  + $ __261.68__

**K. N/A**  + $ __N/A__

**L. Total Monthly Payment.**  = $ __4000.00__

**EarlyTermination.** I may have to pay a substantial charge if I end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier I end the Lease, the greater this charge is likely to be.

**11. Excessive Wear and Use.** I may be charged for excessive wear based on your standards for normal use and for mileage in excess of total miles over the scheduled Lease Term of __30000__ miles, at the rate of $ __2.50__ per mile.

**12. Purchase Option at End of Lease Term.** I have an option to purchase the Vehicle ("as is") at the Scheduled Termination of the Lease for its Residual Value of $ __207000.00__. The purchase option price does not include: (i) official fees, such as those for taxes, title, registration and license/tags, and (ii) a Purchase Option Fee of $ ____. See Section 27 for more information.

**Other Important Terms.** See all pages of this Lease for additional information on early termination, purchase options, and maintenance responsibilities, warranties, default charges, insurance, and any security interest, if applicable.

12/30/2022  07:58 pm

## 13. ITEMIZATION OF GROSS CAPITALIZED COST

| | | | | | |
|---|---|---|---|---|---|
| A. | Agreed Upon Value of Vehicle | $ 489694.00 | K. | Acquisition Fee | $ 995.00 |
| B. | Initial Title, License & Registration Fees | $ N/A | L. | Other ELECTRONIC FILING SYSTEM FEE ** | $ 349.00 |
| C. | Sales/Use Tax | $ N/A | M. | Other N/A | $ N/A |
| D. | Federal Luxury Tax | $ N/A | N. | Other N/A | $ N/A |
| E. | Sales Tax on Capitalized Cost Reduction | $ N/A | O. | Other N/A | $ N/A |
| F. | Maintenance Agreement | $ N/A | P. | Other | $ |
| G. | Mechanical Breakdown Protection | $ N/A | | | |
| H. | Extended Warranty | $ N/A | | TOTAL | $ 492036.00 |
| I. | Prior Credit or Lease Balance | $ N/A | | | |
| J. | Pre-Delivery Service Charge** | $ 998.00 | | | |

** This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the lease.

## 14. ESTIMATED OFFICIAL FEES AND TAXES

$ 25594.40    This is an estimate of the total amount I agree to pay for official and license fees, registration, title and taxes (including personal property taxes) over the Lease Term, whether included in my Monthly Payment, Amount Due at Lease Signing or Delivery, or separately billed. The actual total of Official Fees and Taxes may be higher or lower, depending on the tax rates in effect or the value of the Vehicle at the time a fee or tax is assessed. This estimate is based on my Garaging Address and may increase if I move or if tax rates change. For some of these items, you may invoice me after the taxing authority has billed you, sometimes after the lease terminates.

## 15. OPTIONAL PRODUCTS AND SERVICES

I am not required to buy any of the optional products and services listed below. These products and/or services will not be provided unless I check the appropriate box, fill in all necessary information, initial below and I am accepted by the Provider. Because these products and or services are not provided by the Lessor, I understand that I must pursue all related matters, including refunds, through the listed Provider. By initialing below, I agree that I have received and read a notice of the terms of the product or service and I want to obtain the product or service for the charge shown. A portion of the charge may be retained by Lessor (Center).

| ☐ Maintenance Agreement | N/A | N/A | $ N/A | N/A |
|---|---|---|---|---|
| | Provider | Term (Months) | Charge | Lessee/Co-Lessee Initials |
| ☐ Mechanical Breakdown Protection | N/A | N/A | $ N/A | N/A |
| | Provider | Term (Months) | Charge | Lessee/Co-Lessee Initials |
| ☐ N/A | N/A | N/A | $ N/A | N/A |
| | Provider | Term (Months) | Charge | Lessee/Co-Lessee Initials |

**Mileage Allowance/Refund.**
30,000   I agree to this Mileage Allowance for the term of this Lease. My Monthly Payment and Residual Value for this Lease have been calculated, in part, by using this Mileage Allowance.
Enter Mileage
☐ If this box is checked, I have elected a high Mileage Allowance. I may receive a refund of $_____ per unused mile for the unused miles between _____ miles and _____ miles, unless (a) the Vehicle is considered a total loss under my insurance coverage due to damage, theft or destruction, (b) I default, (c) I terminate this Lease early, (d) I purchase the Vehicle, or (e) the refund is less than $1. Any refund will be reduced by any amount I owe under this Lease at the Scheduled Termination.

## 16. WARRANTIES

The Vehicle is subject to the following express warranties. If the Vehicle is new, the Vehicle is subject to the standard manufacturer's new vehicle warranty. The Vehicle is also covered by the following, if checked:
☐ Remainder of the standard manufacturer's new vehicle warranty if the Vehicle is not a new vehicle.
☐ N/A

**UNLESS A LESSOR'S WARRANTY IS DISCLOSED ABOVE, LESSOR, TO THE EXTENT PERMITTED BY LAW, (1) MAKES NO WARRANTIES OR REPRESENTATIONS, EITHER EXPRESSED OR IMPLIED, AS TO THE VEHICLE OR ANY OF ITS PARTS OR ACCESSORIES AND (2) MAKES NO WARRANTY OF MERCHANTABILITY OR FITNESS OF THE VEHICLE FOR ANY PARTICULAR PURPOSE. I ACKNOWLEDGE THAT I AM LEASING THE VEHICLE FROM THE LESSOR "AS IS."**

## 17. INSURANCE DISCLOSURE AND VERIFICATION

The valid and collectible liability insurance and personal injury protection of any authorized rental or leasing driver is primary for the limits of liability and personal injury protection required by §§ 324.021(7) and 627.736, Florida Statutes.

I agree to maintain the insurance coverage described in Section 20. I affirm that such insurance is in force on the date of this Lease. I authorize Lessor and its assignees to speak to my insurance agent or company, and any future insurance agents or companies, about my coverage for the leased Vehicle.

| STATEFARM | 596557G99/09785 | |
|---|---|---|
| Insurance Company | Policy No. | Coverage Verified (Center Employee's Initials) |
| STATEFARM | | 877-627-5757 |
| Agent Name | Address | Phone No. |

90094*1*BRAM-FI

12/30/2022  07:58 pm

MOTOR VEHICLE CLOSED END LEASE

**18. Vehicle Use.** I agree not to use (or permit others to use) the Vehicle: (a) in any way that violates the law or the terms of my insurance policy or this Lease; (b) to transport goods or people for hire, lease or rental to others; (c) outside the state where it was first titled for more than 30 days without your prior written consent; or (d) outside the United States, except for less than 30 days in Canada. I will not allow an uninsured person to operate the Vehicle at any time, or allow any third party, other than my spouse, to operate the Vehicle without written permission from you. I will not physically change the Vehicle's body or interior in any way unless I first get your written consent.

**19. Vehicle Maintenance, Service, Repairs, and Reconditioning.** I agree to maintain, service, repair, and recondition the Vehicle during the Lease Term with new and genuine manufacturer's original equipment replacement parts as recommended in the Vehicle owner's manual. I will keep complete maintenance records and return them with the Vehicle.

I am responsible for repairs of all collision, accident, and other physical damage that is not a result of normal wear and use. These repairs include, but are not limited to, those necessary to return the Vehicle to its pre-damage condition, including, but not limited to, repairing damage to exterior panels and components, structural components, vehicle safety systems such as airbag systems and seatbelts, and the Vehicle's interior. All repairs must be made with new and genuine manufacturer's original equipment replacement parts. I will discuss these requirements with my insurance company prior to signing my insurance agreement, damage repair estimate, or before authorizing any damage repair work. If I have not had the repairs made before the Vehicle is returned at or before the end of the scheduled Lease Term, I will pay the estimated cost of such repairs to restore the Vehicle to its pre-damage condition, even if the repairs are made after the Vehicle is returned.

If the Vehicle's odometer becomes inoperative or malfunctions, I agree to notify you and have the odometer repaired within 30 days. I agree not to make any alterations that decrease the Vehicle's value or usefulness or that violate the law. If I add non-standard equipment to the Vehicle, I will return it to original manufacturer specifications before the end of the Lease Term. If the non-standard equipment cannot be removed or modified without decreasing the Vehicle's value or usefulness when the Vehicle is returned to you, the equipment will become your property, and I may be billed in accordance with Section 32 below. You may inspect the Vehicle at any reasonable time.

**NO PHYSICAL DAMAGE OR LIABILITY INSURANCE COVERAGE FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS IS INCLUDED IN THIS LEASE.**

**20. Required Insurance.** During the term of this Lease and until I return the Vehicle, I agree to insure the Vehicle through liability policies acceptable to you. The liability insurance must (a) cover at least $50,000 for property damage, $100,000 for bodily injuries to any one person, and $300,000 for bodily injuries for any one accident, or (b) have a combined single limit of at least $500,000 for bodily injuries and property damage for any one accident. I also agree to maintain (a) comprehensive liability, including fire and theft, for the Vehicle's actual value (payable in cash and not by a replacement vehicle) with a maximum deductible of $5,000, and (b) collision liability for the Vehicle's actual value (payable in cash and not by a replacement vehicle) with a maximum deductible of $5,000. The policies will name you as an additional insured and loss payee. I will provide you with at least 30 days advance notice of cancellation. You have the right to endorse my name on any insurance check or settlement you receive. You also have the right to speak to my insurance company about my insurance coverage.

Except to the extent required by the motor vehicle financial responsibility laws of the applicable state or otherwise by law, I acknowledge that you do not extend any of your motor vehicle financial responsibility or provide insurance coverage to me, any authorized additional driver(s), passengers or third parties through this Lease. If valid automobile liability insurance or self insurance is available on any basis for me, additional authorized driver(s) or any other driver and such insurance or self insurance satisfies the applicable state motor vehicle financial responsibility law, then you extend none of your motor vehicle financial responsibility. However, if I and any additional authorized driver(s) are in compliance with the terms and conditions of this Lease and if you are obligated to extend your motor vehicle financial responsibility to me, any additional authorized driver(s) or third parties, then your obligation is limited to the applicable state minimum financial responsibility amounts. Unless required by law, your financial responsibility shall not extend to any claim made by passenger while riding in or on or getting in or out of Vehicle. Your financial responsibility shall not extend to liability imposed or assumed by anyone under any worker's compensation act, plan or contract.

Except as required by law, you do not provide Personal Injury Protection, No Fault Benefits or Medical Payment Coverage (PIP) or Uninsured/Underinsured Motorist Protection (UM/UIM) through this Lease. If you are required by law to provide PIP and/or UM/UIM, I expressly select such protection in the minimum limits with maximum deductible and expressly waive and reject PIP or UM/UIM limits in excess of the minimum limits required by law.

**21. Registration, Titling, and Taxes.** I agree to pay registration, title, license, inspection fees and other official fees and taxes in connection with the Vehicle when due. You may, at your discretion, pay these fees or taxes to protect your interest in the Vehicle. If you pay such fees or taxes on my behalf, I agree to reimburse you when I am billed. If I fail to reimburse you within 60 days after I am billed, then I will pay you a monthly late charge, until the unpaid balance of the fees and taxes has been paid in full. The amount of each such late charge will not exceed 1.5% of the outstanding unpaid balance of the fees and taxes then due, or the maximum amount permitted by law, whichever is less. The remedies described in this Section 21 are in addition to any remedies you may have pursuant to Section 23.

If I move to another location during the Lease Term or it becomes necessary for you to correct any title or registration deficiencies, or to perfect your interest in the Vehicle, whether as a result of my failure to cooperate or other action or inaction on my part, I agree to pay you a $30 service charge in addition to the actual fees or taxes, unless prohibited by law, to process registration, title and license documents.

**22. Payments, Late Charge, Returned Payment Charge, Fines, and Traffic Tickets.** If you do not receive my total Monthly Payment within 10 days after it is due, I agree to pay a late charge of $30 or 5% of the amount of the payment that is late, whichever is greater, but not to exceed any limit under applicable law. If any payment is returned to you unpaid for any reason, or if any electronic debit authorization is not paid, I agree to pay you a $25 service charge per item when I am billed.

If you receive notice of any third-party charges related to the Vehicle (including but not limited to fines, traffic tickets, parking tickets, toll violations, towing fees, storage fees, or repair bills), I will pay you a $30 service charge per item whether or not you pay such third-party charges. You may, at your discretion, pay these charges to protect your interest in the Vehicle. If you pay such charges on my behalf, I agree to reimburse you when I am billed. If I fail to reimburse you within 60 days after I am billed, then I will pay you a monthly late charge, until the unpaid balance of such third-party charges has been paid in full. The amount of each such late charge will not exceed 1.5% of the outstanding unpaid balance of the fees and taxes then due, or the maximum amount permitted by law, whichever is less. I further agree to pay you any and all costs you incur associated with my failure to pay such fines, charges or traffic tickets, including legal costs and reasonable attorneys' fees as allowed by applicable law. The remedies described in this Section 22 are in addition to any remedies you may have pursuant to Section 23.

**23. Default and Remedies.** I will be in default under this Lease if:
 (a) I fail to make a Monthly Payment when due;
 (b) I fail to maintain the required insurance;
 (c) I fail to return the Vehicle at the end of the Lease term;
 (d) I fail to keep any of my promises under this Lease;
 (e) I abandon the Vehicle;
 (f) I or a guarantor become(s) insolvent or die(s); or
 (g) Any information in my credit application or a guarantor's credit application is false or misleading; or
 (h) the Vehicle is subject to or threatened by seizure, confiscation, levy, or other involuntary transfer by governmental administrative or legal process.

If I am in default, you may do any or all of the following:
 (i) Terminate this Lease and my rights to possess and use the Vehicle;
 (ii) Take possession of the Vehicle by any method permitted by law;
 (iii) Pursue any other remedy permitted by law;
 (iv) Dispose of any personal or other property in the Vehicle at the time of repossession if I do not reclaim it within 10 days;
 (v) Require that I pay the sum of: (1) any past due Monthly Payments; plus (2) any official fees and taxes assessed or billed in connection with this Lease and the Vehicle and any other amounts needed to satisfy my obligations under this Lease except Excess Wear and Use and Excess Mileage charges; plus (3) the amount by which the Adjusted Lease Balance (explained in Section 30) exceeds the Realized Value of the Vehicle (Section 31); plus (4) all of your expenses for taking these actions, including, but not limited to expenses for repossession, transportation, storage, and/or sale of the Vehicle; plus (5) all fees and costs of collections, including reasonable attorneys' fees, court costs, interest, and other related expenses for all losses you incur in connection with my default of this Lease. Furthermore, if I do not pay these amounts when you ask, you may charge me interest at a rate not exceeding the highest lawful rate until I pay; and
 (vi) If the vehicle has an electronic tracking device, I agree that you may use the device to find the vehicle.

**24. Vehicle Loss or Damage.** I agree to immediately notify you if the Vehicle is damaged or destroyed in an accident, stolen, abandoned, or taken by a police or other governmental agency. In that event, you reserve the right to terminate

this Lease and my liability will either be: (a) calculated under Section 25 below, if I am in compliance with my insurance obligations; or (b) calculated under Section 23 above, if I am not in compliance with my insurance obligations. If the Vehicle is stolen or destroyed, another vehicle may be substituted in its place only if you agree to the substitution. You have no obligation to provide a substitution vehicle. If the Vehicle is damaged and you do not terminate this Lease because the Vehicle is reasonably repairable, I agree to make the repairs in accordance with Section 19 above at my expense.

**25. "Gap Amount" Waiver.** If I am in compliance with my insurance obligations under this Lease and the Vehicle is damaged, stolen or destroyed and considered a total loss under my insurance coverage, I will not be obligated to pay you the gap amount (the difference between the Adjusted Lease Balance and the actual cash value of the Vehicle as of the date of loss) if the claim for total loss is actually paid to you by my insurance company. However, I will be obligated to pay you: (1) any and all amounts due and owing needed to satisfy my obligations under this Lease (including past due Monthly Payments and any official fees and taxes assessed or billed in connection with this Lease and the Vehicle); plus (2) any amounts (including Monthly Payments) that become due pending receipt of the insurance proceeds, plus (3) the deductible amount under my insurance policy, plus (4) any amounts deducted from the actual cash value of the Vehicle by the insurance carrier. If as a condition of the insurance policy I have a physical damage insurance policy that complies with the insurance requirements set forth in this Lease, no gap amount waiver applies and the amount of my liability will be determined as set forth in Section 23.

**26. Power of Attorney.** I appoint you, to the extent permitted by law, through your officer or employee, as my attorney-in-fact. My grant of this power of attorney is coupled with an interest, and is irrevocable until all obligations I owe under this Lease are paid in full. As my attorney-in-fact, you can sign on my behalf all Certificates of Ownership, Registration Cards, applications, affidavits, or any other documents required to register and properly perfect your interest in the Vehicle; transfer my entire interest in the Vehicle as part of a repossession and sale; act on my behalf in insurance matters relating to the Vehicle, including, but not limited to, the power to endorse insurance proceeds checks or drafts on my behalf; and cancel any Credit Life, Credit Disability, GAP Coverage, Extended Warranty, or other optional insurance financed under this Lease, and apply the refunded premium or cost to my outstanding balance if I am in default. Should an original power of attorney be necessary to accomplish any of the preceding, I agree to execute a separate identical power of attorney document and provide you with same.

**27. Purchase Option.** I have an option to purchase the Vehicle AS-IS, WHERE-IS. If I want to buy the Vehicle, I will notify you in advance and agree to complete any documents you require for the purchase. I also agree to re-register and re-title the Vehicle at my own expense in my name at the time I purchase it. If I fail to do so, you reserve the right to cancel the registration. At the Scheduled Termination of the Lease, the purchase price will be the Residual Value (Section 10.D). Prior to the end of the Lease Term, the purchase price will be the Adjusted Lease Balance (Section 30). In either case, I agree to also pay the following which are not included in the purchase price: (i) any other amounts due or outstanding under the Lease at the time of purchase such as any official fees, unpaid Monthly Payments or late charges, (ii) official fees, such as those for taxes, title, registration and license/tags, and (iii) a Purchase Option Fee as described in Section 12.

**28. Vehicle Return.** If I do not purchase the Vehicle, I agree to return it to the place you specify with all parts and accessories and in good working order. Upon return, I agree to complete and sign an odometer disclosure statement and a vehicle inspection report, which may be used in determining any excess wear and use and/or excess mileage. If I do not return the Vehicle at the end of my Lease Term, I am in default and will continue to pay an amount equal to the Monthly Payment for each month until the time that I return the Vehicle. Payment of this amount does not give me the right to keep the Vehicle nor does it automatically extend this Lease.

**29. Scheduled Termination of the Lease.** Unless I terminate my Lease early or purchase the Vehicle, my Lease will terminate on the Scheduled Maturity Date, at which time, I agree to pay you: (a) the Disposition Fee, (Section 7.A) plus (b) any unpaid Monthly Payments then due and other amounts needed to satisfy my obligations under this Lease, plus (c) any Excess Mileage and Excess Wear and Use charges (Section 11), plus (d) any official fees or taxes assessed or billed in connection with this Lease.

**30. Early Termination of the Lease.** I may terminate this Lease at any time by purchasing the Vehicle (Section 27) or by returning the Vehicle to a location selected by you, if I am in full compliance with the Lease and satisfy all of my Early Termination obligations. If I do not purchase the Vehicle, I may choose one of the following options to determine my Early Termination liability:

**Option A.** I agree to pay the sum of : (1) all remaining Monthly Payments; plus (2) any past due Monthly Payments; plus (3) any official fees and taxes assessed or billed in connection with this Lease and the Vehicle and any other amounts needed to satisfy my obligations under this Lease; plus (4) any Excess Wear and Use and Mileage Charges; plus (5) the Disposition Fee (Section 7.A).

**Option B.** I agree to pay the sum of: (1) any past due Monthly Payments; plus (2) any official fees and taxes assessed or billed in connection with this Lease and the Vehicle and any other amounts needed to satisfy my obligations under this Lease except Excess Wear and Use and Excess Mileage charges; plus (3) the Disposition Fee (Section 7.A); plus (4) the amount by which the Adjusted Lease Balance (explained below) exceeds the Realized Value of the Vehicle (Section 31). However, should my Early Termination Liability calculated under this Option exceed what I would have owed had I selected Option A, you will waive the difference and my liability will be capped at Option A.

Under either option, you may apply some or all of my Security Deposit to what I owe and I will remain liable for personal property taxes that may be assessed and/or billed after the Lease terminates.

The "Adjusted Lease Balance" is determined at any given time by subtracting the scheduled Base Monthly Payments earned through the early termination date from the Adjusted Capitalized Cost and adding to the difference the cumulative Rent Charge received through the early termination date. The Rent Charge is calculated according to the "constant yield method". Under the constant yield method, each month's rent charge is earned in advance by multiplying the constant rate implicit in the Lease times the Adjusted Lease Balance. The Rent Charge calculations are based on the assumption that Lessor will receive the Monthly Payments on the exact due dates and that the Lease goes to its full term.

**31. Realized Value of the Vehicle.** For the purpose of calculating my Early Termination liability (Section 30), the Realized Value of the Vehicle is (a) the price you receive for the Vehicle upon disposition in a commercially reasonable manner or (b) a price agreed to by you and me in a separate writing. If the Vehicle is a total loss as set forth in Section 24 above, the amount of any deductible and the proceeds of the settlement of the insurance claim you receive are the "Realized Value." The Realized Value may also be determined by an appraisal of the wholesale value of the Vehicle, which I may obtain, at my own expense from a professional, independent appraiser agreeable to both of us. If I obtain such an appraisal within 10 days after the Vehicle is returned to you, the appraisal will be the final and binding Realized Value.

**32. Excessive Wear and Use.** I agree to pay you the costs of all repairs to the Vehicle that are not the result of normal wear and use, whether or not you actually repair the Vehicle. Excessive wear and use includes, but is not limited to:
(a) inoperative electrical or mechanical parts;
(b) dented, scratched, chipped, rusted, pitted, broken or mismatched body parts, paint, vehicle identification items, trim or grill work;
(c) non-functioning, scratched, cracked, pitted or broken glass or lights;
(d) missing equipment, parts, accessories or adornments;
(e) torn, damaged, burned, or stained interior;
(f) repair of any damage that makes the Vehicle unlawful or unsafe to drive;
(g) damage due to installation or removal of non-manufacturer, aftermarket or replacement parts;
(h) damage (including damage to the engine) due to failure to maintain the Vehicle in accordance with Section 19; or
(i) tires with tread depth of less than 1/8" remaining at the shallowest point, and/or tires that are not all of the same grade, quantity or quality as those delivered with the Vehicle.

If I fail to pay any excess wear and use, excess mileage or other lease end charges within thirty days of the due date indicated on my end of lease bill, I will pay you interest on the unpaid balance of these charges at the rate of 18 percent per annum, if permitted by law, or the maximum rate permitted, until paid in full.

I agree to pay state and local taxes that may be due on amounts owed for lease end charges, including but not limited to excess wear and use and excess mileage fees.

**33. Indemnification.** I agree to indemnify, defend and hold you harmless from all claims, liabilities, suits, losses, damages and expenses (including attorney's fees and court costs) arising out of the condition, maintenance, use, ownership or operation of the Vehicle, including claims made under the strict liability doctrine.

**34. Refundable Security Deposit.** You may use some or all of my Security Deposit to pay any amount I owe under this Lease at the end of my Lease Term or upon early termination of the Lease. I will not earn any interest on my Security Deposit. After I have paid all my obligations under this Lease, you will refund to me any part of my Security Deposit that is not used to pay what I owe you.

**35. Assignment.** You may assign your interests under this Lease without my consent. I MAY NOT TRANSFER OR SUBLEASE THIS VEHICLE TO A THIRD PARTY OR ASSIGN THE LEASE OR ANY RIGHTS UNDER IT WITHOUT YOUR PRIOR WRITTEN APPROVAL, WHICH YOU MAY WITHHOLD IN YOUR SOLE JUDGMENT.

**36. Notices.** All correspondence and notices will be sent to me at my Billing Address shown on this Lease unless I give you a different address in writing.

**37. Other Terms.** <u>Waiver.</u> You may waive or delay enforcement of your rights under this Lease without affecting your rights on future defaults. <u>Severability.</u> Any part of this Lease that is not enforceable shall not affect the validity of the remainder of this Lease. <u>Joint Liability.</u> If more than one Lessee signs this Lease, each Lessee will be jointly and severally liable for all obligations under this Lease. <u>Choice of Law.</u> Except as may otherwise be provided by law, this Lease will be subject to the laws of the state where I sign it. In the event that both parties agree not to arbitrate in accordance with <u>Section 39</u> below, any dispute shall be brought in a court located in the state of Lessor's place of business. <u>Entire Agreement.</u> This Lease describes all agreements between us with respect to the Lease of the Vehicle. All prior agreements, whether oral or in writing, are superseded. Any change to this Lease must be in writing and the Lessor, or any assignee of Lessor, and I must sign it. <u>Maintaining Payments.</u> I may not change or stop any Monthly Payments for any reason, even if I do not receive an invoice, and even if the Vehicle is stolen, destroyed, seized by the government or the court, experiences mechanical problems, or does not satisfactorily perform. <u>Lessee's Warranties.</u> I represent that my driver's license and the driver's license of any authorized driver has not been revoked or suspended within the last 5 years. I promise that I have given a true Amount Owed for any vehicle traded in. If the correct Prior Credit or Lease Balance is more than the amount shown in <u>Section 4.B,</u> I agree to pay you the excess amount upon demand. <u>Personal Property.</u> Lessor shall not be responsible at any time for any personal property in the Vehicle. <u>Attorney's Fees and Legal Expenses.</u> In this Lease, "attorney's fees and legal expenses" means attorneys fees and legal expenses incurred before and during any litigation or other proceeding (including any appellate proceeding) and in any bankruptcy proceeding. <u>Escheatment.</u> If for any reason you need to escheat any of my funds to an unclaimed funds department, you may retain such fee as is allowable per state law.

**38. Communications.** I authorize you to contact me by phone, electronic mail, or text message at any phone number or address I have provided to you, including without limitation contacting me using automatic telephone dialing systems and/or prerecorded/artificial voice messages, and authorize such contacts even if such contact involves a wireless telephone and/or results in charges to me. Additionally, I authorize your service providers, debt collectors, collection attorneys, and other third parties working for you to contact me using these methods. I also agree that you may monitor and/or record your calls with me. I agree that any statement or written notice, required by law or this Contract, may be mailed or e-mailed to the mailing address or e-mail address you have on file for me. It is my sole responsibility to provide and maintain my current mailing address, email address, and other contact information with you.

**39. Arbitration Clause**

**PLEASE REVIEW - IMPORTANT - AFFECTS OUR LEGAL RIGHTS**

**NOTICE:** Either you or I may choose to have any dispute between us decided by arbitration and not in a court or by jury trial. If a dispute is arbitrated, I will give up my right to participate as a class representative or class member on any Claim I may have against you including any right to class arbitration or any consolidation of individual arbitrations. Discovery and rights to appeal in arbitration are generally more limited than in a lawsuit, and other rights you and I would have in court may not be available in arbitration.

**"Claim"** broadly means any claim, dispute or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, between me and you or your employees, officers, directors, affiliates, successors or assigns, or between me and any third parties if I assert a Claim against such third parties in connection with a Claim I assert against you, which arises out of or relates to my credit application, lease, purchase or condition of this Vehicle, this Lease or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease). Any Claim shall, at your or my election, be resolved by neutral, binding arbitration and not by a court action. However, "Claim" does not include any dispute

or controversy about the validity, enforceability, coverage or scope of this Arbitration Clause or any part thereof (including, without limitation, the Class Action Waiver set forth below and/or this sentence); all such disputes or controversies are for a court and not an arbitrator to decide. But any dispute or controversy that concerns the validity or enforceability of the Lease as a whole is for the arbitrator, not a court, to decide. In addition, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed or appealed to a different court. Moreover, this Arbitration Clause will not apply to any Claims that are the subject of (a) a class action filed in court that is pending as of the effective date of this Arbitration Clause in which I am alleged to be a member of the putative class (however, you and I will continue to be bound by any prior Arbitration Clause) or (b) a motion to compel arbitration filed by you against me before the effective date of this Arbitration Clause pursuant to a prior Arbitration Clause (however, you and I will continue to be bound by any prior Arbitration Clause).

**Class Action Waiver.** Notwithstanding any other provision of this Lease or Arbitration Clause, if either you or I elect to arbitrate a Claim, neither you nor I will have the right: (a) to participate in a class action, mass action, private attorney general action or other representative action in court or in arbitration, either as a class representative or class member; or (b) to join or consolidate Claims with claims of any other persons. No arbitrator shall have authority to conduct any arbitration in violation of this provision. (Provided, however, that the Class Action Waiver does not apply to any lawsuit or administrative proceeding filed against you by a state or federal government agency even when such agency is seeking relief on behalf of a class of borrowers including me. This means that you will not have the right to compel arbitration of any claim brought by such an agency). The Class Action Waiver is material and essential to the arbitration of any Claims between the parties and is nonseverable from this Arbitration Clause. If the Class Action Waiver is limited, voided or found unenforceable, then this Arbitration Clause (except for this sentence) shall be null and void with respect to such proceeding, subject to the right to appeal the limitation or invalidation of the Class Action Waiver. The parties acknowledge and agree that under no circumstances will a class action be arbitrated.

I may choose the American Arbitration Association ("AAA"), 120 Broadway, New York, NY 10271, www.adr.org, 1-800-778-7879 or JAMS, 1920 Main Street, Suite 300, Irvine, CA 92614, www.jamsadr.com, 1-800-352-5267 to administer the arbitration. The rules and forms of the AAA and JAMS may be obtained on their websites or by writing to these organizations at the addresses listed above. Either you or I may request an expedited hearing under the applicable rules. If the AAA and JAMS are unable or unwilling to serve as administrator, the parties may agree upon another administrator or, if they are unable to agree, a court shall determine the administrator. No company may serve as administrator, without the consent of all parties, if it adopts or has in place any formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Clause. If the chosen administrator's rules or other provisions of this Lease (including any other arbitration provision relating to this Lease) conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. If a party files a lawsuit in court asserting Claim(s) that are subject to arbitration and the other party files a motion to compel arbitration with the court which is granted, it will be the responsibility of the party prosecuting the Claim(s) to select an arbitration administrator in accordance with this paragraph and commence the arbitration proceeding in accordance with the administrator's rules and procedures.

Arbitrators shall be attorneys with at least ten years of experience or retired judges and shall be selected pursuant to the applicable rules. The arbitrator will not be bound by judicial rules of procedure and evidence that would apply in a court, nor by state or local laws that relate to arbitration proceedings. The arbitrator will honor statutes of limitation and claims of privilege recognized under applicable law. In determining liability or awarding damages or other relief, the arbitrator will follow the applicable substantive law, consistent with the FAA (Federal Arbitration Act), that would apply if the matter had been brought in court, including, without limitation, punitive damages (which shall be governed by the Constitutional standards employed by the courts). The arbitrator may award any damages or other relief or remedies permitted by applicable law including equitable, temporary and/or provisional remedies. The arbitrator shall write a brief explanation of the grounds for the decision. Any arbitration hearing that I attend shall be conducted at a place reasonably convenient to where I reside. Any court having jurisdiction may enter judgment on the arbitrator's award.

In any arbitration that I have commenced against you, if the total amount of my Claim(s) is less than $25,000: (a) you will pay any and all fees of the administrator and/or the arbitrator if I make a written request for you to pay such fees; and (b) you will pay my reasonable attorneys' and expert witness fees and costs if and to the extent I prevail in the arbitration. Moreover, you will always bear any fees and costs (including administrator and arbitrator fees and reasonable attorneys' and expert witness fees and costs) that you are required to bear pursuant to the administrator's rules or applicable law. You will not seek reimbursement from me of any fees or costs (including administrator and arbitrator fees and attorneys' and expert witness fees and costs) that you incur on your own behalf or pay on my behalf in connection with the arbitration.

This Lease involves interstate commerce and this Arbitration Clause and any arbitra-

tion hereunder shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA") and not by any state law concerning arbitration. However, the law specified as to the substantive issues of the Lease and Vehicle shall be the law of the state in which this Lease was executed. The arbitrator's award shall be final and binding on all parties, except for any right of appeal provided by the FAA. However, if the amount of the Claim exceeds $50,000 or involves a request for injunctive or declaratory relief that could foreseeably involve a cost or benefit to either party exceeding $50,000, any party can, within 30 days after the entry of the award by the arbitrator, appeal the award to a three-arbitrator panel administered by the administrator. The panel shall reconsider anew any aspect of the initial award requested by the appealing party. The decision of the panel shall be by majority vote. Reference in this arbitration provision to "the arbitrator" shall mean the panel if an appeal of the arbitrator's decision has been taken. The costs of such an appeal will be borne in accordance with the preceding paragraph. Any final decision of the appeal panel is subject to judicial review only as provided under the FAA.

You and I may retain any rights to self-help remedies, such as repossession. The exercise of any self-help remedies is not a "Claim" subject to arbitration, nor is any

individual action in court by one party that is limited to preventing the other party from using self-help remedies and that does not involve a request for damages or monetary relief of any kind. Neither you nor I waive the right to arbitrate by using self-help remedies. This Arbitration Clause shall survive any termination, payoff or transfer of this Lease, and shall also survive any bankruptcy to the extent consistent with applicable bankruptcy law. If any part of this Arbitration Clause, other than the Class Action Waiver, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable.

Notwithstanding any other provision for notice contained in the Lease, any arbitration Claim or other notice provided under the rules of the arbitration administrator will be given to you at the following address: If my Claim is against the Lessor, I agree that notice of my Claim will be given to the Lessor at the address specified in Section 1 of this Lease. If my Claim is against the Assignee (designated in Section 2 of this Lease), I agree that notice of my Claim will be given at 5550 Britton Parkway, Hilliard, OH 43026. If my Claim is against both Lessor and Assignee, I agree that both Lessor and Assignee will be notified of my Claim at the addresses indicated herein.

## 40. LESSOR'S RIGHT TO CANCEL

**Lessor's Right to Cancel.** a. Lessor agrees to deliver the vehicle to me on the date this Lease is signed by Lessor and me. I understand that it may take a few days for Lessor to verify my credit, locate a party willing to purchase this Lease on the exact terms shown on the front of this Lease, and assign this Lease to a financial institution. I agree that Lessor has the number of days stated below to assign this Lease. I agree that if Lessor is unable to assign this Lease within this time period to any one of the financial institutions with whom Lessor regularly does business under an assignment acceptable to Lessor, Lessor may cancel this Lease.

b. If Lessor elects to cancel under this Lessor's Right to Cancel pursuant to Paragraph a above, Lessor will give me written notice (or in any other manner in which actual notice is given to me). Upon receipt of such notice, I must immediately return the vehicle to Lessor in the same condition as when sold, reasonable wear and tear excepted. Lessor must give me back all consideration Lessor has received in accordance with the terms of this Lease and/or other documents relating to the vehicle.

c. If I do not immediately return the vehicle, Lessor may use any legal means to retake it back (including repossession) and I will be liable for all expenses incurred by Lessor in taking the vehicle from me, including reasonable attorney's fees. While the vehicle is in my possession, all terms of this Lease, including those relating to use of the vehicle and insurance for the vehicle, are in full force and I assume all risk of loss or damage to the vehicle. I must pay all reasonable costs for repair of any damage done to the vehicle while the vehicle is in my possession.

d. In the alternative to returning the vehicle, I may immediately purchase the vehicle pursuant to Section 27 or an amount agreed upon between Lessor and me, with other funds arranged by me, or I may immediately attempt to negotiate and sign a new lease agreement with Lessor based on different lease terms (for example, a larger capitalized cost reduction, a required cosigner, etc.); although, nothing stated herein obligates Lessor to do so or to waive Lessor's right to cancel this Lease and retake possession of the vehicle as above provided.

e. The terms of this Lessor's Right to Cancel survive Lessor's cancellation of this Lease.

If Lessee and Co-Lessee, if applicable, sign here, the Lessor has the right to cancel within __30__ days.

LESSEE SIGNATURE

X _____

CO-LESSEE SIGNATURE

X _____ N/A

## 41. LESSEE NOTICES AND SIGNATURES

In this Section 41, I am referred to as "You."

> **THIS IS A LEASE AGREEMENT. THIS IS NOT A PURCHASE AGREEMENT. PLEASE REVIEW THESE MATTERS CAREFULLY AND SEEK INDEPENDENT PROFESSIONAL ADVICE IF YOU HAVE ANY QUESTIONS CONCERNING THIS TRANSACTION. YOU ARE ENTITLED TO AN EXACT COPY OF THE AGREEMENT YOU SIGN.**

By signing below, you acknowledge that:
• This Lease is completely filled out;
• You have no ownership rights in the Vehicle unless and until you exercise your option to purchase the Vehicle;
• You have read all pages of this Lease carefully and agree to all of its terms; and
• You have received a completely filled in copy of this Lease.

X _____
Lessee
**BLACKFIRE TRANSPORT LLC / Alfred Davis / President**
By (Print Name & Title if Corporation)

X _____ N/A
Lessee
By (Print Name & Title if Corporation)

## 42. GUARANTY

I jointly and severally guarantee payment and performance of all promises contained in this Lease. Upon default, Lessor may proceed immediately against me without first proceeding against the Lessee. My liability will be unconditional and will not be affected by any settlement, extension, renewal or modification of this Lease whether or not by operation of law. I waive all right to notices of every kind, including rights to demand and presentment. I agree to pay all expenses (including reasonable attorney's fees and legal expenses, as allowed by applicable law) you incur if you have to enforce this Guaranty.

Guarantor's Signature: X _____

Name __ALFRED L DAVIS__

Addresss __627 SOUTHRIDGE RD DELRAY BEACH, FL, 33444__

Guarantor's Signature: X _____N/A_____

Name _____

Address _____

## 43. LESSOR'S ACCEPTANCE AND ASSIGNMENT

By signing below, Lessor (1) accepts the terms, conditions and obligations of this Lease and (2) assigns all right, title and interest in the Vehicle and this Lease to the Assignee listed in Section 2 above. The origination of this Lease and the assignment of this Lease, including all amounts to become due under it, and any guaranty, are subject to the provisions of the existing agreement(s) between Lessor and RRMC FS.

Lessor Name _____Braman Motors_____

Signature of Authorized Representative _____

90094*1*BRAM-FI

12/30/2022  07:58 pm

Exhibit B

**FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES**

Customer # 3308983
Deal # 3308983
Stock # RU216487

## APPLICATION FOR CERTIFICATE OF TITLE WITH/WITHOUT REGISTRATION
SUBMIT THIS FORM TO YOUR LOCAL TAX COLLECTOR OFFICE
www.flhsmv.gov/offices/

CHECK APPLICATION TYPE: [X] ORIGINAL   [ ] TRANSFER   VEHICLE TYPE: [X] MOTOR VEHICLE   [ ] MOBILE HOME   [ ] VESSEL   OFF-HIGHWAY VEHICLE: [ ] ATV [ ] ROV [ ] MC

### 1 — OWNER / APPLICANT INFORMATION

Customer Number: **201611907**

[ ] Check this box if you are requesting the certificate of title to be printed.

**Owner**
Are you a Florida resident? [ ] yes [X] no
Are you an alien? [ ] yes [X] no

**Co-Owner**
[X] yes [ ] no
[ ] yes [ ] no

Unit Number | Fleet Number

[ ] OR [ ] AND NOTE: When joint ownership, please indicate "or" or "and" is to be shown on title when issued. If neither box is checked, the title will be issued with "and."

If applicable: [ ] Life Estate/Remainder Person   [ ] Tenancy By the Entirety   [ ] With Rights of Survivorship   [X] Owner's County of Residence:

Owner's Name As It Appears on Driver License (First, Full Middle/Maiden, & Last Name): **FINANCIAL SERVICES VEHICLE TRUST**
Owner's Email Address | Date of Birth | Sex | FL Driver License or FEID/Suffix #: **226674598/1**

Co-Owner's/Lessee's Name As It Appears on Driver License (First, Full Middle/Maiden, & Last Name): **BLACKKFIRE TRANSPORT LLC**
Co-Owner's/Lessee's Email Address | Date of Birth | Sex | FL Driver License or FEID/Suffix #: /

Owner's Mailing Address (Mandatory unless a member of the Military): **PO BOX 1910**
City: **COCKEYSVILLE** | State: **MD** | Zip: **21030**

Co-Owner's/Lessee's Mailing Address (Mandatory unless a member of the Military): **2020 NE 163RD STREET STE 106**
City: **NORTH MIAMI BEACH** | State: **FL** | Zip: **33162**

Owner's Physical Street Address in Florida (Mandatory unless a member of the Military): **2020 NE 163RD STREET STE 106**
City: **NORTH MIAMI BEACH** | State: **FL** | Zip: **33162**

Mobile Home Physical Address (If applicable) Check if in a mobile home rental park with 10 or more lots. [ ]
City | State | Zip

Mail To Customer Name (If different From Above Owner)
Mail To Customer's Email Address | Date of Birth | Sex | FL Driver License or FEID/Suffix #

Mail To Customer Address (If different From Above Mailing Address)
City | State | Zip

### 2 — MOTOR VEHICLE, MOBILE HOME OR VESSEL DESCRIPTION

Vehicle/Vessel Identification Number: **SLATV8C0XPU216487**
Make/Manufacturer: **ROL** | Year: **2023** | Body: **4D** | Color: **WHI** | Florida Title Number

Previous State of Issue | License Plate or Vessel Registration Number | Weight: **6069** | Length FL. In. | BHP/CC | GVW/LOC | VAN USE, IF APPLICABLE [ ] PASSENGER [ ] OTHER

**TYPE**
[ ] Open Motorboat [ ] Houseboat [ ] Personal Watercraft
[ ] Cabin Motorboat [ ] Pontoon [ ] Canoe
[ ] Auxiliary Sailboat [ ] Airboat [ ] Other _____ Specify
[ ] Inflatable [ ] Sailboat

**HULL MATERIAL**
[ ] Wood [ ] Aluminum
[ ] Fiberglass [ ] Steel
[ ] Wood/Fiberglass
[ ] Other _____ Specify

**PROPULSION**
[ ] Outboard [ ] Sail
[ ] Inboard [ ] Air Propelled
[ ] Inboard/Outboard
[ ] Other _____ Specify

**FUEL**
[ ] Gas
[ ] Diesel
[ ] Electric
[ ] Other _____ Specify

**DRAFT OF VESSEL** (The depth of water a vessel draws)
FT. _____ IN. _____
"For all vessels 26' or more in length and all sailboats"

**USE OF VESSEL**
[ ] Recreational (Pleasure) [ ] Commercial Blue Crab [ ] Commercial Stone Crab [ ] Government [ ] Commercial Sponge
[ ] Dealer/Manuf. [ ] Commercial Fish [ ] Commercial Live Bait [ ] Commercial Shrimp Resid. [ ] Commercial Charter [ ] Commercial Oil
[ ] Exempt [ ] Hire (Livery) [ ] Commercial Mackerel [ ] Commercial Shrimp Non-Recip. [ ] Commercial Oyster [ ] Commercial Spiney Lobster

Previously Federally Documented Vessel, Attach Copy of:
[ ] U.S. Coast Guard Release From Documentation Form; or   [ ] Copy of Canceled Documentation Papers

PREVIOUS OUT-OF-STATE REGISTRATION NUMBER:

State of Principal Use

### 3 — BRANDS, USAGE AND TYPE (Check Applicable Boxes)

[ ] SHORT TERM LEASE [X] LONG TERM LEASE [ ] REBUILT [ ] POLICE VEHICLE [ ] PRIVATE USE [ ] TAXI CAB [ ] FLOOD [ ] ILEV [ ] CUSTOM
[ ] ASSEMBLED FROM PARTS [ ] BONDED TITLE [ ] KIT CAR [ ] GLIDER KIT [ ] MANUF. BUY BACK [ ] REPLICA [ ] AUTONOMOUS [ ] ELECTRIC [ ] STREET ROD

### 4 — LIENHOLDER INFORMATION

CHECK IF ELT CUSTOMER [X]
[ ] FEID # [ ] DL # and Sex and Date of Birth [X] DMV Account #: **201611907**
Date of Lien: **12/28/2022**
Lienholder's Name: **FINANCIAL SERVICES VEHICLE TRUST**

Lienholder's Email Address
Lienholder's Address: **PO BOX 1910** | City: **COCKEYSVILLE** | State: **MD** | Zip: **21030**

[ ] If Lienholder authorizes the Department to send the motor vehicle or mobile home title to the owner, check box and countersign: _____ (Signature of Lienholder's Representative)
(Does not apply to vessels.) If box is not checked, title will be mailed to the first lienholder.

### 5 — TRANSFER TYPE

IF OWNERSHIP HAS TRANSFERRED, HOW AND WHEN WAS THE VEHICLE, MOBILE HOME, OR VESSEL ACQUIRED?
[X] SALE [ ] GIFT [ ] REPOSSESSION [ ] COURT ORDER [ ] OTHER (SPECIFY) _____
DATE ACQUIRED **12 / 28 / 2022**

### 6 — ODOMETER DECLARATION

WARNING: Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines or imprisonment.

I/WE STATE THAT THIS [ ] 5 OR [X] 6 DIGIT ODOMETER NOW READS **3 0** XX (NO TENTHS) MILES, DATE READ **12 / 28 / 2022** AND I/WE HEREBY CERTIFY THAT TO THE BEST OF MY/OUR KNOWLEDGE THE ODOMETER READING:

[X] 1. REFLECTS ACTUAL MILEAGE.   [ ] 2. IS IN EXCESS OF ITS MECHANICAL LIMITS.   [ ] 3. IS NOT THE ACTUAL MILEAGE.

### 7 — DEALER SALES TAX REPORT AND VEHICLE TRADE IN INFORMATION (IF APPLICABLE)

FLORIDA SALES TAX REGISTRATION NUMBER: **2380120545291**
DATE OF SALE: **12/28/2022**
DEALER LICENSE NUMBER: **VF10016391**
AMOUNT OF TAX: **0.00**
DEALER / AGENT SIGNATURE

YEAR OF TRADE IN | MAKE OF TRADE IN | TITLE NUMBER OF TRADE IN (IF KNOWN) | VEHICLE IDENTIFICATION NUMBER OF TRADE IN

HSMV 82040 – REV. 11/15    RULE 15C-21.001, FAC    www.flhsmv.gov

| 8 | MOTOR VEHICLE IDENTIFICATION NUMBER VERIFICATION |
|---|---|

THIS SECTION REQUIRES A PHYSICAL INSPECTION AND A VERIFICATION OF THE VEHICLE IDENTIFICATION NUMBER (VIN) (OR THE MOTOR NUMBER FOR MOTOR VEHICLES MANUFACTURED PRIOR TO 1955) OF THE MOTOR VEHICLE DESCRIBED ON THIS FORM BY A LICENSED DEALER, FLORIDA NOTARY PUBLIC, POLICE OFFICER, OR FLORIDA DIVISION OF MOTOR VEHICLES EMPLOYEE OR TAX COLLECTOR EMPLOYEE. IF THE VIN IS VERIFIED BY AN OUT OF STATE MOTOR VEHICLE DEALER, THE VERIFICATION MUST BE SUBMITTED ON THEIR LETTERHEAD STATIONERY. COMPLETE THIS SECTION ON ALL USED MOTOR VEHICLES INCLUDING TRAILERS, (WITH ABBREVIATION OF "TL" WITH A WEIGHT OF 2,000 POUNDS OR MORE) NOT CURRENTLY TITLED IN FLORIDA.

I, the undersigned, certify that I have physically inspected the above described vehicle and find the vehicle identification number to be:

*Hugo Martinez* (Vehicle Identification Number)

12/28/2022
DATE

SIGNATURE

PRINTED NAME

Law Enforcement Officer or Florida Dealer/Agency Name  **BRAMAN MOTORS**

Badge # or Florida Dealer #  VF10016391

Notary Stamp or Seal

FL DMV/Tax Collector Employee _____  Florida Compliance Examiner/Inspector Badge or ID Number _____

COMMISSIONED NAME OF FLORIDA NOTARY: _____  NOTARY'S SIGNATURE _____
(Print, Type or Stamp)

| 9 | SALES TAX EXEMPTION CERTIFICATION |
|---|---|

THE PURCHASE OF A RECREATIONAL VEHICLE TO BE OFFERED FOR RENT AS LIVING ACCOMMODATIONS DOES NOT QUALIFY FOR EXEMPTION. I CERTIFY THE RECREATIONAL VEHICLE, MOBILE HOME OR VESSEL DESCRIBED HAS BEEN PURCHASED AND IS EXEMPT FROM THE SALES TAX IMPOSED BY CHAPTER 212, FLORIDA STATUTES, BY:

☐ PURCHASER (STATE AGENCIES, COUNTIES, ETC.) HOLDS VALID EXEMPTION CERTIFICATE

CONSUMER'S CERTIFICATE OF EXEMPTION NUMBER

☒ MOTOR VEHICLE  ☐ MOBILE HOME  ☐ VESSEL WILL BE USED EXCLUSIVELY FOR RENTAL

7800075171146
SALES TAX REGISTRATION NUMBER

I hereby certify that ownership of the motor vehicle, mobile home or vessel described in this application, is not subject to Florida Sales and Use Tax for the following reason:  ☐ INHERITANCE  ☐ GIFT

☐ DIVORCE DECREE  ☐ TRANSFER BETWEEN A MARRIED COUPLE  ☐ EVEN TRADE OR TRADE DOWN (State the facts of the even trade or trade down and the transferor information, including the transferor's name and address, below under "Other: Explain.")

☐ OTHER: (EXPLAIN) _____

| 10 | REPOSSESSION DECLARATION |
|---|---|

IF CHECKED, THE FOLLOWING CERTIFICATIONS ARE MADE BY THE APPLICANT:

☐ I CERTIFY THAT THIS MOTOR VEHICLE, MOBILE HOME OR VESSEL WAS REPOSSESSED UPON DEFAULT IN THE TERMS OF THE LIEN INSTRUMENT AND IS NOW IN MY POSSESSION.

☐ (VESSEL) A PHOTOCOPY OF THE LIEN INSTRUMENT FOR THE VESSEL IS REQUIRED AND ATTACHED.

☐ I AM REQUESTING THAT AN ORIGINAL CERTIFICATE OF REPOSSESSION BE ISSUED FOR THE MOTOR VEHICLE OR MOBILE HOME IN LIEU OF A TITLE (REPOSSESSION).

☐ I AM REQUESTING THAT A DUPLICATE CERTIFICATE OF REPOSSESSION BE ISSUED FOR THE MOTOR VEHICLE OR MOBILE HOME, AS THE ORIGINAL HAS BEEN LOST OR DESTROYED.

| 11 | NON-USE AND OTHER CERTIFICATIONS |
|---|---|

IF CHECKED, THE FOLLOWING CERTIFICATIONS ARE MADE BY THE APPLICANT:

☐ I CERTIFY THAT THE CERTIFICATE OF TITLE IS LOST OR DESTROYED.

☐ THE VEHICLE IDENTIFIED WILL NOT BE OPERATED ON THE STREETS AND HIGHWAYS OF THIS STATE UNTIL PROPERLY REGISTERED.

☐ THE VESSEL IDENTIFIED WILL NOT BE OPERATED ON THE WATERS OF THIS STATE UNTIL PROPERLY REGISTERED.

☐ OTHER: (EXPLAIN) _____

| 12 | APPLICATION ATTESTMENT AND SIGNATURES |
|---|---|

I/WE PHYSICALLY INSPECTED THE ODOMETER/VIN AND FURTHER AGREE TO DEFEND THE TITLE AGAINST ALL CLAIMS. (More than one form HSMV 82040 may be used for additional signatures.)

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

12/28/2022

SIGNATURE OF APPLICANT (OWNER)  Date

SIGNATURE OF APPLICANT (CO-OWNER)  Date

12/28/2022

| 13 | RELEASE OF SPOUSE OR HEIRS INTEREST |
|---|---|

The undersigned person(s) state(s) as follows: That _____ died on _____
(Name of Deceased)  (Date)

☐ testate (with a will)  ☐ intestate (without a will) and left the surviving heir(s) named below.

☐ When applicable, the heir(s) (named below) certifies that the certificate of title is lost or destroyed.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.
(More than one form HSMV 82040 may be used for additional signatures.)

Print or Type Name of Spouse, Co-owner or Heir(s)  Signature of Spouse, Co-Owner or Heir(s)

_____  _____

_____  _____

That at the time of death the decedent was owner of the motor vehicle, mobile home or vessel described in section 2 of this form. The person(s) signing above hereby releases all of his/her/their right, title, interest and claim as heir(s) at law, legatee(s), devisee(s), or otherwise to the aforesaid motor vehicle, mobile home or vessel to:

Name of Applicant(s) (Print or Type)

**RESIDENTS OF FLORIDA AND ALL VESSEL OWNERS, RESIDING IN FLORIDA OR OUT OF STATE, SHOULD SUBMIT THIS FORM AND ALL REQUIRED DOCUMENTATION TO A LOCAL FLORIDA TAX COLLECTOR'S OFFICE OR THE FLORIDA TAX COLLECTOR'S OFFICE LOCATED IN THE APPLICANT'S COUNTY OF RESIDENCE FOR PROCESSING.**
Check your local phone book government pages or visit the following website for current mailing addresses: http://www.flhsmv.gov/offices/
www.flhsmv.gov

HSMV 82040 – REV. 11/15    RULE 15C-21.001, FAC

Exhibit C

PDP ELECTRONIC TITLE DOCUMENT


ELT*FL   : ELT - FLORIDA
Title #: 0149208992                          Title Type :
Issue Date: 1/20/2023              Lic/Tag/Control #:


VIN . . . . . . :    SLATV8C0XPU216487

Vehicle Info. . . :    2023 ROL 4D 4D


Odometer Reading :
           Date  . :
           Status  :


Owner Information . :    FINANCIAL SERVICES VEHICLE TRUST
Co-Owner . . . . . :


Owner address . . . :    PO BOX 1910

                         COCKEYSVILLE
                         MD    2103079100


Lienholder Information: FINANCIAL SERVICES VEHICLE TRUST


                         00000

2nd Lienholder Name   :


ELT Sent Date . . . . :    1/20/2023
Lien Type . . . . . . :    P
Owner Driver License# :


Brand code . . . . :


Release name . . . :
Release address 1 :
Rel City/State/Zip :     ,


PDP Doc Ref :    50000167067 / 00047         SVTTSAPI    2/17/25   14:16:40

Exhibit D

# CERTIFICATE OF TITLE

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| SLATV8C0XPU216487 | 2023 | ROLLS-R | SUV | 6180 | | 149208992 |

Lien Release*
Interest in the described vehicle is hereby released

| Prev State | Color | Primary Brand | Secondary Brand | No of Brands | Use | Prev Issue Date |
|---|---|---|---|---|---|---|
| | WHITE | | | | PRIVATE | |

By _____

Title _____

| Odometer Status or Vessel Manufacturer or OH use | Engine Drive | Hull Material | Prop | Date of Issue |
|---|---|---|---|---|
| 00030  MILES  12/28/2022  ACTUAL | | | | 01/20/2023 |

Date _____

**Registered Owner**

MANUEL CALDERON
900 SW 16TH ST
BOCA RATON, FL  33486

**1st Lienholder**

DIVISION OF MOTORIST SERVICES          TALLAHASSEE          FLORIDA          DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

Robert R. Kynoch
Robert R. Kynoch
Director

Control Number 666271889

Terry L. Rhodes
Terry L. Rhodes
Executive Director

VOID IF ALTERED

**TRANSFER OF TITLE BY SELLER** (This section must be completed at the time of sale.)

Federal and state law requires that the seller state the mileage, purchaser's name, selling price and date sold in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment. This title is warranted to be free from any lien except as noted on the face of the certificate and the motor vehicle or vessel described is hereby transferred to.

Seller Must Enter Purchaser's Name: Steven J Calderon

Address: _____

Seller Must Enter Selling Price: _____

Seller Must Enter Date Sold: _____

I/We state that this ☐ 5 or ☐ 6 digit odometer now reads _____ (no tenths) miles, date and ☐ I certify that to the best of my knowledge the odometer reading.
☐ 1. reflects ACTUAL MILEAGE. ☐ 2. is IN EXCESS OF ITS MECHANICAL LIMITS. ☐ 3. is NOT THE ACTUAL MILEAGE.

**UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.**

SELLER Must Sign Here: Manuel Calderon

CO-SELLER Must Sign Here: _____

Print Here: Manuel Calderon

Print Here: _____

Selling Dealer's License Number: _____

Auction Name: _____

License Number: _____

PURCHASER Must Sign Here: _____

CO-PURCHASER Must Sign Here: _____

Print Here: STEVEN CALDERON.

Print Here: _____

NOTICE: PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE.

HSMV 82250 (REV. 3/15)          STATE OF FLORIDA

This is to certify that this document is a true and complete copy of a record on file in the New York State Department of Motor Vehicles, Albany, New York.

Mark JF. Schroeder
COMMISSIONER OF MOTOR VEHICLES

ABS-2 (2/19)

DMS-40  625050.000045.06

ODOMETER CERTIFICATION - Federal and state laws require that you state the mileage in connection on transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment

**FIRST REASSIGNMENT BY LICENSED DEALER**

Selling Dealer's License No.: _____

Selling Dealer's Name: _____

Tax No.: _____

Tax Collected: _____

Selling Dealer's Address: _____

Date Sold: _____

Purchaser's Name(s): _____    Address: _____

I/WE STATE THAT THIS [ ] 5 OR [ ] 6 DIGIT ODOMETER NOW READS [ grid ] XX (NO TENTHS) MILES, DATE READ ___/___/___, AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX

[ ] 1. REFLECTS ACTUAL MILEAGE

[ ] 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)

[ ] 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here: _____

Co-Purchaser Must Sign Here: _____

Print Here: _____

Print Here: _____

Seller/Agent Must Sign Here: _____

Auction Name (When Applicable): _____

Print Here: _____

Auction License Number: _____

**SECOND REASSIGNMENT BY LICENSED DEALER**

Selling Dealer's License No.: _____

Selling Dealer's Name: _____

Tax No.: _____

Tax Collected: _____

Selling Dealer's Address: _____

Date Sold: _____

Purchaser's Name(s): _____    Address: _____

I/WE STATE THAT THIS [ ] 5 OR [ ] 6 DIGIT ODOMETER NOW READS [ grid ] XX (NO TENTHS) MILES, DATE READ ___/___/___, AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX

[ ] 1. REFLECTS ACTUAL MILEAGE

[ ] 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)

[ ] 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here: _____

Co-Purchaser Must Sign Here: _____

Print Here: _____

Print Here: _____

Seller/Agent Must Sign Here: _____

Auction Name (When Applicable): _____

Print Here: _____

Auction License Number: _____

**THIRD REASSIGNMENT BY LICENSED DEALER**

Selling Dealer's License No.: _____

Selling Dealer's Name: _____

Tax No.: _____

Tax Collected: _____

Selling Dealer's Address: _____

Date Sold: _____

Purchaser's Name(s): _____    Address: _____

I/WE STATE THAT THIS [ ] 5 OR [ ] 6 DIGIT ODOMETER NOW READS [ grid ] XX (NO TENTHS) MILES, DATE READ ___/___/___, AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX

[ ] 1. REFLECTS ACTUAL MILEAGE

[ ] 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)

[ ] 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here: _____

Co-Purchaser Must Sign Here: _____

Print Here: _____

Print Here: _____

Seller/Agent Must Sign Here: _____

Auction Name (When Applicable): _____

Print Here: _____

Auction License Number: _____

EXCELSIOR

This is to certify that this document is a true and complete copy of a record on file in the New York State Department of Motor Vehicles, Albany, New York.

*Mark JF. Schroeder*

COMMISSIONER OF MOTOR VEHICLES

ABS-2 (2/19)

Exhibit E



**EXHIBIT D**

CALDERON,STEVEN,J
441 CENTRAL PARK 280
SCARSDALE          NY 10583

001882

# CERTIFICATE OF TITLE

## NEW YORK STATE

dmv.ny.gov

| Title and Identification No. | Year | Make | Model Code | Body/Hull | Document No. |
|---|---|---|---|---|---|
| SLATV8C0XPU216487 | 2023 | RO/RO | N/A | SUBN | 710332V |

| Color | Wt./Sts./Lgth. | Fuel | Cyl./Prop. | New or Used | Type of Title | Date Issued |
|---|---|---|---|---|---|---|
| WH | 6069 | GAS | 12 | USED | VEHICLE | 8/27/24 |

Name and Address of Owner(s)

ODOMETER READING: 05000
ACTUAL MILEAGE  05000

CALDERON, STEVEN, J
441 CENTRAL PARK 280
SCARSDALE          NY 10583

This document is your proof of ownership for this vehicle, boat or manufactured home. Keep it in a safe place, not with your license or registration or in your vehicle or boat. To dispose of your vehicle, boat or manufactured home, complete the transfer section on the back and give this title to the new owner.

Lienholder

\* NO LIENS RECORDED \*

Lienholder

\* NO LIENS RECORDED \*

Lienholder

\* NO LIENS RECORDED \*

Lienholder

\* NO LIENS RECORDED \*

MV-999 (3/21)

VOID IF ALTERED

## DEPARTMENT OF MOTOR VEHICLES

**ANY CHANGE OR ERASURE WILL VOID THIS TITLE -- ANY FALSE STATEMENT IS A MISDEMEANOR**

**SECTION I - Transfer by Owner**

**ODOMETER DISCLOSURE STATEMENT**

| ODOMETER READING |
|---|
| 9104 |
| (no tenths) |

*Note: This vehicle cannot be registered or titled in the name of the new owner unless mileage is disclosed. Federal and State Law require that you state the mileage of the vehicle described on this certificate when transferring ownership. Failure to do so, or providing a false statement, may result in fines and/or imprisonment.*

I certify that, to the best of my knowledge, this odometer reading *(check one)*:
- ☒ 1. reflects the ACTUAL MILEAGE as seen on the odometer of the vehicle described on the front.
- ☐ 2. EXCEEDS MECHANICAL LIMITS (odometer started over at zero)
- ☐ 3. not the actual mileage. WARNING - ODOMETER DISCREPANCY.

**ODOMETER HAS SPACE FOR:** *(Check one)*
- ☐ Five Digits, *excluding tenths*
- ☐ Six Digits, *excluding tenths*

**DAMAGE DISCLOSURE STATEMENT (To be Completed by Owner Named on Face of Title)**

I certify that, to the best of my knowledge, this vehicle ☐ has been or ☐ has not been wrecked, destroyed or damaged to such an extent that the total estimate or actual cost of parts and labor to rebuild or reconstruct the vehicle to the condition it was in before an accident, and for legal operation on the road or highways, is more than 75% of the retail value of the vehicle at the time of loss. (Checking the "has" box means that the vehicle must have an anti-theft examination before being registered and that the title issued will have the statement "Rebuilt Salvage: NY" on it.)

I or we transfer the vehicle, boat or manufactured home described on this certificate. At the time of transfer, this title is subject only to the liens or encumbrances listed on this certificate, if any. I also certify that this is the most recent title issued for this vehicle, boat or manufactured home.
*Note: Section 2113 of the Vehicle and Traffic Law requires that application for a title must be made within 30 days of transfer.*

**Seller**

Seller's Signature: *Steven J Calderon by POA Whitney Olson*

Street Address: 441 Central Park 280   City: Scarsdale

Seller's Name *(Print in Full)*: Steven J Calderon
State: NY   ZIP code: 10583   Date of Statement: 3/4/2025

**Buyer**

Buyer's Signature: *[signature]*

Street Address: 332 E 3300 S   City: Salt Lake City

Buyer's Name *(Print in Full)*: Gauge Automotive AGT Josh Hirahara
State: UT   ZIP code: 84115   Date of Statement: 3/4/2025

**SECTION II - Reassignment by Manufactured Home Dealer or Registered Boat Dealer or Out-of-State Dealer**

**ODOMETER DISCLOSURE STATEMENT**

| ODOMETER READING |
|---|
| 9104 |
| (no tenths) |

*Note: This vehicle cannot be registered or titled in the name of the new owner unless mileage is disclosed. Federal and State Law require that you state the mileage of the vehicle described on this certificate when transferring ownership. Failure to do so, or providing a false statement, may result in fines and/or imprisonment.*

I certify that, to the best of my knowledge, this odometer reading *(check one)*:
- ☐ 1. reflects the ACTUAL MILEAGE of the vehicle described on the front.
- ☐ 2. EXCEEDS MECHANICAL LIMITS (odometer started over at zero)
- ☐ 3. not the actual mileage. WARNING ODOMETER DISCREPANCY.

**ODOMETER HAS SPACE FOR:** *(Check one)*
- ☐ Five Digits, *excluding tenths*
- ☐ Six Digits, *excluding tenths*

I or we transfer the vehicle, boat or manufactured home described on this certificate. At the time of transfer, this title is subject only to the liens or encumbrances listed on this certificate, if any. I also certify that this is the most recent title issued for this vehicle, boat or manufactured home.
*Note: Section 2113 of the Vehicle and Traffic Law requires that application for a title must be made within 30 days of transfer.*

**Seller**

Seller's Signature: *Whitney Olson*

Street Address: 332 E 3300 S   City: Salt Lake City

Seller's Name *(Print in Full)*: Gauge Automotive AGT Whitney Olson
State: UT   ZIP code: 84115   Date of Statement: 3/4/2025

**Buyer**

Buyer's Signature: *[signature]* (AGT)

Street Address: 7251 Haverhill Business Pkwy STE106   City: Riviera Beach

Buyer's Name *(Print in Full)*: Florida Performance Cars / Jaclyn Brisson (AGT)
State: FL   ZIP code: 33407   Date of Statement: 03/04/25

| Boat Dealer's Facility # |
|---|
| |

MV-999 (3/21)          M  7453268

# Exhibit F

**Gauge Automotive Inc.**
332 E 3300 S
South Salt Lake, UT  84115
+18018234358
info@stockupsolutions.com
https://www.stockupsolutions.com



**BILL TO**
Jeff Jerman
FLORIDA PERFORMANCE
CARS

**INVOICE 9672**

**DATE** 03/04/2025

**DUE DATE** 03/04/2025

| DATE | DESCRIPTION | QTY | RATE | AMOUNT |
|------|-------------|-----|------|--------|
| 03/04/2025 | **Vehicle Purchase** SLATV8C0XPU216487 2023 Rolls-Royce Cullinan Black Badge, Mileage: 9104, Color: undefined | 1 | 312,850.00 | 312,850.00 |
| 03/04/2025 | **Buy Fee** SLATV8C0XPU216487 | 1 | 1,150.00 | 1,150.00 |
| 03/04/2025 | **Vehicle Transportation** SLATV8C0XPU216487 Located in Salt Lake City | 1 | 0.00 | 0.00 |

SLATV8C0XPU216487

| | | |
|---|---|---|
| SUBTOTAL | | 314,000.00 |
| TAX | | 0.00 |
| TOTAL | | 314,000.00 |
| **TOTAL DUE** | | **$314,000.00** |



EXHIBIT
COMPOSITE A



## WHOLESALE AGREEMENT

**Invoice #:** 9672                                          **Invoice Date:** 03/04/2025

| Seller | Gauge Automotive | Buyer | FLORIDA PERFORMANCE CARS |
|---|---|---|---|
| Address | 332 E 3300 S STE 200 | Address | 7221 HAVERHILL BUSINESS PKWY. SUITE 106 |
| City, State, Zip | Salt Lake City, UT 84115 | City, State, Zip | RIVIERA BEACH, FL 33407 |
| Phone Number | 385.376.3666 | Phone Number | |
| Dealer Number | 305B | Dealer Number | |

| Description of Vehicle | | | |
|---|---|---|---|
| **Year** | **Make** | **Model** | **Color** |
| 2023 | Rolls-Royce | Cullinan | |

| VIN | SLATV8C0XPU216487 |
|---|---|

| Current Title Status: | ☐ **In hand** - will be mailed in 2-3 business days | ☐ **Bank** - Gauge will pay off lien holder |
|---|---|---|

Federal and State law require that you state the mileage upon transfer of ownership. Failure to complete, or providing a false statement may result in fines and/or imprisonment.

I, Hal Robbins _____, state that the odometer reading of the vehicle listed below to the best of my knowledge reflects the ACTUAL mileage of the vehicle described, unless one of the following is checked:

| | I hereby certify that to the best of my knowledge, the odometer reading reflects the amount of mileage in EXCESS of mechanical limits. |
|---|---|
| | I hereby certify that the odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY. |

9104

**Enter odometer reading (no tenths)**

This statement is for seller and buyer information only and may not be used for title transfer documentation.

| Sales Information | | | |
|---|---|---|---|
| Buyer Sales Tax Exemption: | | Agreed Upon Price: $ 314000 | Remaining Balance: $ 314000 |

# Exhibit G

BIEDERMANN·HOENIG·SEMPREVIVO
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

601 BRICKELL KEY DRIVE
SUITE 700
MIAMI, FLORIDA 33131
TEL 646·218·7560
FAX 646·218·7510
WWW.LAWBHS.COM

Suzanne Valles
Suzanne.Valles@lawbhs.com

April 23, 2025

**<u>VIA E-MAIL</u>**
Jeff Jerman
Florida Performance Cars
7241 Haverhill Business Parkway, Suite105
Riviera Beach, Florida 33407
Jeff@floridaperformancecars.com

      **Re:**    **BMW Financial Services / 2023 Rolls Royce Badge Cullinan
NOTICE OF LIEN ON VEHICLE AND DEMAND FOR
PRESERVATION**

Dear Jeff:

This firm represents BMW Financial Services NA, LLC (hereinafter, "BMW FS"), servicer of Financial Services Vehicle Trust (hereinafter, "FSVT"). We write in connection with a 2023 Rolls Royce Black Badge Cullinan bearing vehicle identification number SLATV8C0XPU216487 (the "Vehicle") that we understand to be in the possession and control of Florida Performance Cars.

As discussed during our office's April 16, 2025, phone conversation with Craig, the Vehicle was purchased with financing provided by BMW FS and is subject to a lien in favor of FSVT. The Vehicle was subsequently the object of a fraudulent scheme wherein FSVT's lien was washed from the Vehicle's Certificate of Title. Enclosed is FSVT's original title application evidencing its interest in the Vehicle.

Please take notice that FSVT is the valid lienholder and is legally entitled to possession of the Vehicle. BMW FS hereby demands that you preserve the Vehicle from sale or other disposal to any consumer or any other person. We also request your cooperation in facilitating the surrender of the Vehicle to BMW FS. It is our hope that this matter can be resolved without the need for legal action and we invite you to contact us to discuss the situation and work out the details of the Vehicle surrender.

We appreciate your attention to this matter.

Very truly yours,

Page 2 of 2

BIEDERMANN HOENIG SEMPREVIVO

*/s/ Suzanne Valles*

Suzanne Valles

SV:ps
Encl.

**FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES**

Customer # 3308983
Deal # 3308983
Stock # RU216487

## APPLICATION FOR CERTIFICATE OF TITLE WITH/WITHOUT REGISTRATION
SUBMIT THIS FORM TO YOUR LOCAL TAX COLLECTOR OFFICE
www.flhsmv.gov/offices/

CHECK APPLICATION TYPE: ☒ ORIGINAL ☐ TRANSFER   VEHICLE TYPE: ☒ MOTOR VEHICLE ☐ MOBILE HOME ☐ VESSEL   OFF-HIGHWAY VEHICLE: ☐ ATV ☐ ROV ☐ MC

### 1 — OWNER / APPLICANT INFORMATION

Customer Number: **201611907**

Check this box if you are requesting the certificate of title to be printed. ☐

Owner — Are you a Florida resident? ☐yes ☒no; Are you an alien? ☐yes ☒no
Co-Owner — ☒yes ☐no; ☐yes ☒no

Unit Number | Fleet Number

☐ OR ☐ AND NOTE: When joint ownership, please indicate if "or" or "and" is to be shown on title when issued. If neither box is checked, the title will be issued with "and."
If applicable: ☐ Life Estate/Remainder Person ☐ Tenancy By the Entirety ☐ With Rights of Survivorship ☒ Owner's County of Residence:

Owner's Name As It Appears on Driver License (First, Full Middle/Maiden, & Last Name): **FINANCIAL SERVICES VEHICLE TRUST**
Owner's Email Address | Date of Birth | Sex | FL Driver License or FEID/Suffix # **226674598/1**

Co-Owner's Name As It Appears on Driver License (First, Full Middle/Maiden, & Last Name): **BLACKKFIRE TRANSPORT LLC**
Co-Owner's/Lessee's Email Address | Date of Birth | Sex | FL Driver License or FEID/Suffix # /

Owner's Mailing Address (Mandatory unless a member of the Military): **PO BOX 1910** | City **COCKEYSVILLE** | State **MD** | Zip **21030**

Co-Owner's/Lessee's Mailing Address (Mandatory unless a member of the Military): **2020 NE 163RD STREET STE 106** | City **NORTH MIAMI BEACH** | State **FL** | Zip **33162**

Owner's/Lessee's Physical Street Address in Florida (Mandatory unless a member of the Military): **2020 NE 163RD STREET STE 106** | City **NORTH MIAMI BEACH** | State **FL** | Zip **33162**

Mobile Home Physical Address (If applicable) Check if in a mobile home rental park with 10 or more lots. | City | State | Zip

Mail To Customer Name (If different From Above Owner) | Mail To Customer's Email Address | Date of Birth | Sex | FL Driver License or FEID/Suffix #

Mail To Customer Address (If different From Above Mailing Address) | City | State | Zip

### 2 — MOTOR VEHICLE, MOBILE HOME OR VESSEL DESCRIPTION

Vehicle/Vessel Identification Number: **SLATV8C0XPU216487** | Make/Brand **ROL** | Year **2023** | Body **4D** | Color **WHI** | Florida Title Number

Previous State of Issue | License Plate or Vessel Registration Number | Weight **6069** | Length FL In. | BHP/CC | GVW/LOC | VAN USE, IF APPLICABLE ☐ PASSENGER ☐ OTHER

TYPE: ☐ Open Motorboat ☐ Houseboat ☐ Personal Watercraft ☐ Cabin Motorboat ☐ Pontoon ☐ Canoe ☐ Auxiliary Sailboat ☐ Airboat ☐ Other ___ ☐ Inflatable ☐ Sailboat *Specify*

HULL MATERIAL: ☐ Wood ☐ Aluminum ☐ Fiberglass ☐ Steel ☐ Wood/Fiberglass ☐ Other ___ *Specify*

PROPULSION: ☐ Outboard ☐ Sail ☐ Inboard ☐ Air Propelled ☐ Inboard/Outboard ☐ Other ___ *Specify*

FUEL: ☐ Gas ☐ Diesel ☐ Electric ☐ Other ___ *Specify*

*DRAFT OF VESSEL (The depth of water a vessel draws) FT. ___ IN. ___ *For all vessels 26' or more in length and all sailboats

USE OF VESSEL: ☐ Recreational (Pleasure) ☐ Commercial Blue Crab ☐ Commercial Stone Crab ☐ Government ☐ Commercial Sponge ☐ Dealer/Manuf. ☐ Commercial Fish ☐ Commercial Live Bait ☐ Commercial Shrimp Recip. ☐ Commercial Charter ☐ Commercial Other ☐ Exempt ☐ Hire (Livery) ☐ Commercial Mackerel ☐ Commercial Shrimp Non-Recip. ☐ Commercial Oyster ☐ Commercial Spiney Lobster

PREVIOUS OUT-OF-STATE REGISTRATION NUMBER:

Previously Federally Documented Vessel, Attach Copy of: ☐ U.S. Coast Guard Release From Documentation Form; or ☐ Copy of Canceled Documentation Papers | State of Principal Use

### 3 — BRANDS, USAGE AND TYPE (Check Applicable Boxes)

☐ SHORT TERM LEASE ☒ LONG TERM LEASE ☐ REBUILT ☐ POLICE VEHICLE ☐ PRIVATE USE ☐ TAXI CAB ☐ FLOOD ☐ ILEV ☐ CUSTOM
☐ ASSEMBLED FROM PARTS ☐ BONDED TITLE ☐ KIT CAR ☐ GLIDER KIT ☐ MANUF. BUY BACK ☐ REPLICA ☐ AUTONOMOUS ☐ ELECTRIC ☐ STREET ROD

### 4 — LIENHOLDER INFORMATION

CHECK IF ELT CUSTOMER ☒ | ☐ FEID # **201611907** | ☐ DL # and Sex and Date of Birth | ☒ DMV Account # | Date of Lien **12/28/2022** | Lienholder's Name **FINANCIAL SERVICES VEHICLE TRUST**

Lienholder's Email Address | Lienholder's Address **PO BOX 1910** | City **COCKEYSVILLE** | State **MD** | Zip **21030**

☐ If Lienholder authorizes the Department to send the motor vehicle or mobile home title to the owner, check box and countersign: (Does not apply to vessels). If box is not checked, title will be mailed to the first lienholder. ___ (Signature of Lienholder's Representative)

### 5 — TRANSFER TYPE

IF OWNERSHIP HAS TRANSFERRED, HOW AND WHEN WAS THE VEHICLE, MOBILE HOME, OR VESSEL ACQUIRED?
☒ SALE ☐ GIFT ☐ REPOSSESSION ☐ COURT ORDER ☐ OTHER (SPECIFY) | DATE ACQUIRED **12 , 28 , 2022**

### 6 — ODOMETER DECLARATION

WARNING: Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines or imprisonment.

I/WE STATE THAT THIS ☐ 5 OR ☒ 6 DIGIT ODOMETER NOW READS **3 0 .XX (NO TENTHS)** MILES, DATE READ **12 , 28 , 2022** AND I/WE HEREBY CERTIFY THAT TO THE BEST OF MY/OUR KNOWLEDGE THE ODOMETER READING:
☒ 1. REFLECTS ACTUAL MILEAGE. ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS. ☐ 3. IS NOT THE ACTUAL MILEAGE.

### 7 — DEALER SALES TAX REPORT AND VEHICLE TRADE IN INFORMATION (IF APPLICABLE)

FLORIDA SALES TAX REGISTRATION NUMBER **2380120545291** | DATE OF SALE **12/28/2022** | DEALER LICENSE NUMBER **VF10016391** | AMOUNT OF TAX **0.00** | DEALER / AGENT SIGNATURE

YEAR OF TRADE IN | MAKE OF TRADE IN | TITLE NUMBER OF TRADE IN (IF KNOWN) | VEHICLE IDENTIFICATION NUMBER OF TRADE IN

HSMV 82040 – REV. 11/15          RULE 15C-21.001, FAC          www.flhsmv.gov

| 8 | MOTOR VEHICLE IDENTIFICATION NUMBER VERIFICATION |

THIS SECTION REQUIRES A PHYSICAL INSPECTION AND A VERIFICATION OF THE VEHICLE IDENTIFICATION NUMBER (VIN) (OR THE MOTOR NUMBER FOR MOTOR VEHICLES MANUFACTURED PRIOR TO 1955) OF THE MOTOR VEHICLE DESCRIBED ON THIS FORM BY A LICENSED DEALER, FLORIDA NOTARY PUBLIC, POLICE OFFICER, OR FLORIDA DIVISION OF MOTOR VEHICLES EMPLOYEE OR TAX COLLECTOR EMPLOYEE. IF THE VIN IS VERIFIED BY AN OUT OF STATE MOTOR VEHICLE DEALER, THE VERIFICATION MUST BE SUBMITTED ON THEIR LETTERHEAD STATIONERY. COMPLETE THIS SECTION ON ALL USED MOTOR VEHICLES INCLUDING TRAILERS, (WITH ABBREVIATION OF "TL" WITH A WEIGHT OF 2,000 POUNDS OR MORE) NOT CURRENTLY TITLED IN FLORIDA.

I, the undersigned, certify that I have physically inspected the above described vehicle and find the vehicle identification number to be: _Hugo Martinez_ (Vehicle Identification Number)

12/28/2022
DATE

SIGNATURE                                             PRINTED NAME

Law Enforcement Officer or Florida Dealer/Agency Name  **BRAMAN MOTORS**   Badge # or Florida Dealer # **VF10016391**   Notary Stamp or Seal

FL DMV/Tax Collector Employee _____   Florida Compliance Examiner/Inspector Badge or ID Number_____

COMMISSIONED NAME OF FLORIDA NOTARY: _____   NOTARY'S SIGNATURE _____
(Print, Type or Stamp)

| 9 | SALES TAX EXEMPTION CERTIFICATION |

THE PURCHASE OF A RECREATIONAL VEHICLE TO BE OFFERED FOR RENT AS LIVING ACCOMMODATIONS DOES NOT QUALIFY FOR EXEMPTION. I CERTIFY THE RECREATIONAL VEHICLE, MOBILE HOME OR VESSEL DESCRIBED HAS BEEN PURCHASED AND IS EXEMPT FROM THE SALES TAX IMPOSED BY CHAPTER 212, FLORIDA STATUTES, BY:

[ ] PURCHASER (STATE AGENCIES, COUNTIES, ETC.) HOLDS VALID EXEMPTION CERTIFICATE

CONSUMER'S CERTIFICATE OF EXEMPTION NUMBER

[X] MOTOR VEHICLE   [ ] MOBILE HOME   [ ] VESSEL WILL BE USED EXCLUSIVELY FOR RENTAL

**7800075171146**
SALES TAX REGISTRATION NUMBER

I hereby certify that ownership of the motor vehicle, mobile home or vessel described in this application, is not subject to Florida Sales and Use Tax for the following reason: [ ] INHERITANCE [ ] GIFT

[ ] DIVORCE DECREE   [ ] TRANSFER BETWEEN A MARRIED COUPLE   [ ] EVEN TRADE OR TRADE DOWN (State the facts of the even trade or trade down and the transferor information, including the transferor's name and address, below under "Other: Explain.")

[ ] OTHER: (EXPLAIN) _____

| 10 | REPOSSESSION DECLARATION |

IF CHECKED, THE FOLLOWING CERTIFICATIONS ARE MADE BY THE APPLICANT:

[ ] I CERTIFY THAT THIS MOTOR VEHICLE, MOBILE HOME OR VESSEL WAS REPOSSESSED UPON DEFAULT IN THE TERMS OF THE LIEN INSTRUMENT AND IS NOW IN MY POSSESSION.

[ ] (VESSEL) A PHOTOCOPY OF THE LIEN INSTRUMENT FOR THE VESSEL IS REQUIRED AND ATTACHED.

[ ] I AM REQUESTING THAT AN ORIGINAL CERTIFICATE OF REPOSSESSION BE ISSUED FOR THE MOTOR VEHICLE OR MOBILE HOME IN LIEU OF A TITLE (REPOSSESSION).

[ ] I AM REQUESTING THAT A DUPLICATE CERTIFICATE OF REPOSSESSION BE ISSUED FOR THE MOTOR VEHICLE OR MOBILE HOME, AS THE ORIGINAL HAS BEEN LOST OR DESTROYED.

| 11 | NON-USE AND OTHER CERTIFICATIONS |

IF CHECKED, THE FOLLOWING CERTIFICATIONS ARE MADE BY THE APPLICANT:

[ ] I CERTIFY THAT THE CERTIFICATE OF TITLE IS LOST OR DESTROYED.

[ ] THE VEHICLE IDENTIFIED WILL NOT BE OPERATED ON THE STREETS AND HIGHWAYS OF THIS STATE UNTIL PROPERLY REGISTERED.

[ ] THE VESSEL IDENTIFIED WILL NOT BE OPERATED ON THE WATERS OF THIS STATE UNTIL PROPERLY REGISTERED.

[ ] OTHER: (EXPLAIN) _____

| 12 | APPLICATION ATTESTMENT AND SIGNATURES |

I/WE PHYSICALLY INSPECTED THE ODOMETER/VIN AND FURTHER AGREE TO DEFEND THE TITLE AGAINST ALL CLAIMS. (More than one form HSMV 82040 may be used for additional signatures.)
UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

SIGNATURE OF APPLICANT (OWNER)   12/28/2022 Date       SIGNATURE OF APPLICANT (CO-OWNER)   12/28/2022 Date

| 13 | RELEASE OF SPOUSE OR HEIRS INTEREST |

The undersigned person(s) state(s) as follows: That _____ died on _____
(Name of Deceased)                                                   (Date)

[ ] testate (with a will)           [ ] intestate (without a will) and left the surviving heir(s) named below.
[ ] When applicable, the heir(s) (named below) certifies that the certificate of title is lost or destroyed.
UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.
(More than one form HSMV 82040 may be used for additional signatures.)

Print or Type Name of Spouse, Co-owner or Heir(s)        Signature of Spouse, Co-Owner or Heir(s)

That at the time of death the decedent was owner of the motor vehicle, mobile home or vessel described in section 2 of this form. The person(s) signing above hereby releases all of his/her/their right, title, interest and claim as heir(s) at law, legatee(s), devisee(s), or otherwise to the aforesaid motor vehicle, mobile home or vessel to:

Name of Applicant(s) (Print or Type)

RESIDENTS OF FLORIDA AND ALL VESSEL OWNERS, RESIDING IN FLORIDA OR OUT OF STATE, SHOULD SUBMIT THIS FORM AND ALL REQUIRED DOCUMENTATION TO A LOCAL FLORIDA TAX COLLECTOR'S OFFICE OR THE FLORIDA TAX COLLECTOR'S OFFICE LOCATED IN THE APPLICANT'S COUNTY OF RESIDENCE FOR PROCESSING.
Check your local phone book government pages or visit the following website for current mailing addresses: http://www.flhsmv.gov/offices/
www.flhsmv.gov

HSMV 82040 – REV. 11/15      RULE 15C-21.001, FAC

Exhibit H



Gregg Alper <gregg@prolegalserve.com>

## Organized Vehicle Title Fraud Involving Florida DMV Activity

**Jimenez, Jessica** <​████████████████> 		Wed, Jun 18, 2025 at 10:51 AM
To: Gregg Alper ████████████████>, "Luquis, Victor" <████████████████>

Good Morning:

Definitely a fraudulent Florida title.

They didn't even try to make it look legit.

Master Trooper/Investigator Jessica Jimenez

Florida Highway Patrol

Bureau of Criminal Investigations & Intelligence

1030 NW 111th Avenue

Miami, FL 33172

Office:  305-513-3469

Cell: ████████

**From:** Gregg Alper <████████████████>
**Sent:** Wednesday, June 18, 2025 10:41 AM
**To:** Luquis, Victor <████████████████>
**Cc:** Jimenez, Jessica <████████████████>
**Subject:** Re: FW: FW: [EXT] Organized Vehicle Title Fraud Involving Florida DMV Activity

Good morning,

In reference to this case I was finally able to obtain the Florida title that was presented to the DMV in New York for them to issue a NY title. I have attached a copy of the title. Are you able to confirm that this is a fraudulent Florida title?



EXHIBIT
E

# Exhibit I

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JR AUTO COLLECTION, LLC d/b/a
FLORIDA PERFORMANCE CARS,
a Florida limited liability company,             CASE NO.:

      Plaintiff,

v.

GAUGE AUTOMOTIVE, INC.,
a Utah corporation,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, JR AUTO COLLECTION, LLC d/b/a FLORIDA PERFORMANCE
CARS ("FPC" or "Plaintiff"), sues Defendant, GAUGE AUTOMOTIVE, INC.
("Gauge") for damages and in support thereof states as follows:

## INTRODUCTION

1.    This is an action for damages arising from a fraudulent title scheme
involving a 2023 Rolls-Royce Black Badge Cullinan, VIN SLATV8C0XPU216487 (the
"Vehicle").

2.    Plaintiff FPC purchased the Vehicle from Defendant Gauge for
$314,000.00, unaware that Gauge had acquired it from a fraudster lacking valid title,
thereby rendering the Vehicle valueless to FPC.

3.    Indeed, following the sale to FPC, a third party, Financial Services
Vehicle Trust (BMW's captive lender), asserted a superior ownership interest,

requiring FPC to surrender the Vehicle to that entity and otherwise suffer significant financial loss.

4.      Gauge's is liable for its failure to convey valid title.

## PARTIES, JURISDICTION, AND VENUE

5.      This is an action for damages exceeding $50,000.00, exclusive of interest and costs.

6.      FPC is a Florida limited liability company with its principal place of business in Palm Beach County, Florida.

7.      Gauge is a Utah limited liability company with its principal place of business in Salt Lake County, Utah.

8.      This Court has personal jurisdiction over Gauge pursuant to Florida's long-arm statute, § 48.193, Fla. Stat. and the exercise of jurisdiction comports with due process.

9.      Gauge purposefully availed itself of the privilege of conducting business in Florida by soliciting FPC, a Florida entity, for the sale of the subject 2023 Rolls-Royce Black Badge Cullinan.

10.     Gauge's representative initiated contact with FPC in Florida and negotiated the transaction with knowledge that FPC was located and operating in Florida.

11.     Gauge consummated the sale by contracting with FPC in Florida for the Vehicle's purchase.

12.    Moreover, this was not an isolated transaction, as since mid-November 2024 Gauge has sold eleven (11) vehicles to FPC in Florida as part of an ongoing business relationship.

13.    Indeed, that relationship began when a representative of Gauge first solicited FPC's business in Florida, and over the past six to eight months has marketed approximately fifty (50) vehicles directly to FPC.

14.    Through these repeated and deliberate contacts, Gauge has established continuous and systematic business activities in Florida sufficient to subject it to the personal jurisdiction of this Court.

15.    Gauge's repeated, intentional, and ongoing commercial contacts with FPC in Florida constitute the carrying on of a general course of business in this state, sufficient to establish specific and/or general personal jurisdiction.

16.    In addition, Gauge committed a tortious act in Florida and caused injury to FPC in Florida by breaching the contract and implied warranty of title in connection with the Vehicle, while actively soliciting and conducting business in the state.

17.    Venue is proper in Palm Beach County because the cause of action accrued in Palm Beach County, Florida.

## FACTS COMMON TO ALL COUNTS

18.    FPC and Gauge have an existing history of commercial dealings, including prior automotive transactions directed to the state of Florida as set forth above.

3

19.    In or around early 2025, a representative of Gauge directly contacted and solicited FPC for the specific purpose of offering the Vehicle for sale.

20.    Relying on the parties' established business relationship and Gauge's representations, FPC agreed to purchase the Vehicle.

21.    On or about March 4, 2025, FPC purchased the Vehicle from Gauge for $314,000, as reflected in Invoice No. 9672.  A copy of the invoice and wholesale buyers order are attached hereto as **Composite Exhibit "A"**.

22.    The Vehicle was ultimately delivered to FPC in Palm Beach County, Florida.

23.     Shortly thereafter, Gauge transferred and delivered to FPC a certificate of title issued by the New York State Department of Motor Vehicles that showed no lienholder and made no disclosure of any title defect or outstanding encumbrance.

24.    FPC later received formal notice from BMW Financial Services NA, LLC ("BMW FS"), acting as servicer for Financial Services Vehicle Trust ("FSVT"), advising that: (1) FSVT remains the lawful and record titleholder of the Vehicle; (2) FSVT holds a valid, perfected lien on the Vehicle; and (3) The Vehicle had been unlawfully and fraudulently retitled in what appears to be a classic title-washing scheme.  A copy of documentation evincing FSVT's valid electronic title is attached hereto as **Exhibit "B".**

25.    FPC conducted its own investigation and confirmed the title wash.

26.     Indeed, in December 2022, Braman Motors leased the Vehicle as a new car to Blackfire Transport LLC, with FSVT as lessor and lienholder.

27.     However, sometime in or around August 2024, an individual named Steven J. Calderon presented to the New York State Department of Motor Vehicles a forged and fraudulent Florida Certificate of Title for the Vehicle, allegedly issued on January 20, 2023, and listing a Manuel Calderon as the registered owner (the "Fraud Title"). A certified copy of the Fraud Title is attached hereto as **Exhibit "C".**

28.     Upon presentation of the Fraud Title to the New York State Department of Motor Vehicles, that entity issued the above-mentioned New York State Certificate of Title to Steven J. Calderon free and clear of any liens or encumbrances (the "NY Title"). A copy of the NY Title is attached hereto as **Exhibit "D".**

29.     Steven J. Calderon then sold the Vehicle to Gauge, transferring the NY Title to Gauge.

30.     In turn Gauge transferred the NY Title to FPC.

31.     The title and transaction history from the Florida Department of Highway Safety and Motor Vehicles confirms that no Florida Certificate of Title was ever issued to Manuel Calderon.

32.     In addition, an investigator from the Florida Department of Highway Safety and Motor Vehicles has confirmed the illegitimate nature of the Fraud Title, noting "Definitely a fraudulent Florida title… They didn't even try to make it look legit." A copy of the aforesaid E-mail correspondence from Master Trooper/Investigator Jessica Jimenez is attached hereto as **Exhibit "E"**.

33.    As a result, the Fraud Title was invalid and void as a matter of law.

34.    Therefore, any subsequent Certificate of Title or interest stemming from that Fraud Title, including the NY Title is also invalid and void as a matter of law.

35.    Indeed, one who by fraudulent acts acquires an invalid title, cannot pass good title, even to a bona fide purchaser without notice because such purchaser can only obtain the title that his or her transferor actually had.  In other words, no one can transfer or confer better title to a motor vehicle than they themselves have.  *See e.g. Avis Rent-A-Car Sys., Inc. v. Harrison Motor Co.*, 151 So. 2d 855, 857 (Fla. 2d DCA1963).

36.    Steven J. Calderon acquired and passed invalid and void title to Gauge, who in turn passed invalid and void title to FPC.

37.     As a result, FPC is required to return and surrender the Vehicle to its rightful owner, FVST, as to avoid further legal exposure.

38.    Prior to doing so, FPC made multiple written demands upon Gauge for rescission of the transaction, return of the Vehicle to Gauge, refund of the purchase price, and indemnification.

39.    Gauge failed or refused to comply.

40.    As a result, FPC has been deprived of the benefit of its bargain and suffered substantial economic harm, including unreimbursed purchase funds, financing costs, and legal expenses.

41.    All conditions precedent to the filing of this action have occurred, otherwise been complied with or rendered futile.

## COUNT I
## BREACH OF CONTRACT

42.    FPC repeats and realleges paragraphs 1 through 41, above, as if fully set forth herein.

43.    FPC and Gauge entered into a valid contract for the purchase of the Vehicle, which included Gauge providing valid title thereto.

44.    FPC fully performed by paying $314,000.00 to Gauge for the Vehicle.

45.    Gauge materially breached the parties' agreement by failing to deliver valid title to the Vehicle.

46.    FPC has been damaged by Gauge's breach.

**WHEREFORE**, FPC demands judgment in its favor for compensatory damages, consequential damages, pre and post judgment interest, costs and such other and further relief as this Court should deem just, proper and equitable.

## COUNT II
## BREACH OF WARRANTY OF TITLE

47.     FPC repeats and realleges paragraphs 1 through 41, above, as if fully set forth herein.

48.    Gauge is a merchant regularly dealing in motor vehicles.

49.    Pursuant to § 672.312, Fla. Stat., every sale of goods includes an implied warranty that: a) The title conveyed is good, b) The transfer is rightful; and ) The goods are delivered free from any undisclosed lien or encumbrance

7

50.    In addition, as a merchant of motor vehicles, Gauge warranted that the Vehicle shall be delivered free of the rightful claim of any third person by way of infringement or the like.

51.    Gauge breached this warranty and otherwise failed to deliver good title by conveying a Vehicle that remained subject to a valid, prior lien and ownership in favor of FSVT.

52.    As a direct result of Gauge's breach, FPC suffered damages including, but not limited to the $314,000 purchase price, interest and floor plan costs.

**WHEREFORE**, FPC demands judgment in its favor for compensatory damages, consequential damages, pre and post judgment interest, costs and such other and further relief as this Court should deem just, proper and equitable.

## COUNT III
## UNJUST ENRICHMENT

53.    Plaintiff repeats and realleges Paragraphs 1 through 41 above, as if fully set forth herein.

54.    This count is pled in the alternative to Counts II and III.

55.    Plaintiff conferred a direct and substantial benefit on Gauge in the form of payment totaling $314,000.00, for the purpose of purchasing the Vehicle and title thereto.

56.    Gauge was fully aware that it received these funds from Plaintiff as consideration for the delivery of the Vehicle and the transfer of good, marketable title.

57.    Gauge voluntarily accepted and retained the full $314,000.00 from Plaintiff and delivered the Vehicle, but never delivered valid title.

58.    Gauge has no legal or contractual justification to retain the funds without transferring clear valid title or refunding the purchase price.

59.    Under the circumstances, it would be inequitable for Gauge to retain the $314,000.00 or any portion thereof, having failed to provide the essential benefit for which the payment was made, lawful ownership and title to the vehicle.

**WHEREFORE,** Plaintiff demands judgment against Defendant Gauge for damages, along with all other relief the Court deems just, proper and equitable.

Dated this 23rd of June, 2025.

**KURKIN FOREHAND BRANDES LLP**
***Attorneys for Plaintiff***
18851 NE 29th Avenue, Suite 303
Aventura, FL 33180
Tel: (305) 929-8500
Fax: (305) 675-0564
Email: jtalcovitz@kfb-law.com
Email: mbrandes@kfb-law.com
Email: bvillalobos@kfb-law.com


By: */s/ Joshua S. Talcovitz*
    JOSHUA S. TALCOVITZ, ESQ.
    Florida Bar No.: 1027907
    MARC E. BRANDES, ESQ.
    Florida Bar No.: 866423

**Gauge Automotive Inc.**
332 E 3300 S
South Salt Lake, UT  84115
+18018234358
info@stockupsolutions.com
https://www.stockupsolutions.com


STOCK**UP**

**BILL TO**
Jeff Jerman
FLORIDA PERFORMANCE
CARS

**INVOICE 9672**

**DATE** 03/04/2025

**DUE DATE** 03/04/2025

| DATE | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| 03/04/2025 **Vehicle Purchase** | SLATV8C0XPU216487 2023 Rolls-Royce Cullinan Black Badge, Mileage: 9104, Color: undefined | 1 | 312,850.00 | 312,850.00 |
| 03/04/2025 **Buy Fee** | SLATV8C0XPU216487 | 1 | 1,150.00 | 1,150.00 |
| 03/04/2025 **Vehicle Transportation** | SLATV8C0XPU216487 Located in Salt Lake City | 1 | 0.00 | 0.00 |

SLATV8C0XPU216487

| | | |
|---|---|---|
| SUBTOTAL | | 314,000.00 |
| TAX | | 0.00 |
| TOTAL | | 314,000.00 |
| **TOTAL DUE** | | **$314,000.00** |


EXHIBIT
COMPOSITE A



## WHOLESALE AGREEMENT

**Invoice #:** 9672                                                **Invoice Date:** 03/04/2025

| Seller | Gauge Automotive | Buyer | FLORIDA PERFORMANCE CARS |
|---|---|---|---|
| **Address** | 332 E 3300 S STE 200 | **Address** | 7221 HAVERHILL BUSINESS PKWY. SUITE 106 |
| **City, State, Zip** | Salt Lake City, UT 84115 | **City, State, Zip** | RIVIERA BEACH, FL 33407 |
| **Phone Number** | 385.376.3666 | **Phone Number** | |
| **Dealer Number** | 305B | **Dealer Number** | |

| Description of Vehicle | | | |
|---|---|---|---|
| **Year** | **Make** | **Model** | **Color** |
| 2023 | Rolls-Royce | Cullinan | |

| VIN | SLATV8C0XPU216487 |
|---|---|

| Current Title Status: | ☐ **In hand** - will be mailed in 2-3 business days | ☐ **Bank** - Gauge will pay off lien holder |
|---|---|---|

Federal and State law require that you state the mileage upon transfer of ownership. Failure to complete, or providing a false statement may result in fines and/or imprisonment.

I, __Hal Robbins_____, state that the odometer reading of the vehicle listed below to the best of my knowledge reflects the ACTUAL mileage of the vehicle described, unless one of the following is checked:

| | I hereby certify that to the best of my knowledge, the odometer reading reflects the amount of mileage in EXCESS of mechanical limits. |
|---|---|
| | I hereby certify that the odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY. |

| 9104 |
|---|

**Enter odometer reading (no tenths)**

This statement is for seller and buyer information only and may not be used for title transfer documentation.

| Sales Information | | | |
|---|---|---|---|
| **Buyer Sales Tax Exemption:** | | **Agreed Upon Price:** $ 314000 | **Remaining Balance:** $ 314000 |

DMS-40 625050.000045.06

## PDP ELECTRONIC TITLE DOCUMENT

```
ELT*FL    : ELT - FLORIDA
Title #: 0149208992                         Title Type :
Issue Date: 1/20/2023          Lic/Tag/Control #:


  VIN . . . . . . :   SLATV8C0XPU216487

  Vehicle Info. . :   2023 ROL 4D 4D


  Odometer Reading :
           Date  . :
           Status  :


  Owner Information . :   FINANCIAL SERVICES VEHICLE TRUST
  Co-Owner  . . . . . :

  Owner address . . . :   PO BOX 1910

                          COCKEYSVILLE
                          MD    2103079100


  Lienholder Information: FINANCIAL SERVICES VEHICLE TRUST


                          00000

  2nd Lienholder Name   :


  ELT Sent Date . . . . :   1/20/2023
  Lien Type . . . . . . :   P
  Owner Driver License# :


  Brand code . . . . :


  Release name . . . :
  Release address 1  :
  Rel City/State/Zip :    ,
```



EXHIBIT
B

# CERTIFICATE OF TITLE

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| SLATV8C0XPU216487 | 2023 | ROLLS-R | SUV | 6180 | | 149208992 |

Lien Release
Interest in the described vehicle is hereby released

| Prev State | Color | Primary Brand | Secondary Brand | No of Brands | Use | Prev Issue Date |
|---|---|---|---|---|---|---|
| | WHITE | | | | PRIVATE | |

By _____
Title _____

| Odometer Status or Vessel Manufacturer or OH use | Engine Drive | Hull Material | Prop | Date of Issue |
|---|---|---|---|---|
| 00030 MILES 12/28/2022 ACTUAL | | | | 01/20/2023 |

Date _____

Registered Owner

MANUEL CALDERON
900 SW 16TH ST
BOCA RATON, FL 33486

1st Lienholder

DIVISION OF MOTORIST SERVICES        TALLAHASSEE        FLORIDA        DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

Robert R. Kynoch
Director

Central Number    666271669

Terry L. Rhodes
Executive Director

TRANSFER OF TITLE BY SELLER (This section must be completed at the time of sale.)

Seller Must Enter Purchaser's Name: Steven J Calderon

Seller Must Enter Selling Price: _____

I/We state that this ☐ 5 or ☐ 6 digit odometer now reads _____ and I hereby certify that to the best of my knowledge the odometer reading

☐ 1. reflects ACTUAL MILEAGE.    ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS.    ☐ 3. IS NOT THE ACTUAL MILEAGE.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

SELLER Must Sign Here: Manuel Calderon

Print Here: Manuel Calderon

Selling Dealer's License Number: _____

Auth Number _____

PURCHASER Must Sign Here: _____

Print Here: STEVEN CALDERON

CO-PURCHASER Must Sign Here: _____
Print Here: _____

NOTICE: PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE.

HSMV 82250 (REV 3/15)        STATE OF FLORIDA

This is to certify that this document is a true and complete copy of a record on file in the New York State Department of Motor Vehicles, Albany, New York.

Mark J.F. Schroeder
COMMISSIONER OF MOTOR VEHICLES

ABS-2 (2/19)

**EXHIBIT**
**C**

**ODOMETER CERTIFICATION** - Federal and state laws require that you state the mileage in connection with transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

**FIRST REASSIGNMENT BY LICENSED DEALER**

| Selling Dealer's License No.: | Selling Dealer's Name: | Tax No.: | Tax Collected: |
|---|---|---|---|

Selling Dealer's Address: _____     Date Sold: _____

Purchaser's Name(s): _____     Address: _____

I/WE STATE THAT THIS ☐ 5 OR ☐ 6 DIGIT ODOMETER NOW READS ☐☐☐☐☐☐☐ XX (NO TENTHS) MILES, DATE READ ___/___/___ , AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX
☐ 1. REFLECTS ACTUAL MILEAGE
☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)
☐ 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here: _____     Co-Purchaser Must Sign Here: _____

Print Here: _____     Print Here: _____

Seller/Agent Must Sign Here: _____     Auction Name (When Applicable): _____

Print Here: _____     Auction License Number: _____

**SECOND REASSIGNMENT BY LICENSED DEALER**

| Selling Dealer's License No.: | Selling Dealer's Name: | Tax No.: | Tax Collected: |
|---|---|---|---|

Selling Dealer's Address: _____     Date Sold: _____

Purchaser's Name(s): _____

I/WE STATE THAT THIS ☐ 5 OR ☐ 6 DIGIT ODOMETER NOW READS ☐☐☐☐☐☐☐ XX (NO TENTHS) MILES, DATE READ ___/___/___ , AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX
☐ 1. REFLECTS ACTUAL MILEAGE
☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)
☐ 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here: _____     Co-Purchaser Must Sign Here: _____

Print Here: _____     Print Here: _____

Seller/Agent Must Sign Here: _____     Auction Name (When Applicable): _____

Print Here: _____     Auction License Number: _____

**THIRD REASSIGNMENT BY LICENSED DEALER**

| Selling Dealer's License No.: | Selling Dealer's Name: | Tax No.: | Tax Collected: |
|---|---|---|---|

Selling Dealer's Address: _____     Date Sold: _____

Purchaser's Name(s): _____

I/WE STATE THAT THIS ☐ 5 OR ☐ 6 DIGIT ODOMETER NOW READS ☐☐☐☐☐☐☐ XX (NO TENTHS) MILES, DATE READ ___/___/___ , AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX
☐ 1. REFLECTS ACTUAL MILEAGE
☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)
☐ 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here: _____     Co-Purchaser Must Sign Here: _____

Print Here: _____     Print Here: _____

Seller/Agent Must Sign Here: _____     Auction Name (When Applicable): _____

Print Here: _____     Auction License Number: _____

EXCELSIOR

This is to certify that this document is a true and complete copy of a record on file in the New York State Department of Motor Vehicles, Albany, New York.

*Mark JF. Schroeder*

COMMISSIONER OF MOTOR VEHICLES

ABS-2 (2/19)



CALDERON,STEVEN,J
441 CENTRAL PARK 280
SCARSDALE          NY 10583

001882

# CERTIFICATE OF TITLE

## NEW YORK STATE

dmv.ny.gov

| Title and Identification No. | | | Year | Make | Model Code | Body/Hull | Document No. |
|---|---|---|---|---|---|---|---|
| SLATV8C0XPU216487 SLATV8C0XPU216487 | | | 2023 | RO/RO | N/A | SUBN | 710332V |

| Color | Wt./Sts./Lgth. | Fuel | Cyl./Prop. | New or Used | Type of Title | Date Issued |
|---|---|---|---|---|---|---|
| WH | 6069 | GAS | 12 | USED | VEHICLE | 8/27/24 |

Name and Address of Owner(s)

**ODOMETER READING:**   05000
05000

CALDERON, STEVEN, J
441 CENTRAL PARK 280
SCARSDALE          NY 10583

**ACTUAL MILEAGE**

VOID IF ALTERED

This document is your proof of ownership for this vehicle, boat or manufactured home. Keep it in a safe place, not with your license or registration or in your vehicle or boat. To dispose of your vehicle, boat or manufactured home, complete the transfer section on the back and give this title to the new owner.

| Lienholder | Lienholder |
|---|---|
| * NO LIENS RECORDED * | * NO LIENS RECORDED * |
| Lienholder | Lienholder |
| * NO LIENS RECORDED * | * NO LIENS RECORDED * |

MV-999 (3/21)

## DEPARTMENT OF MOTOR VEHICLES

ANY CHANGE OR ERASURE WILL VOID THIS TITLE -- ANY FALSE STATEMENT IS A MISDEMEANOR

**SECTION I - Transfer by Owner**

**ODOMETER DISCLOSURE STATEMENT**

*Note: This vehicle cannot be registered or titled in the name of the new owner unless mileage is disclosed.*
*Federal and State Law require that you state the mileage of the vehicle described on this certificate when transferring ownership.*
*Failure to do so, or providing a false statement, may result in fines and/or imprisonment.*

I certify that, to the best of my knowledge, this odometer reading *(check one)*:
- ☒ 1. reflects the ACTUAL MILEAGE as seen on the odometer of the vehicle described on the front.
- ☐ 2. EXCEEDS MECHANICAL LIMITS (odometer started over at zero)
- ☐ 3. not the actual mileage. WARNING - ODOMETER DISCREPANCY.

**ODOMETER READING**

9104

(no tenths)

**ODOMETER HAS SPACE FOR:** *(Check one)*
- ☐ Five Digits, *excluding tenths*
- ☐ Six Digits, *excluding tenths*

**DAMAGE DISCLOSURE STATEMENT (To be Completed by Owner Named on Face of Title)**

I certify that, to the best of my knowledge, this vehicle ☐ has been or ☐ has not been wrecked, destroyed or damaged to such an extent that the total estimate or actual cost of parts and labor to rebuild or reconstruct the vehicle to the condition it was in before an accident, and for legal operation on the road or highways, is more than 75% of the retail value of the vehicle at the time of loss. (Checking the "has" box means that the vehicle must have an anti-theft examination before being registered and that the title issued will have the statement "Rebuilt Salvage: NY" on it.)

I or we transfer the vehicle, boat or manufactured home described on this certificate. At the time of transfer, this title is subject only to the liens or encumbrances listed on this certificate, if any. I also certify that this is the most recent title issued for this vehicle, boat or manufactured home.
*Note: Section 2113 of the Vehicle and Traffic Law requires that application for a title must be made within 30 days of transfer.*

| | | | |
|---|---|---|---|
| **Seller's Signature** Steven J Calderon by POA whitney Olton | **Seller's Name** *(Print in Full)* Steven J Calderon | | |
| **Street Address** 441 Central Park 2BD | **City** Scarsdale | **State** NY   **ZIP code** 10583 | **Date of Statement** 3/4/2025 |
| **Buyer's Signature** | **Buyer's Name** *(Print in Full)* Gauge Automotive AGT Josh Hirahara | | |
| **Street Address** 332 E 3300 S | **City** Salt Lake City | **State** UT   **ZIP code** 84115 | **Date of Statement** 3/4/2025 |

**SECTION II - Reassignment by Manufactured Home Dealer or Registered Boat Dealer or Out-of-State Dealer**

**ODOMETER DISCLOSURE STATEMENT**

*Note: This vehicle cannot be registered or titled in the name of the new owner unless mileage is disclosed.*
*Federal and State Law require that you state the mileage of the vehicle described on this certificate when transferring ownership.*
*Failure to do so, or providing a false statement, may result in fines and/or imprisonment.*

I certify that, to the best of my knowledge, this odometer reading *(check one)*:
- ☐ 1. reflects the ACTUAL MILEAGE of the vehicle described on the front.
- ☐ 2. EXCEEDS MECHANICAL LIMITS (odometer started over at zero)
- ☐ 3. not the actual mileage. WARNING ODOMETER DISCREPANCY.

**ODOMETER READING**

9104

(no tenths)

**ODOMETER HAS SPACE FOR:** *(Check one)*
- ☐ Five Digits, *excluding tenths*
- ☐ Six Digits, *excluding tenths*

I or we transfer the vehicle, boat or manufactured home described on this certificate. At the time of transfer, this title is subject only to the liens or encumbrances listed on this certificate, if any. I also certify that this is the most recent title issued for this vehicle, boat or manufactured home.
*Note: Section 2113 of the Vehicle and Traffic Law requires that application for a title must be made within 30 days of transfer.*

| | | | |
|---|---|---|---|
| **Seller's Signature** whitney Olson | **Seller's Name** *(Print in Full)* Gauge Automotive AGT Whitney Olson | | |
| **Street Address** 332 E 3300 S | **City** Salt Lake City | **State** UT   **ZIP code** 84115 | **Date of Statement** 3/4/2025 |
| **Buyer's Signature** (AGT) | **Buyer's Name** *(Print in Full)* Florida Performance Cars / Jaclyn Briskin (AGT) | | |
| **Street Address** 7711 Haverhill Business Pkwy STE 106 | **City** Riviera Beach | **State** FL   **ZIP code** 33407 | **Date of Statement** 03/04/25 |
| | | **Boat Dealer's Facility #** | |

MV-999 (3/21)    M  7453268

# UTAH SECURE POWER OF ATTORNEY

*Notice:* This form may be used when title is not present at the time of sale, held by the lienholder or has been lost. This form must be submitted to the State by the person exercising Powers of Attorney. Federal and State law require that you disclose mileage of the vehicle upon transfer of ownership. Providing a false statement may result in fines and/or imprisonment.

VIN SLATV8C0XPU216487 _____ Year 2023 ___ Make Rolls-Royce _____ Model Cullinan _____
(Vehicle Identification Number)

## POWER OF ATTORNEY TO DISCLOSE MILEAGE, REVIEW
## TITLE DOCUMENT, AND ACKNOWLEDGE DISCLOSURE

I, Steven J Calderon _____ appoint Gauge Automotive _____ as my attorney-in-fact, to sign all papers and documents required to secure the title and further grant the authority to endorse and transfer title thereto, and to disclose the mileage, for the vehicle described above, exactly as stated in my following disclosure.

I state that the odometer now reads 9104 _____ (NO TENTHS) miles and to the best of my knowledge that it reflects the actual mileage unless one of the following statements is checked:

☐ 1. I hereby certify that to the best of my knowledge the odometer reading reflects the mileage in excess of its mechanical limits.

☐ 2. I hereby certify that the odometer reading is NOT the actual mileage. *WARNING–ODOMETER DISCREPANCY*

Date of Statement: __3/4/25__

| (Transferor's Signature) | Steven J Calderon | | |
|---|---|---|---|
| | (Printed Name) | (Co–Transferor's Signature) | (Printed Name) |

Transferor's Address  441 Central Park 280 _____ Scarsdale ___ NY ___ 10583
                                    (Street)              (City)       (State)    (Zip Code)

| whitney Olson | whitney Olson | Gauge Automotive | 305B |
|---|---|---|---|
| (Transferee's Signature) | (Printed Name) | (Dealership Name) | (Dealer License Number) |

Transferee's Address  332 E 3300 S _____ Salt Lake City ___ UT ___ 84115
                                    (Street)              (City)       (State)    (Zip Code)

## CERTIFICATION

I, Whitney Olson ___, am exercising powers of attorney, and hereby certify that the mileage I have disclosed on the title document is consistent with that provided to me in the above power of attorney. Upon examination of the title and any reassignment documents for the vehicle described above, the mileage disclosure I have made on the title pursuant to the power of attorney is greater than the previously stated on the title and reassignment documents. This certification is not intended to create, nor does it create a new or additional liability under Federal or State law.

Signature _Whitney Olson_ Printed Name _Whitney Olson_ Date _3/4/2025_

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
G3ZWX-LPVSH-XTXVF-BSBQF

DOCUMENT COMPLETED BY ALL PARTIES ON
05 MAR 2025 21:22:34 UTC

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|

**SPRINT4NEXTEL@YAHOO.COM**

EMAIL
SPRINT4NEXTEL@YAHOO.COM

SHARED VIA
LINK

SENT
04 MAR 2025 22:46:26 UTC

VIEWED
04 MAR 2025 23:00:04 UTC

SIGNED
04 MAR 2025 23:01:23 UTC

IP ADDRESS
69.124.104.21

LOCATION
SCARSDALE, UNITED STATES

---

**WHITNEY OLSON**

EMAIL
INFO@SELLGAUGE.COM

SENT
04 MAR 2025 22:46:26 UTC

VIEWED
05 MAR 2025 21:20:35 UTC

SIGNED
05 MAR 2025 21:22:34 UTC

*Whitney Olson*

IP ADDRESS
65.130.182.171

LOCATION
SALT LAKE CITY, UNITED STATES

**RECIPIENT VERIFICATION**

EMAIL VERIFIED
05 MAR 2025 21:20:35 UTC

Signed with PandaDoc

PAGE 1 OF 1





Gregg Alper <gregg@prolegalserve.com>

___

## Organized Vehicle Title Fraud Involving Florida DMV Activity

Jimenez, Jessica < ██████████████ >                    Wed, Jun 18, 2025 at 10:51 AM
To: Gregg Alper ██████████████ >, "Luquis, Victor" < ██████████ >

Good Morning:

Definitely a fraudulent Florida title.

They didn't even try to make it look legit.


Master Trooper/Investigator Jessica Jimenez

Florida Highway Patrol

Bureau of Criminal Investigations & Intelligence

1030 NW 111th Avenue

Miami, FL 33172

Office:  305-513-3469

Cell: ██████████


**From:** Gregg Alper < ██████████████ >
**Sent:** Wednesday, June 18, 2025 10:41 AM
**To:** Luquis, Victor < ██████████████ >
**Cc:** Jimenez, Jessica < ██████████████ >
**Subject:** Re: FW: FW: [EXT] Organized Vehicle Title Fraud Involving Florida DMV Activity


Good morning,

In reference to this case I was finally able to obtain the Florida title that was presented to the DMV in New York for them to issue a NY title. I have attached a copy of the title. Are you able to confirm that this is a fraudulent Florida title?



EXHIBIT
E

Exhibit J

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JR AUTO COLLECTION, LLC d/b/a
FLORIDA PERFORMANCE CARS,
A Florida limited liability company,                  CASE NO.: 50-2025-CA-006161-XXXA-MB

      Plaintiff,

v.

GAUGE AUTOMOTIVE, INC.,
A Utah corporation,

      Defendant.

_____/

## FINANCIAL SERVICE VEHICLE TRUST'S, BY AND THROUGH ITS SERVICER BMW FINANCIAL SERVICES NA, LLC, MOTION TO INTERVENE FOR REPLEVIN

FINANCIAL SERVICES VEHICLE TRUST ("FSVT"), by and through its servicer BMW FINANCIAL SERVICES NA, LLC ("BMW FS"), pursuant to Florida Rule of Civil Procedure 1.230, files this Motion for an entry of an Order allowing it to intervene in this proceeding and to have its status not subordinated to that of the other parties in this proceeding, or with as few restrictions as this Court deems just and proper. In support of its motion, BMW FS states as follows:

## INTRODUCTION

1.      The instant action, filed by plaintiff JR Auto Collection, LLC d/b/a Florida Performance Cars ("FPC"), seeks damages in connection with defendant Gauge Automotive, Inc.'s ("Gauge") breach of contract, breach of warranty of title, and unjust enrichment. A true and correct copy of FPC's Complaint (the "Complaint") is attached hereto as **Exhibit "A"**.

2.      BMW FS is an interested party in this action because it asserts a superior ownership interest in a 2023 Rolls Royce Black Badge Cullinan, bearing Vehicle Identification Number SLATV8C0XPU216487, which is the subject of the Complaint (the "Vehicle"). *See* Complaint ¶ 3.

3.      Specifically, FSVT, the titleholder of the Vehicle, holds a valid, perfected lien. *Id.* at ¶¶ 1, 3.

4.      At some point, the Vehicle was fraudulently retitled. *Id.* at ¶ 24. Subsequently, Gauge acquired the Vehicle from a fraudster lacking valid title. *Id.* at ¶ 2. Gauge then sold the Vehicle to FPC, who was unaware of the title fraud, for some $314,000. *Id.* Accordingly, the Vehicle is valueless to FPC, since the fraudulent title was invalid and void as a matter of law. *Id.* at ¶¶ 2, 33.

5.      Once FSVT noticed FPC of the title fraud, FPC demanded for, among other things, rescission of its transaction with Gauge and return of the Vehicle to Gauge. ¶ 38.

6.      FPC currently holds possession over the Vehicle and must surrender and return the Vehicle to FSVT. *See Id.* at ¶ 37.

7.      As such, pursuant to Rule 1.230 Fla.R.Civ.P., FSVT claims an interest in the pending litigation and seeks replevin of the Vehicle. Further, FSVT requests that the intervention not be subordinate to the interest of the parties in the proceedings.

## LEGAL STANDARD

8.      "Intervention should be liberally allowed." *Midnight Express Power Boats, Inc. v. Aguilar*, App. 3 Dist., 390 So.3d 128 (2024), rehearing denied. As a threshold matter, Fla.R.Civ.P. Rule 1.230 provides that anyone with an interest in pending litigation may be permitted to assert a right by intervention. Specifically, intervention may be permitted "'if the party seeking

intervention has an interest in [the] litigation . . . of such direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment.'" *Castro Convertible Corp. v. Castro*, 596 F.2d 123, 125 (5th Cir. 1979) (citing *Miracle House Corp. v. Haige*, 96 So.2d 417, 418 (Fla. 1957) (quoting *Morgareidge v. Howey*, 75 Fla. 234, 78 So. 14, 15 (1918))). In this context, "[a]n intervenor must accept the record and pleadings as he finds them and cannot raise new issues and is limited to arguing the issues as they apply to him as a party." *Wilson v. Wilson*, 211 So. 3d 313, 316 (Fla. Dist. Ct. App. 2017).

9.    If the court determines that requisite interest exists, "it must exercise its sound discretion to determine whether to permit intervention." *Union Cent. Life Ins. Co. v. Carlisle*, 593 So. 2d 505, 507 (Fla. 1992) ("*Carlisle*"). In determining whether to permit an intervention, a court "should consider a number of factors, including the derivation of the interest, any pertinent contractual language, the size of the interest, the potential for conflicts or new issues, and any other relevant circumstance." *Id.* at 507-08; *Harbor Specialty Ins. Co. v. Schwartz*, 932 So. 2d 383, 386 (Fla. Dist. Ct. App. 2006).

10.    Once an intervention is permitted, "the court must determine the parameters of the intervention . . . [which] should be limited to the extent necessary to protect the interest of all parties." *Carlisle* at 508.

## ARGUMENT

11.    FSVT's interest in the case at bar arises from its status as the Vehicle's legal titled owner. As such, FSVT's "direct and immediate" interest is apparent, because the subject of this litigation concerns FSVT's personal property. As such, any judgment in this litigation will necessarily affect FSVT's rights, including but not limited to, immediate possession and control over the Vehicle and/or financial interests with regard to the Vehicle. *Castro*, 596 F.2d 123, 125.

3

*See Miller v. Townhouse Dev. Corp.*, 178 So. 2d 730, 723 (Fla. Dist. Ct. App. 1965) (intervention should be permitted "when, in a possessory action, there is privity of title . . . and the plaintiff claims the right to possession of the chattels which are . . . in the possession of the [party requesting intervention] and are held adversely to the plaintiff").[1] Indeed, any action or proceeding involving the Vehicle necessarily puts FSVT's interest at the heart of the matter.

12.    In exercising its discretion, this Court should consider FSVT's original ownership interest in the Vehicle, which is valued at a non-insignificant sum of about $314,000. *See* Complaint ¶ 44. Moreover, a judgment in this proceeding may give rise to new conflicts and issues, potentially involving all parties in further litigation, i.e., involved parties may contest FSVT's ownership and delay its repossession of the Vehicle. Meanwhile, there is no reason resolution of the present underlying action warrants a maintenance of the status quo (in which FSVT is unable to retake possession of its Vehicle). Indeed, turnover of the vehicle to FSVT would not affect the underlying parties' respective rights or interests. Thus, allowing FSVT's intervention is in the interest of judicial economy. *See Carlisle* at 507; *see also Harbor*, 932 So. 2d at 386.

13.    Based on the foregoing, this Court should permit FSVT to intervene, with FSVT's right limited to its interest in the Vehicle. *See Carlisle* at 508. Given that the Vehicle is at the heart of this matter, FSVT requests that its intervention not be subordinated to this action. Additionally, the Vehicle's return to FSVT, as requested, will simplify the current proceeding, i.e., FSVT will be able to repossess the Vehicle, and the parties will be able to proceed with this action without further complicating FSVT's clear ownership rights and involvement. *Id.*

---

[1] The facts of the immediate case are distinguishable from *Miller*, where the party seeking intervention possesses the property at issue. Here, FPC possesses a vehicle that belongs to FSVT and seeks damages that relate to the Vehicle's purchase. However, the principle espoused by the *Miller* court is especially pertinent in this case because FSVT seeks possession over its personal property. Further, depriving FSVT of the Vehicle's possession financially damages FSVT due to the Vehicle's depreciation in value over time.

**WHEREFORE**, FINANCIAL SERVICES VEHICLE TRUST, by and through its servicer, BMW OF NORTH AMERICA NA, LLC respectfully requests that this Court enter an Order finding it a necessary party without limitation, and allowing it to intervene such that its interest is not subordinate to the other parties in this action, and such further relief as this Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the Florida E-Portal electronic system and that a true and correct copy of the foregoing has been furnished to all counsel of record via the Florida E-Portal and/or Electronic Mail on this 3rd  day of July, 2025.

**BIEDERMANN HOENIG SEMPREVIVO, P.A.**
601 Brickell Key Drive, Suite 700
Miami, Florida 33131
(646) 218-7541 Ext. 541– Telephone
(646) 218-7510– Fascimile
E-mail: suzanne.valles@lawbhs.com


By: /s/ Suzanne M. Valles_____
       SUZANNE M. VALLES
       Florida Bar No. 124546

# EXHIBIT

# "A"

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JR AUTO COLLECTION, LLC d/b/a
FLORIDA PERFORMANCE CARS,
a Florida limited liability company,                     CASE NO.:

      Plaintiff,

v.

GAUGE AUTOMOTIVE, INC.,
a Utah corporation,

      Defendant.

_____/

## **COMPLAINT FOR DAMAGES**

Plaintiff, JR AUTO COLLECTION, LLC d/b/a FLORIDA PERFORMANCE
CARS ("FPC" or "Plaintiff"), sues Defendant, GAUGE AUTOMOTIVE, INC.
("Gauge") for damages and in support thereof states as follows:

## **INTRODUCTION**

1.    This is an action for damages arising from a fraudulent title scheme
involving a 2023 Rolls-Royce Black Badge Cullinan, VIN SLATV8C0XPU216487 (the
"Vehicle").

2.    Plaintiff FPC purchased the Vehicle from Defendant Gauge for
$314,000.00, unaware that Gauge had acquired it from a fraudster lacking valid title,
thereby rendering the Vehicle valueless to FPC.

3.    Indeed, following the sale to FPC, a third party, Financial Services
Vehicle Trust (BMW's captive lender), asserted a superior ownership interest,

requiring FPC to surrender the Vehicle to that entity and otherwise suffer significant financial loss.

4. Gauge's is liable for its failure to convey valid title.

## **PARTIES, JURISDICTION, AND VENUE**

5. This is an action for damages exceeding $50,000.00, exclusive of interest and costs.

6. FPC is a Florida limited liability company with its principal place of business in Palm Beach County, Florida.

7. Gauge is a Utah limited liability company with its principal place of business in Salt Lake County, Utah.

8. This Court has personal jurisdiction over Gauge pursuant to Florida's long-arm statute, § 48.193, Fla. Stat. and the exercise of jurisdiction comports with due process.

9. Gauge purposefully availed itself of the privilege of conducting business in Florida by soliciting FPC, a Florida entity, for the sale of the subject 2023 Rolls-Royce Black Badge Cullinan.

10. Gauge's representative initiated contact with FPC in Florida and negotiated the transaction with knowledge that FPC was located and operating in Florida.

11. Gauge consummated the sale by contracting with FPC in Florida for the Vehicle's purchase.

12.    Moreover, this was not an isolated transaction, as since mid-November 2024 Gauge has sold eleven (11) vehicles to FPC in Florida as part of an ongoing business relationship.

13.    Indeed, that relationship began when a representative of Gauge first solicited FPC's business in Florida, and over the past six to eight months has marketed approximately fifty (50) vehicles directly to FPC.

14.    Through these repeated and deliberate contacts, Gauge has established continuous and systematic business activities in Florida sufficient to subject it to the personal jurisdiction of this Court.

15.    Gauge's repeated, intentional, and ongoing commercial contacts with FPC in Florida constitute the carrying on of a general course of business in this state, sufficient to establish specific and/or general personal jurisdiction.

16.    In addition, Gauge committed a tortious act in Florida and caused injury to FPC in Florida by breaching the contract and implied warranty of title in connection with the Vehicle, while actively soliciting and conducting business in the state.

17.    Venue is proper in Palm Beach County because the cause of action accrued in Palm Beach County, Florida.

## FACTS COMMON TO ALL COUNTS

18.    FPC and Gauge have an existing history of commercial dealings, including prior automotive transactions directed to the state of Florida as set forth above.

19.    In or around early 2025, a representative of Gauge directly contacted and solicited FPC for the specific purpose of offering the Vehicle for sale.

20.    Relying on the parties' established business relationship and Gauge's representations, FPC agreed to purchase the Vehicle.

21.    On or about March 4, 2025, FPC purchased the Vehicle from Gauge for $314,000, as reflected in Invoice No. 9672. A copy of the invoice and wholesale buyers order are attached hereto as **Composite Exhibit "A"**.

22.    The Vehicle was ultimately delivered to FPC in Palm Beach County, Florida.

23.    Shortly thereafter, Gauge transferred and delivered to FPC a certificate of title issued by the New York State Department of Motor Vehicles that showed no lienholder and made no disclosure of any title defect or outstanding encumbrance.

24.    FPC later received formal notice from BMW Financial Services NA, LLC ("BMW FS"), acting as servicer for Financial Services Vehicle Trust ("FSVT"), advising that: (1) FSVT remains the lawful and record titleholder of the Vehicle; (2) FSVT holds a valid, perfected lien on the Vehicle; and (3) The Vehicle had been unlawfully and fraudulently retitled in what appears to be a classic title-washing scheme. A copy of documentation evincing FSVT's valid electronic title is attached hereto as **Exhibit "B".**

25.    FPC conducted its own investigation and confirmed the title wash.

26.     Indeed, in December 2022, Braman Motors leased the Vehicle as a new car to Blackfire Transport LLC, with FSVT as lessor and lienholder.

27.     However, sometime in or around August 2024, an individual named Steven J. Calderon presented to the New York State Department of Motor Vehicles a forged and fraudulent Florida Certificate of Title for the Vehicle, allegedly issued on January 20, 2023, and listing a Manuel Calderon as the registered owner (the "Fraud Title").  A certified copy of the Fraud Title is attached hereto as **Exhibit "C".**

28.     Upon presentation of the Fraud Title to the New York State Department of Motor Vehicles, that entity issued the above-mentioned New York State Certificate of Title to Steven J. Calderon free and clear of any liens or encumbrances (the "NY Title").  A copy of the NY Title is attached hereto as **Exhibit "D".**

29.     Steven J. Calderon then sold the Vehicle to Gauge, transferring the NY Title to Gauge.

30.     In turn Gauge transferred the NY Title to FPC.

31.     The title and transaction history from the Florida Department of Highway Safety and Motor Vehicles confirms that no Florida Certificate of Title was ever issued to Manuel Calderon.

32.     In addition, an investigator from the Florida Department of Highway Safety and Motor Vehicles has confirmed the illegitimate nature of the Fraud Title, noting "Definitely a fraudulent Florida title… They didn't even try to make it look legit."  A copy of the aforesaid E-mail correspondence from Master Trooper/Investigator Jessica Jimenez is attached hereto as **Exhibit "E"**.

33.     As a result, the Fraud Title was invalid and void as a matter of law.

34.     Therefore, any subsequent Certificate of Title or interest stemming from that Fraud Title, including the NY Title is also invalid and void as a matter of law.

35.     Indeed, one who by fraudulent acts acquires an invalid title, cannot pass good title, even to a bona fide purchaser without notice because such purchaser can only obtain the title that his or her transferor actually had.  In other words, no one can transfer or confer better title to a motor vehicle than they themselves have.  *See e.g. Avis Rent-A-Car Sys., Inc. v. Harrison Motor Co.*, 151 So. 2d 855, 857 (Fla. 2d DCA1963).

36.     Steven J. Calderon acquired and passed invalid and void title to Gauge, who in turn passed invalid and void title to FPC.

37.      As a result, FPC is required to return and surrender the Vehicle to its rightful owner, FVST, as to avoid further legal exposure.

38.     Prior to doing so, FPC made multiple written demands upon Gauge for rescission of the transaction, return of the Vehicle to Gauge, refund of the purchase price, and indemnification.

39.     Gauge failed or refused to comply.

40.     As a result, FPC has been deprived of the benefit of its bargain and suffered substantial economic harm, including unreimbursed purchase funds, financing costs, and legal expenses.

41.     All conditions precedent to the filing of this action have occurred, otherwise been complied with or rendered futile.

## COUNT I
## BREACH OF CONTRACT

42.    FPC repeats and realleges paragraphs 1 through 41, above, as if fully set forth herein.

43.    FPC and Gauge entered into a valid contract for the purchase of the Vehicle, which included Gauge providing valid title thereto.

44.    FPC fully performed by paying $314,000.00 to Gauge for the Vehicle.

45.    Gauge materially breached the parties' agreement by failing to deliver valid title to the Vehicle.

46.    FPC has been damaged by Gauge's breach.

**WHEREFORE**, FPC demands judgment in its favor for compensatory damages, consequential damages, pre and post judgment interest, costs and such other and further relief as this Court should deem just, proper and equitable.

## COUNT II
## BREACH OF WARRANTY OF TITLE

47.    FPC repeats and realleges paragraphs 1 through 41, above, as if fully set forth herein.

48.    Gauge is a merchant regularly dealing in motor vehicles.

49.    Pursuant to § 672.312, Fla. Stat., every sale of goods includes an implied warranty that: a) The title conveyed is good, b) The transfer is rightful; and ) The goods are delivered free from any undisclosed lien or encumbrance

50.    In addition, as a merchant of motor vehicles, Gauge warranted that the Vehicle shall be delivered free of the rightful claim of any third person by way of infringement or the like.

51.    Gauge breached this warranty and otherwise failed to deliver good title by conveying a Vehicle that remained subject to a valid, prior lien and ownership in favor of FSVT.

52.    As a direct result of Gauge's breach, FPC suffered damages including, but not limited to the $314,000 purchase price, interest and floor plan costs.

**WHEREFORE**, FPC demands judgment in its favor for compensatory damages, consequential damages, pre and post judgment interest, costs and such other and further relief as this Court should deem just, proper and equitable.

## COUNT III
## UNJUST ENRICHMENT

53.    Plaintiff repeats and realleges Paragraphs 1 through 41 above, as if fully set forth herein.

54.    This count is pled in the alternative to Counts II and III.

55.    Plaintiff conferred a direct and substantial benefit on Gauge in the form of payment totaling $314,000.00, for the purpose of purchasing the Vehicle and title thereto.

56.    Gauge was fully aware that it received these funds from Plaintiff as consideration for the delivery of the Vehicle and the transfer of good, marketable title.

57.    Gauge voluntarily accepted and retained the full $314,000.00 from Plaintiff and delivered the Vehicle, but never delivered valid title.

58.    Gauge has no legal or contractual justification to retain the funds without transferring clear valid title or refunding the purchase price.

59.    Under the circumstances, it would be inequitable for Gauge to retain the $314,000.00 or any portion thereof, having failed to provide the essential benefit for which the payment was made, lawful ownership and title to the vehicle.

**WHEREFORE,** Plaintiff demands judgment against Defendant Gauge for damages, along with all other relief the Court deems just, proper and equitable.

Dated this 23rd of June, 2025.

**KURKIN FOREHAND BRANDES LLP**
***Attorneys for Plaintiff***
18851 NE 29th Avenue, Suite 303
Aventura, FL 33180
Tel: (305) 929-8500
Fax: (305) 675-0564
Email: jtalcovitz@kfb-law.com
Email: mbrandes@kfb-law.com
Email: bvillalobos@kfb-law.com


By: */s/ Joshua S. Talcovitz*
    JOSHUA S. TALCOVITZ, ESQ.
    Florida Bar No.: 1027907
    MARC E. BRANDES, ESQ.
    Florida Bar No.: 866423

Case No.: 50-2025-CA-006161-XXXA-MB

**Gauge Automotive Inc.**
332 E 3300 S
South Salt Lake, UT  84115
+18018234358
info@stockupsolutions.com
https://www.stockupsolutions.com



**BILL TO**
Jeff Jerman
FLORIDA PERFORMANCE
CARS

**INVOICE 9672**

**DATE** 03/04/2025

**DUE DATE** 03/04/2025

| DATE | DESCRIPTION | QTY | RATE | AMOUNT |
|------|-------------|-----|------|--------|
| 03/04/2025 | **Vehicle Purchase** SLATV8C0XPU216487 2023 Rolls-Royce Cullinan Black Badge, Mileage: 9104, Color: undefined | 1 | 312,850.00 | 312,850.00 |
| 03/04/2025 | **Buy Fee** SLATV8C0XPU216487 | 1 | 1,150.00 | 1,150.00 |
| 03/04/2025 | **Vehicle Transportation** SLATV8C0XPU216487 Located in Salt Lake City | 1 | 0.00 | 0.00 |

SLATV8C0XPU216487

| | |
|---|---|
| SUBTOTAL | 314,000.00 |
| TAX | 0.00 |
| TOTAL | 314,000.00 |
| **TOTAL DUE** | **$314,000.00** |





## WHOLESALE AGREEMENT

**Invoice #:** 9672                                                    **Invoice Date:** 03/04/2025

| Seller | Gauge Automotive | Buyer | FLORIDA PERFORMANCE CARS |
|---|---|---|---|
| Address | 332 E 3300 S STE 200 | Address | 7221 HAVERHILL BUSINESS PKWY. SUITE 108 |
| City, State, Zip | Salt Lake City, UT 84115 | City, State, Zip | RIVIERA BEACH, FL 33407 |
| Phone Number | 385.376.3666 | Phone Number | |
| Dealer Number | 305B | Dealer Number | |

| Description of Vehicle | | | |
|---|---|---|---|
| **Year** | **Make** | **Model** | **Color** |
| 2023 | Rolls-Royce | Cullinan | |

| VIN | SLATV8C0XPU216487 |
|---|---|

| Current Title Status: | ☐ **In hand** - will be mailed in 2-3 business days | ☐ **Bank** - Gauge will pay off lien holder |
|---|---|---|

Federal and State law require that you state the mileage upon transfer of ownership. Failure to complete, or providing a false statement may result in fines and/or imprisonment.

I, _Hal Robbins_____, state that the odometer reading of the vehicle listed below to the best of my knowledge reflects the ACTUAL mileage of the vehicle described, unless one of the following is checked:

| | I hereby certify that to the best of my knowledge, the odometer reading reflects the amount of mileage in EXCESS of mechanical limits. |
|---|---|
| | I hereby certify that the odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY. |

9104

**Enter odometer reading (no tenths)**

This statement is for seller and buyer information only and may not be used for title transfer documentation.

| Sales Information | | | |
|---|---|---|---|
| Buyer Sales Tax Exemption: | | Agreed Upon Price: | $ 314000 | Remaining Balance: | $ 314000 |

Case No.: 50-2025-CA-006161-XXXA-MB

DMS-40 625050.000045.06

# PDP ELECTRONIC TITLE DOCUMENT

```
ELT*FL   : ELT - FLORIDA
Title #: 0149208992                        Title Type :
Issue Date: 1/20/2023          Lic/Tag/Control #:


  VIN . . . . . . :   SLATV8C0XPU216487

  Vehicle Info. . :   2023 ROL 4D 4D


  Odometer Reading :
           Date . :
           Status :


  Owner Information . :   FINANCIAL SERVICES VEHICLE TRUST
  Co-Owner . . . . . :

  Owner address . . . :   PO BOX 1910

                          COCKEYSVILLE
                          MD    2103079100


  Lienholder Information:  FINANCIAL SERVICES VEHICLE TRUST


                          00000

  2nd Lienholder Name   :


  ELT Sent Date . . . . :   1/20/2023
  Lien Type . . . . . . :   P
  Owner Driver License# :


  Brand code . . . . :


  Release name . . . :
  Release address 1 :
  Rel City/State/Zip :    ,
```



EXHIBIT
B

```
PDP Doc Ref :   50000167067 / 00047        SVTTSAPI   2/17/25  14:16:40
```

Case No.: 50-2025-CA-006161-XXXA-MB

# CERTIFICATE OF TITLE

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number | Lien Release |
|---|---|---|---|---|---|---|---|
| SLATV8C0XPU216487 | 2023 | ROLLS-R | SUV | 6180 | | 149208992 | Interest in the described vehicle is hereby released |

| Prev State | Color | Primary Brand | Secondary Brand | No. of Brands | Use | Prev Issue Date | By |
|---|---|---|---|---|---|---|---|
| | WHITE | | | | PRIVATE | | Title |

| Odometer Status or Vessel Manufacturer or OH use | Engine Drive | Hull Material | Prop | Date of Issue | Date |
|---|---|---|---|---|---|
| 00030 MILES 12/28/2022 ACTUAL | | | | 01/20/2023 | |

Registered Owner

MANUEL CALDERON
900 SW 16TH ST
BOCA RATON, FL 33486

1st Lienholder

DIVISION OF MOTORIST SERVICES      TALLAHASSEE      FLORIDA      DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

Robert R. Kynoch
Robert R. Kynoch
Director

Terry L. Rhodes
Terry L. Rhodes
Executive Director

Control Number 666271889

TRANSFER OF TITLE BY SELLER (This section must be completed at the time of sale.)

Seller Must Enter Purchaser's Name: Steven J Calderon

SELLER Must Sign Here: Manuel Calderon

Print Here: Manuel Calderon

PURCHASER Must Sign Here:

Print Here: STEVEN CALDERON

NOTICE: PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE.

STATE OF FLORIDA

HSMV 82250 (REV 3/15)

ABS-2 (2/19)

**EXHIBIT C**

This is to certify that this document is a true and complete copy of a record on file in the New York State Department of Motor Vehicles, Albany, New York.

Mark J.F. Schroeder
COMMISSIONER OF MOTOR VEHICLES

Case No.: 50-2025-CA-006161-XXXA-MB

DMS-40 625050.000045.06

ODOMETER CERTIFICATION - Federal and state laws require that you state the mileage in connection with transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

**FIRST REASSIGNMENT BY LICENSED DEALER**

Selling Dealer's License No.: ___  Selling Dealer's Name: ___  Tax No.: ___  Tax Collected: ___

Selling Dealer's Address: ___  Date Sold: ___

Purchaser's Name(s): ___  Address: ___

I/WE STATE THAT THIS [ ] 5 OR [ ] 6 DIGIT ODOMETER NOW READS [☐☐☐☐☐☐] XX (NO TENTHS) MILES, DATE READ __/__/__, AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX
[ ] 1. REFLECTS ACTUAL MILEAGE
[ ] 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)
[ ] 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here: ___  Co-Purchaser Must Sign Here: ___

Print Here: ___  Print Here: ___

Seller/Agent Must Sign Here: ___  Auction Name (When Applicable): ___

Print Here: ___  Auction License Number: ___

**SECOND REASSIGNMENT BY LICENSED DEALER**

Selling Dealer's License No.: ___  Selling Dealer's Name: ___  Tax No.: ___  Tax Collected: ___

Selling Dealer's Address: ___  Date Sold: ___

Purchaser's Name(s): ___

I/WE STATE THAT THIS [ ] 5 OR [ ] 6 DIGIT ODOMETER NOW READS [☐☐☐☐☐☐] XX (NO TENTHS) MILES, DATE READ __/__/__, AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX
[ ] 1. REFLECTS ACTUAL MILEAGE
[ ] 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)
[ ] 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here: ___  Co-Purchaser Must Sign Here: ___

Print Here: ___  Print Here: ___

Seller/Agent Must Sign Here: ___  Auction Name (When Applicable): ___

Print Here: ___  Auction License Number: ___

**THIRD REASSIGNMENT BY LICENSED DEALER**

Selling Dealer's License No.: ___  Selling Dealer's Name: ___  Tax No.: ___  Tax Collected: ___

Selling Dealer's Address: ___  Date Sold: ___

Purchaser's Name(s): ___

I/WE STATE THAT THIS [ ] 5 OR [ ] 6 DIGIT ODOMETER NOW READS [☐☐☐☐☐☐] XX (NO TENTHS) MILES, DATE READ __/__/__, AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX
[ ] 1. REFLECTS ACTUAL MILEAGE
[ ] 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)
[ ] 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here: ___  Co-Purchaser Must Sign Here: ___

Print Here: ___  Print Here: ___

Seller/Agent Must Sign Here: ___  Auction Name (When Applicable): ___

Print Here: ___  Auction License Number: ___

EXCELSIOR

This is to certify that this document is a true and complete copy of a record on file in the New York State Department of Motor Vehicles, Albany, New York.

*Mark JF. Schroder*

COMMISSIONER OF MOTOR VEHICLES

ABS-2 (2/19)

Case No.: 50-2025-CA-006161-XXXA-MB

EXHIBIT
D

CALDERON,STEVEN,J
441 CENTRAL PARK 280
SCARSDALE          NY 10583

001882

## CERTIFICATE OF TITLE

### NEW YORK STATE

dmv.ny.gov

| Title and Identification No. | Year | Make | Model Code | Body/Hull | Document No. |
|---|---|---|---|---|---|
| SLATV8C0XPU216487 SLATV8C0XPU216487 | 2023 | RO/RO | N/A | SUBN | 710332V |

| Color | Wt./Sts./Lgth. | Fuel | Cyl./Prop. | New or Used | Type of Title | Date Issued |
|---|---|---|---|---|---|---|
| WH | 6069 | GAS | 12 | USED | VEHICLE | 8/27/24 |

Name and Address of Owner(s)

**ODOMETER READING:** 05000
05000

CALDERON,STEVEN,J
441 CENTRAL PARK 280
SCARSDALE          NY 10583

**ACTUAL MILEAGE**

VOID IF ALTERED

This document is your proof of ownership of this vehicle, boat or manufactured home. Keep it in a safe place, not with your license or registration or in your vehicle or boat. To dispose of your vehicle, boat or manufactured home, complete the transfer section on the back and give this title to the new owner.

| Lienholder | Lienholder |
|---|---|
| * NO LIENS RECORDED * | * NO LIENS RECORDED * |

| Lienholder | Lienholder |
|---|---|
| * NO LIENS RECORDED * | * NO LIENS RECORDED * |

MV-999 (3/21)

### DEPARTMENT OF MOTOR VEHICLES

ANY CHANGE OR ERASURE WILL VOID THIS TITLE -- ANY FALSE STATEMENT IS A MISDEMEANOR

## SECTION I - Transfer by Owner

**ODOMETER DISCLOSURE STATEMENT**

*Note: This vehicle cannot be registered or titled in the name of the new owner unless mileage is disclosed.*
Federal and State Law require that you state the mileage of the vehicle described on this certificate when transferring ownership.
Failure to do so, or providing a false statement, may result in fines and/or imprisonment.

| ODOMETER READING |
|---|
| 9104 |
| (no tenths) |

I certify that, to the best of my knowledge, this odometer reading *(check one)*:
☒ 1. reflects the ACTUAL MILEAGE as seen on the odometer of the vehicle described on the front.
☐ 2. EXCEEDS MECHANICAL LIMITS (odometer started over at zero)
☐ 3. not the actual mileage. WARNING - ODOMETER DISCREPANCY.

**ODOMETER HAS SPACE FOR:** *(Check one)*
☐ Five Digits, *excluding tenths*
☐ Six Digits, *excluding tenths*

### DAMAGE DISCLOSURE STATEMENT (To be Completed by Owner Named on Face of Title)

I certify that, to the best of my knowledge, this vehicle ☐ has been or ☐ has not been wrecked, destroyed or damaged to such an extent that the total estimate or actual cost of parts and labor to rebuild or reconstruct the vehicle to the condition it was in before an accident, and for legal operation on the road or highways, is more than 75% of the retail value of the vehicle at the time of loss. (Checking the "has" box means that the vehicle must have an anti-theft examination before being registered and that the title issued will have the statement "Rebuilt Salvage: NY" on it.)

I or we transfer the vehicle, boat or manufactured home described on this certificate. At the time of transfer, this title is subject only to the liens or encumbrances listed on this certificate, if any. I also certify that this is the most recent title issued for this vehicle, boat or manufactured home.
*Note: Section 2113 of the Vehicle and Traffic Law requires that application for a title must be made within 30 days of transfer.*

**Seller** Seller's Signature: *Steven J Calderon by POA whitney Olson*
Seller's Name (Print in Full): Steven J' Calderon
Street Address: 441 Central Park 280   City: Scarsdale   State: NY   ZIP code: 10583   Date of Statement: 3/4/2025

**Buyer** Buyer's Signature: [signature]
Buyer's Name (Print in Full): Gauge Automotive AGT Josh Hirahara
Street Address: 332 E 3300 S   City: Salt Lake City   State: UT   ZIP code: 84115   Date of Statement: 3/4/2025

## SECTION II - Reassignment by Manufactured Home Dealer or Registered Boat Dealer or Out-of-State Dealer

**ODOMETER DISCLOSURE STATEMENT**

*Note: This vehicle cannot be registered or titled in the name of the new owner unless mileage is disclosed.*
Federal and State Law require that you state the mileage of the vehicle described on this certificate when transferring ownership.
Failure to do so, or providing a false statement, may result in fines and/or imprisonment.

| ODOMETER READING |
|---|
| 9104 |
| (no tenths) |

I certify that, to the best of my knowledge, this odometer reading *(check one)*:
☐ 1. reflects the ACTUAL MILEAGE of the vehicle described on the front.
☐ 2. EXCEEDS MECHANICAL LIMITS (odometer started over at zero)
☐ 3. not the actual mileage. WARNING ODOMETER DISCREPANCY.

**ODOMETER HAS SPACE FOR:** *(Check one)*
☐ Five Digits, *excluding tenths*
☐ Six Digits, *excluding tenths*

I or we transfer the vehicle, boat or manufactured home described on this certificate. At the time of transfer, this title is subject only to the liens or encumbrances listed on this certificate, if any. I also certify that this is the most recent title issued for this vehicle, boat or manufactured home.
*Note: Section 2113 of the Vehicle and Traffic Law requires that application for a title must be made within 30 days of transfer.*

**Seller** Seller's Signature: *whitney Olson*
Seller's Name (Print in Full): Gauge Automotive AGT Whitney Olson
Street Address: 332 E 3300 S   City: Salt Lake City   State: UT   ZIP code: 84115   Date of Statement: 3/4/2025

**Buyer** Buyer's Signature: [signature] (AGT)
Buyer's Name (Print in Full): Florida Performance Cars / Jaclyn Briskin (AGT)
Street Address: 7211 Havenill Business Pkwy STE106   City: Riviera Beach   State: FL   ZIP code: 33407   Date of Statement: 03/04/25

Boat Dealer's Facility #:

MV-999 (3/21)     M 7453268

# UTAH SECURE POWER OF ATTORNEY

*Notice:* This form may be used when title is not present at the time of sale, held by the lienholder or has been lost. This form must be submitted to the State by the person exercising Powers of Attorney. Federal and State law require that you disclose mileage of the vehicle upon transfer of ownership. Providing a false statement may result in fines and/or imprisonment.

**VIN** SLATV8C0XPU216487      **Year** 2023      **Make** Rolls-Royce      **Model** Cullinan
(Vehicle Identification Number)

## POWER OF ATTORNEY TO DISCLOSE MILEAGE, REVIEW TITLE DOCUMENT, AND ACKNOWLEDGE DISCLOSURE

I, Steven J Calderon _____ appoint Gauge Automotive _____ as my attorney-in-fact, to sign all papers and documents required to secure the title and further grant the authority to endorse and transfer title thereto, and to disclose the mileage, for the vehicle described above, exactly as stated in my following disclosure.

I state that the odometer now reads 9104 _____ (NO TENTHS) miles and to the best of my knowledge that it reflects the actual mileage unless one of the following statements is checked:

☐ 1. I hereby certify that to the best of my knowledge the odometer reading reflects the mileage in excess of its mechanical limits.

☐ 2. I hereby certify that the odometer reading is NOT the actual mileage. *WARNING–ODOMETER DISCREPANCY*

Date of Statement: 3/4/25

| (Transferor's Signature) | Steven J Calderon (Printed Name) | (Co-Transferor's Signature) | (Printed Name) |
|---|---|---|---|

Transferor's Address 441 Central Park 280    Scarsdale    NY    10583

| | (Street) | (City) | (State) | (Zip Code) |

| whitney Olson (Transferee's Signature) | whitney Olson (Printed Name) | Gauge Automotive (Dealership Name) | 305B (Dealer License Number) |
|---|---|---|---|

Transferee's Address 332 E 3300 S    Salt Lake City    UT    84115

| | (Street) | (City) | (State) | (Zip Code) |

## CERTIFICATION

I, Whitney Olson _____, am exercising powers of attorney, and hereby certify that the mileage I have disclosed on the title document is consistent with that provided to me in the above power of attorney. Upon examination of the title and any reassignment documents for the vehicle described above, the mileage disclosure I have made on the title pursuant to the power of attorney is greater than the previously stated on the title and reassignment documents. This certification is not intended to create, nor does it create a new or additional liability under Federal or State law.

Signature Whitney Olson    Printed Name Whitney Olson    Date 3/4/2025

Case No. 50-2025-CA-008161-XXXA-MB

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
G3ZWX-LPV8H-XTXVF-BSBQF

DOCUMENT COMPLETED BY ALL PARTIES ON
05 MAR 2025 21:22:34 UTC

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **SPRINT4NEXTEL@YAHOO.COM**<br><br>EMAIL<br>SPRINT4NEXTEL@YAHOO.COM<br><br>SHARED VIA<br>LINK | SENT<br>04 MAR 2025 22:46:26 UTC<br><br>VIEWED<br>04 MAR 2025 23:00:04 UTC<br><br>SIGNED<br>04 MAR 2025 23:01:23 UTC | IP ADDRESS<br>69.124.104.21<br><br>LOCATION<br>SCARSDALE, UNITED STATES |
| **WHITNEY OLSON**<br><br>EMAIL<br>INFO@SELLGAUGE.COM | SENT<br>04 MAR 2025 22:46:26 UTC<br><br>VIEWED<br>05 MAR 2025 21:20:35 UTC<br><br>SIGNED<br>05 MAR 2025 21:22:34 UTC | *Whitney Olson*<br><br>IP ADDRESS<br>65.130.182.171<br><br>LOCATION<br>SALT LAKE CITY, UNITED STATES |

**RECIPIENT VERIFICATION**

EMAIL VERIFIED
05 MAR 2025 21:20:35 UTC



**Signed with PandaDoc**

PAGE 1 OF 1



Gregg Alper <gregg@prolegalserve.com>

---

## Organized Vehicle Title Fraud Involving Florida DMV Activity

Jimenez, Jessica <​                 ​>                              Wed, Jun 18, 2025 at 10:51 AM
To: Gregg Alper                 >, "Luquis, Victor" <​                 ​>

Good Morning:

Definitely a fraudulent Florida title.

They didn't even try to make it look legit.


Master Trooper/Investigator Jessica Jimenez

Florida Highway Patrol

Bureau of Criminal Investigations & Intelligence

1030 NW 111th Avenue

Miami, FL 33172

Office:  305-513-3469

Cell:


**From:** Gregg Alper <​                          ​>
**Sent:** Wednesday, June 18, 2025 10:41 AM
**To:** Luquis, Victor <​                          ​>
**Cc:** Jimenez, Jessica <​                          ​>
**Subject:** Re: FW: FW: [EXT] Organized Vehicle Title Fraud Involving Florida DMV Activity


Good morning,

In reference to this case I was finally able to obtain the Florida title that was presented to the DMV in New York for them to issue a NY title. I have attached a copy of the title. Are you able to confirm that this is a fraudulent Florida title?



EXHIBIT
E

# Exhibit K

BIEDERMANN HOENIG SEMPREVIVO 60 EAST 42ND STREET, 36TH FLOOR NEW YORK, NY 10165

## AFFIDAVIT OF SERVICE

Client's File No.: _____

Case No.:  50-2025-CA-006161-XXXA-MB

Date Filed: _____ July 3, 2025 _____

: _____

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY. FLORIDA**



*JR AUTO COLLECTION, LLC d/b/a FLORIDA PERFORMANCE CARS, A Florida limited liability company,*

Plaintiff

*vs*

*GAUGE AUTOMOTIVE, INC., a Utah corporation,*

Defendant

STATE OF  UTAH COUNTY OF    WASHINGTON    SS.:

The undersigned being duly sworn deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of  Utah

That on the following date: _____ July 21, 2025 _____ , at the following time: _____ 1:10 PM _____ ,

at _____ 332 E. 3300 S., SALT LAKE CITY, UT 84115 _____ deponent served the within

Financial Service Vehicle Trust's, By and Through its Servicer BMW Financial Services NA, LLC, Motion to Intervene for Replevin with Exhibit "A"

[X] Papers so served were properly endorsed with the Case No. and date of filing.

**Upon:**  GAUGE AUTOMOTIVE, INC., A Utah corporation C/O ANNA KELLY .

[ ] **Mail**   A copy thereof was deposited in a postpaid, properly addressed envelope, marked "Personal and Confidential" in a depository maintained by the U. S. P. S. and mailed First Class mail to the above address
on _____

[X] **Corporation LLC / LLP**   By delivering to and leaving with _____ Anna Kelley _____ said individual to be _____ Chief Operating Officer _____
who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity.

[ ] **Affixing To Door**   By affixing a true copy thereof to the door, being the defendant/respondent's   [ ] dwelling place   [ ] place of business/employment
[ ] last known address within the State. [ ] usual place of abode

[ ] **Previous Attempts**   Deponent previously attempted to serve the above named defendant/respondent on:

**Description of Recipient**   Gender: Female   Race: ___ White ___   Color of hair: ___ Brown ___   Age: ___ 36 - 50 Yrs. ___   Height: ___ 5ft 0inch - 5ft 3inch ___
Weight: ___ 100-130 Lbs. ___   Other Features: _____

[ ] **WITNESS FEES**   Subpoena Fee Tendered in the amount of $ _____

[ ] **MILITARY SERVICE**   I asked the person spoken to whether defendant was in active military service of the United States in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

[ ] **Other**

Sworn to before me on _____ 07/24/2025 _____



PROCESS SERVER - PRINT NAME BELOW SIGNATURE
Lisa Rees

PROCESS SERVER LICENSE #  R112101

*COURT SUPPORT, INC., 265 POST AVE #150, WESTBURY, NY 11590 License #1382542-DCA*

**Work Order #  1501146**

NOTARY PUBLIC
WENDY NEFF
728023
MY COMMISSION EXPIRES
DECEMBER 14, 2026
STATE OF UTAH

# Exhibit L

Case 2:25-cv-00792-AMA-JCB    Document 11-1    Filed 09/30/25    PageID.159    Page 92 of 117

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

JR AUTO COLLECTION, LLC d/b/a
FLORIDA PERFORMANCE CARS,
a Florida limited liability company,　　　　CASE NO.: 50-2025-CA-006161-XXXA-MB

　　　　Plaintiff,

v.


GAUGE AUTOMOTIVE, INC.,
a Utah corporation,

　　　　Defendant.
_____/

**NOTICE OF DISMISSAL WITHOUT PREJUDICE**

　　　　Plaintiff, JR AUTO COLLECTION, LLC d/b/a FLORIDA PERFORMANCE CARS by

and through its undersigned counsel, and pursuant to Rule 1.420 of the Florida Rules of Civil

Procedure, hereby files this Notice of Dismissal Without Prejudice, with each party to bear

their own attorney's fees and costs.

**CERTIFICATE OF SERVICE**

　　　　I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically
filed with the Florida Court's E-Filing Portal and that as a registered participant of the
Portal, I have effectuated service through the Portal in compliance with Fla. R. Jud. Admin.
2.516 on this 22nd day of July, 2025.

　　　　　　　　　　　　　　By:___*/s/Joshua S. Talcovitz*___
　　　　　　　　　　　　　　JOSHUA S. TALCOVITZ
　　　　　　　　　　　　　　Florida Bar No.: 1027907
　　　　　　　　　　　　　　**KURKIN FOREHAND BRANDES LLP**
　　　　　　　　　　　　　　18851 NE 29th Avenue, Suite 303
　　　　　　　　　　　　　　Aventura, Florida 33180
　　　　　　　　　　　　　　Tel: (305) 929-8500
　　　　　　　　　　　　　　Fax: (305) 675-0564
　　　　　　　　　　　　　　jtalcovitz@kfb-law.com
　　　　　　　　　　　　　　bvillalobos@kfb-law.com
　　　　　　　　　　　　　　*Counsel for Plaintiff*

# Exhibit M

**BIEDERMANN·HOENIG·SEMPREVIVO**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

ONE GRAND CENTRAL PLACE
60 EAST 42ND STREET
NEW YORK, NY 10165
TEL 646-218-7560
FAX 646-218-7510
WWW.LAWBHS.COM

Steven A. Andreacchi
Steven.Andreacchi@lawbhs.com

July 25, 2025

*Via Federal Express Mail To:*

Gauge Automotive, Inc.
Attn: Anna Kelly
Chief Operating Officer
332 E. 3300 S.
Salt Lake City, UT 84115

        Re:     **BMW Financial Services / 2023 Rolls Royce Badge Cullinan
                Notice of Interest in Vehicle**

Dear Ms. Kelly:

        This firm represents the interests of BMW Financial Services NA, LLC ("BMW FS"), servicer for Financial Services Vehicle Trust ("FSVT"). We write in connection with a 2023 Rolls Royce Black Badge Cullinan bearing vehicle identification number SLATV8C0XPU216487 (the "Vehicle") that we understand to currently be in the possession and control of Gauge Automotive, Inc. ("Gauge").

        As you know based on a lawsuit filed against you by Florida Performance Cars ("FPC") in Florida[1], BMW FS is the owner of the Vehicle, which was stolen via procurement of fraudulent title documentation by its original lessee. You are no doubt also aware that BMW FS filed a motion to intervene in the FPC action to assert its right to ownership of the vehicle. However, on information and belief, you recently resolved your dispute with FPC by unwinding the transaction whereby you had sold the Vehicle to it. This action was apparently taken with full knowledge on the part of both Gauge and FPC of BMW FS's proven ownership interest in the vehicle and its demand for a maintenance of the *status quo* while the ownership issue was worked out.

        Gauge's and FPC's actions have resulted in significant economic harm to BMW FS and assisted in the perpetration of a fraud. BMW FS demands immediate return of the Vehicle and, in any event, that you refrain from selling or otherwise disposing of the Vehicle. In the event that

---

        [1] *JR Auto Collection, LLC d/b/a Florida Performance Cars, A Florida limited liability company v. Gauge Automotive, Inc., a Utah corporation*, filed on June 23, 2025, in the Circuit Court of the Fifteenth Judicial Circuit n and for Palm Beach County, Florida, case no. 50-2025-CA-006161-XXXA-MB (copy of Complaint with exhibits attached hereto).

Anna Kelly
Page 2 of 2

Gauge fails to comply with this Notice, BMW FS is prepared to proceed with appropriate legal action against Gauge, FPC, and any other person who comes into unlawful possession of the Vehicle.

We are happy to discuss the matter and invite you to contact our office at your convenience.

Very truly yours,

BIEDERMANN HOENIG SEMPREVIVO

*/s/ Steven A. Andreacchi*

Steven A. Andreacchi

Encl.

CC:     *Via Email To:*

Joshua Talcovitz, Esq.
Kurkin Forehand Brandes LLP
18851 NE 29th Ave, #303
Avenutra, Florida 33180
(305) 929-8523
JTalcovitz@kfb-law.com

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JR AUTO COLLECTION, LLC d/b/a
FLORIDA PERFORMANCE CARS,
a Florida limited liability company,                    CASE NO.:

      Plaintiff,

v.


GAUGE AUTOMOTIVE, INC.,
a Utah corporation,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, JR AUTO COLLECTION, LLC d/b/a FLORIDA PERFORMANCE
CARS ("FPC" or "Plaintiff"), sues Defendant, GAUGE AUTOMOTIVE, INC.
("Gauge") for damages and in support thereof states as follows:


## INTRODUCTION

1.     This is an action for damages arising from a fraudulent title scheme
involving a 2023 Rolls-Royce Black Badge Cullinan, VIN SLATV8C0XPU216487 (the
"Vehicle").

2.     Plaintiff FPC purchased the Vehicle from Defendant Gauge for
$314,000.00, unaware that Gauge had acquired it from a fraudster lacking valid title,
thereby rendering the Vehicle valueless to FPC.

3.     Indeed, following the sale to FPC, a third party, Financial Services
Vehicle Trust (BMW's captive lender), asserted a superior ownership interest,

1

requiring FPC to surrender the Vehicle to that entity and otherwise suffer significant financial loss.

4.      Gauge's is liable for its failure to convey valid title.

## PARTIES, JURISDICTION, AND VENUE

5.      This is an action for damages exceeding $50,000.00, exclusive of interest and costs.

6.      FPC is a Florida limited liability company with its principal place of business in Palm Beach County, Florida.

7.      Gauge is a Utah limited liability company with its principal place of business in Salt Lake County, Utah.

8.      This Court has personal jurisdiction over Gauge pursuant to Florida's long-arm statute, § 48.193, Fla. Stat. and the exercise of jurisdiction comports with due process.

9.      Gauge purposefully availed itself of the privilege of conducting business in Florida by soliciting FPC, a Florida entity, for the sale of the subject 2023 Rolls-Royce Black Badge Cullinan.

10.     Gauge's representative initiated contact with FPC in Florida and negotiated the transaction with knowledge that FPC was located and operating in Florida.

11.     Gauge consummated the sale by contracting with FPC in Florida for the Vehicle's purchase.

2

12.    Moreover, this was not an isolated transaction, as since mid-November 2024 Gauge has sold eleven (11) vehicles to FPC in Florida as part of an ongoing business relationship.

13.    Indeed, that relationship began when a representative of Gauge first solicited FPC's business in Florida, and over the past six to eight months has marketed approximately fifty (50) vehicles directly to FPC.

14.    Through these repeated and deliberate contacts, Gauge has established continuous and systematic business activities in Florida sufficient to subject it to the personal jurisdiction of this Court.

15.    Gauge's repeated, intentional, and ongoing commercial contacts with FPC in Florida constitute the carrying on of a general course of business in this state, sufficient to establish specific and/or general personal jurisdiction.

16.    In addition, Gauge committed a tortious act in Florida and caused injury to FPC in Florida by breaching the contract and implied warranty of title in connection with the Vehicle, while actively soliciting and conducting business in the state.

17.    Venue is proper in Palm Beach County because the cause of action accrued in Palm Beach County, Florida.

## FACTS COMMON TO ALL COUNTS

18.    FPC and Gauge have an existing history of commercial dealings, including prior automotive transactions directed to the state of Florida as set forth above.

3

19.    In or around early 2025, a representative of Gauge directly contacted and solicited FPC for the specific purpose of offering the Vehicle for sale.

20.    Relying on the parties' established business relationship and Gauge's representations, FPC agreed to purchase the Vehicle.

21.    On or about March 4, 2025, FPC purchased the Vehicle from Gauge for $314,000, as reflected in Invoice No. 9672. A copy of the invoice and wholesale buyers order are attached hereto as **Composite Exhibit "A"**.

22.    The Vehicle was ultimately delivered to FPC in Palm Beach County, Florida.

23.    Shortly thereafter, Gauge transferred and delivered to FPC a certificate of title issued by the New York State Department of Motor Vehicles that showed no lienholder and made no disclosure of any title defect or outstanding encumbrance.

24.    FPC later received formal notice from BMW Financial Services NA, LLC ("BMW FS"), acting as servicer for Financial Services Vehicle Trust ("FSVT"), advising that: (1) FSVT remains the lawful and record titleholder of the Vehicle; (2) FSVT holds a valid, perfected lien on the Vehicle; and (3) The Vehicle had been unlawfully and fraudulently retitled in what appears to be a classic title-washing scheme. A copy of documentation evincing FSVT's valid electronic title is attached hereto as **Exhibit "B"**.

25.    FPC conducted its own investigation and confirmed the title wash.

26.     Indeed, in December 2022, Braman Motors leased the Vehicle as a new car to Blackfire Transport LLC, with FSVT as lessor and lienholder.

27.     However, sometime in or around August 2024, an individual named Steven J. Calderon presented to the New York State Department of Motor Vehicles a forged and fraudulent Florida Certificate of Title for the Vehicle, allegedly issued on January 20, 2023, and listing a Manuel Calderon as the registered owner (the "Fraud Title"). A certified copy of the Fraud Title is attached hereto as **Exhibit "C"**.

28.     Upon presentation of the Fraud Title to the New York State Department of Motor Vehicles, that entity issued the above-mentioned New York State Certificate of Title to Steven J. Calderon free and clear of any liens or encumbrances (the "NY Title"). A copy of the NY Title is attached hereto as **Exhibit "D"**.

29.     Steven J. Calderon then sold the Vehicle to Gauge, transferring the NY Title to Gauge.

30.     In turn Gauge transferred the NY Title to FPC.

31.     The title and transaction history from the Florida Department of Highway Safety and Motor Vehicles confirms that no Florida Certificate of Title was ever issued to Manuel Calderon.

32.     In addition, an investigator from the Florida Department of Highway Safety and Motor Vehicles has confirmed the illegitimate nature of the Fraud Title, noting "Definitely a fraudulent Florida title... They didn't even try to make it look legit." A copy of the aforesaid E-mail correspondence from Master Trooper/Investigator Jessica Jimenez is attached hereto as **Exhibit "E"**.

5

33.    As a result, the Fraud Title was invalid and void as a matter of law.

34.    Therefore, any subsequent Certificate of Title or interest stemming from that Fraud Title, including the NY Title is also invalid and void as a matter of law.

35.    Indeed, one who by fraudulent acts acquires an invalid title, cannot pass good title, even to a bona fide purchaser without notice because such purchaser can only obtain the title that his or her transferor actually had.  In other words, no one can transfer or confer better title to a motor vehicle than they themselves have. *See e.g. Avis Rent-A-Car Sys., Inc. v. Harrison Motor Co.*, 151 So. 2d 855, 857 (Fla. 2d DCA1963).

36.    Steven J. Calderon acquired and passed invalid and void title to Gauge, who in turn passed invalid and void title to FPC.

37.    As a result, FPC is required to return and surrender the Vehicle to its rightful owner, FVST, as to avoid further legal exposure.

38.    Prior to doing so, FPC made multiple written demands upon Gauge for rescission of the transaction, return of the Vehicle to Gauge, refund of the purchase price, and indemnification.

39.    Gauge failed or refused to comply.

40.    As a result, FPC has been deprived of the benefit of its bargain and suffered substantial economic harm, including unreimbursed purchase funds, financing costs, and legal expenses.

41.    All conditions precedent to the filing of this action have occurred, otherwise been complied with or rendered futile.

## COUNT I
## BREACH OF CONTRACT

42.    FPC repeats and realleges paragraphs 1 through 41, above, as if fully set forth herein.

43.    FPC and Gauge entered into a valid contract for the purchase of the Vehicle, which included Gauge providing valid title thereto.

44.    FPC fully performed by paying $314,000.00 to Gauge for the Vehicle.

45.    Gauge materially breached the parties' agreement by failing to deliver valid title to the Vehicle.

46.    FPC has been damaged by Gauge's breach.

**WHEREFORE**, FPC demands judgment in its favor for compensatory damages, consequential damages, pre and post judgment interest, costs and such other and further relief as this Court should deem just, proper and equitable.

## COUNT II
## BREACH OF WARRANTY OF TITLE

47.    FPC repeats and realleges paragraphs 1 through 41, above, as if fully set forth herein.

48.    Gauge is a merchant regularly dealing in motor vehicles.

49.    Pursuant to § 672.312, Fla. Stat., every sale of goods includes an implied warranty that: a) The title conveyed is good, b) The transfer is rightful; and ) The goods are delivered free from any undisclosed lien or encumbrance

50.    In addition, as a merchant of motor vehicles, Gauge warranted that the Vehicle shall be delivered free of the rightful claim of any third person by way of infringement or the like.

51.    Gauge breached this warranty and otherwise failed to deliver good title by conveying a Vehicle that remained subject to a valid, prior lien and ownership in favor of FSVT.

52.    As a direct result of Gauge's breach, FPC suffered damages including, but not limited to the $314,000 purchase price, interest and floor plan costs.

**WHEREFORE**, FPC demands judgment in its favor for compensatory damages, consequential damages, pre and post judgment interest, costs and such other and further relief as this Court should deem just, proper and equitable.

## COUNT III
## UNJUST ENRICHMENT

53.    Plaintiff repeats and realleges Paragraphs 1 through 41 above, as if fully set forth herein.

54.    This count is pled in the alternative to Counts II and III.

55.    Plaintiff conferred a direct and substantial benefit on Gauge in the form of payment totaling $314,000.00, for the purpose of purchasing the Vehicle and title thereto.

56.    Gauge was fully aware that it received these funds from Plaintiff as consideration for the delivery of the Vehicle and the transfer of good, marketable title.

57.    Gauge voluntarily accepted and retained the full $314,000.00 from Plaintiff and delivered the Vehicle, but never delivered valid title.

58.     Gauge has no legal or contractual justification to retain the funds without transferring clear valid title or refunding the purchase price.

59.     Under the circumstances, it would be inequitable for Gauge to retain the $314,000.00 or any portion thereof, having failed to provide the essential benefit for which the payment was made, lawful ownership and title to the vehicle.

**WHEREFORE,** Plaintiff demands judgment against Defendant Gauge for damages, along with all other relief the Court deems just, proper and equitable.

Dated this 23rd of June, 2025.

**KURKIN FOREHAND BRANDES LLP**
*Attorneys for Plaintiff*
18851 NE 29th Avenue, Suite 303
Aventura, FL 33180
Tel: (305) 929-8500
Fax: (305) 675-0564
Email: jtalcovitz@kfb-law.com
Email: mbrandes@kfb-law.com
Email: bvillalobos@kfb-law.com


By: */s/Joshua S. Talcovitz*
     JOSHUA S. TALCOVITZ, ESQ.
     Florida Bar No.: 1027907
     MARC E. BRANDES, ESQ.
     Florida Bar No.: 866423

**Gauge Automotive Inc.**
332 E 3300 S
South Salt Lake, UT  84115
+18018234358
info@stockupsolutions.com
https://www.stockupsolutions.com



**BILL TO**
Jeff Jerman
FLORIDA PERFORMANCE
CARS

**INVOICE 9672**

**DATE** 03/04/2025

**DUE DATE** 03/04/2025

| DATE | DESCRIPTION | QTY | RATE | AMOUNT |
|------|-------------|-----|------|--------|
| 03/04/2025 | **Vehicle Purchase** SLATV8C0XPU216487 2023 Rolls-Royce Cullinan Black Badge, Mileage: 9104, Color: undefined | 1 | 312,850.00 | 312,850.00 |
| 03/04/2025 | **Buy Fee** SLATV8C0XPU216487 | 1 | 1,150.00 | 1,150.00 |
| 03/04/2025 | **Vehicle Transportation** SLATV8C0XPU216487 Located in Salt Lake City | 1 | 0.00 | 0.00 |

SLATV8C0XPU216487

| | |
|---|---|
| SUBTOTAL | 314,000.00 |
| TAX | 0.00 |
| TOTAL | 314,000.00 |
| **TOTAL DUE** | **$314,000.00** |



EXHIBIT
COMPOSITE A



## WHOLESALE AGREEMENT

**Invoice #: 9672**                                    **Invoice Date: 03/04/2025**

| Seller | Gauge Automotive | Buyer | FLORIDA PERFORMANCE CARS |
|---|---|---|---|
| Address | 332 E 3300 S STE 200 | Address | 7221 HAVERHILL BUSINESS PKWY. SUITE 106 |
| City, State, Zip | Salt Lake City, UT 84115 | City, State, Zip | RIVIERA BEACH, FL 33407 |
| Phone Number | 385.376.3666 | Phone Number | |
| Dealer Number | 305B | Dealer Number | |

| Description of Vehicle | | | |
|---|---|---|---|
| **Year** | **Make** | **Model** | **Color** |
| 2023 | Rolls-Royce | Cullinan | |

| VIN | SLATV8C0XPU216487 |
|---|---|

| Current Title Status: | ☐ In hand - will be mailed in 2-3 business days | ☐ Bank - Gauge will pay off lien holder |
|---|---|---|

Federal and State law require that you state the mileage upon transfer of ownership. Failure to complete, or providing a false statement may result in fines and/or imprisonment.

I, Hal Robbins_____, state that the odometer reading of the vehicle listed below to the best of my knowledge reflects the ACTUAL mileage of the vehicle described, unless one of the following is checked:

| | I hereby certify that to the best of my knowledge, the odometer reading reflects the amount of mileage in EXCESS of mechanical limits. |
|---|---|
| | I hereby certify that the odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY. |

| 9104 |
|---|

**Enter odometer reading (no tenths)**

This statement is for seller and buyer information only and may not be used for title transfer documentation.

| Sales Information | | | |
|---|---|---|---|
| Buyer Sales Tax Exemption: | | Agreed Upon Price: $ 314000 | Remaining Balance: $ 314000 |

PDP ELECTRONIC TITLE DOCUMENT

```
ELT*FL    : ELT - FLORIDA
Title #: 0149208992                        Title Type :
Issue Date:  1/20/2023        Lic/Tag/Control #:


   VIN . . . . . . :   SLATV8C0XPU216487

   Vehicle Info.  . :   2023 ROL 4D 4D


   Odometer Reading :
           Date  . :
           Status  :


   Owner Information . :   FINANCIAL SERVICES VEHICLE TRUST
   Co-Owner  . . . . . :


   Owner address . . . :   PO BOX 1910

                           COCKEYSVILLE
                           MD    2103079100


   Lienholder Information:  FINANCIAL SERVICES VEHICLE TRUST


                           00000

   2nd Lienholder Name   :


   ELT Sent Date . . . . :    1/20/2023
   Lien Type . . . . . . :    P
   Owner Driver License# :


   Brand code . . . . . :


   Release name . . . :
   Release address 1  :
   Rel City/State/Zip :      ,
```



EXHIBIT
8

# CERTIFICATE OF TITLE

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number | Lien Release? |
|---|---|---|---|---|---|---|---|
| SLATTBCOXXU0216487 | 2023 | RCLLS-R | SUV | 6180 | | 149208992 | Interest in the described vehicle is hereby released |

| Prev State | Color | Primary Brand | Secondary Brand | No of Brands | Use | Prev Issue Date | By |
|---|---|---|---|---|---|---|---|
| | WHITE | | | | PRIVATE | | Title |

| Odometer Status or Vessel Manufacturer or OH use | | Engine Drive | Hull Material | Prop | Date of Issue | Date |
|---|---|---|---|---|---|---|
| 00030 MILES 12/28/2022 ACTUAL | | | | | 01/20/2023 | |

Registered Owner

MANUEL CALDERON
900 SW 16TH ST
BOCA RATON, FL 33486

1st Lienholder

DIVISION OF MOTORIST SERVICES    TALLAHASSEE    FLORIDA    DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

Robert R. Kynoch
Director

Terry L. Rhodes
Executive Director

Control Number    782

TRANSFER OF TITLE BY SELLER

Seller Must Enter Purchaser's Name:

Seller Must Enter Selling Price:

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

SELLER Must Sign Here: Manuel Calderon

Print Here: Manuel Calderon

Selling Dealer's License Number:

PURCHASER Must Sign Here:

Print Here: Steven Calderon

NOTICE: PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE.

STATE OF FLORIDA

This is to certify that this document is a true and complete copy of a record on file in the New York State Department of Motor Vehicles, Albany, New York.

Mark J.F. Schroeder
COMMISSIONER OF MOTOR VEHICLES

EXHIBIT
C

ABS-2 (2/19)

ODOMETER CERTIFICATION - Federal and state laws require that you state the mileage in connection with transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

**FIRST REASSIGNMENT BY LICENSED DEALER**

Selling Dealer's License No.: _____  Selling Dealer's Name: _____  Tax No.: _____  Tax Collected: _____

Selling Dealer's Address: _____  Date Sold: _____

Purchaser's Name(s): _____  Address: _____

I/WE STATE THAT THIS ☐ 5 OR ☐ 6 DIGIT ODOMETER NOW READS [ ][ ][ ][ ][ ][ ] [XX] (NO TENTHS) MILES, DATE READ ___/___/___ , AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX

☐ 1. REFLECTS ACTUAL MILEAGE   ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)   ☐ 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here: _____   Co-Purchaser Must Sign Here: _____

Print Here: _____   Print Here: _____

Seller/Agent Must Sign Here: _____   Auction Name (When Applicable): _____

Print Here: _____   Auction License Number: _____

**SECOND REASSIGNMENT BY LICENSED DEALER**

Selling Dealer's License No.: _____  Selling Dealer's Name: _____  Tax No.: _____  Tax Collected: _____

Selling Dealer's Address: _____  Date Sold: _____

Purchaser's Name(s): _____

I/WE STATE THAT THIS ☐ 5 OR ☐ 6 DIGIT ODOMETER NOW READS [ ][ ][ ][ ][ ][ ] [XX] (NO TENTHS) MILES, DATE READ ___/___/___ , AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX

☐ 1. REFLECTS ACTUAL MILEAGE   ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)   ☐ 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here: _____   Co-Purchaser Must Sign Here: _____

Print Here: _____   Print Here: _____

Seller/Agent Must Sign Here: _____   Auction Name (When Applicable): _____

Print Here: _____   Auction License Number: _____

**THIRD REASSIGNMENT BY LICENSED DEALER**

Selling Dealer's License No.: _____  Selling Dealer's Name: _____  Tax No.: _____  Tax Collected: _____

Selling Dealer's Address: _____  State Sold: _____

Purchaser's Name(s): _____

I/WE STATE THAT THIS ☐ 5 OR ☐ 6 DIGIT ODOMETER NOW READS [ ][ ][ ][ ][ ][ ] [XX] (NO TENTHS) MILES, DATE READ ___/___/___ , AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX

☐ 1. REFLECTS ACTUAL MILEAGE   ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)   ☐ 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here: _____   Co-Purchaser Must Sign Here: _____

Print Here: _____   Print Here: _____

Seller/Agent Must Sign Here: _____   Auction Name (When Applicable): _____

Print Here: _____   Auction License Number: _____

EXCELSIOR

This is to certify that this document is a true and complete copy of a record on file in the New York State Department of Motor Vehicles, Albany, New York.

*Mark JF. Schrader*

COMMISSIONER OF MOTOR VEHICLES

ABS-2 (2/19)

DMS-40  625050.000045.06



EXHIBIT
D

CALDERON,STEVEN,J
441 CENTRAL PARK 280
SCARSDALE          NY 10583

001882



## CERTIFICATE OF TITLE

### NEW YORK STATE

dmv.ny.gov

| Title and Identification No. | Year | Make | Model Code | Body/Hull | Document No. |
|---|---|---|---|---|---|
| SLATV8C0XPU216487 | 2023 | RO/RO | N/A | SUBN | 710332V |

| Color | Wt./Sts./Lgth. | Fuel | Cyl./Prop. | New or Used | Type of Title | Date Issued |
|---|---|---|---|---|---|---|
| WH | 6069 | GAS | 12 | USED | VEHICLE | 8/27/24 |

Name and Address of Owner(s)

**ODOMETER READING:** 05000

CALDERON,STEVEN,J
441 CENTRAL PARK 280
SCARSDALE          NY 10583

ACTUAL MILEAGE     05000

This document is your proof of ownership for this vehicle, boat or manufactured home. Keep it in a safe place, not with your license or registration or in your vehicle or boat. To dispose of your vehicle, boat or manufactured home, complete the transfer section on the back and give this title to the new owner.

| Lienholder | Lienholder |
|---|---|
| * NO LIENS RECORDED * | * NO LIENS RECORDED * |
| Lienholder | Lienholder |
| * NO LIENS RECORDED * | * NO LIENS RECORDED * |

MV-999 (3/21)

**DEPARTMENT OF MOTOR VEHICLES**

VOID IF ALTERED

**ANY CHANGE OR ERASURE WILL VOID THIS TITLE -- ANY FALSE STATEMENT IS A MISDEMEANOR**

## SECTION I - Transfer by Owner

**ODOMETER DISCLOSURE STATEMENT**

*Note: This vehicle cannot be registered or titled in the name of the new owner unless mileage is disclosed.*
Federal and State Law require that you state the mileage of the vehicle described on this certificate when transferring ownership.
Failure to do so, or providing a false statement, may result in fines and/or imprisonment.

I certify that, to the best of my knowledge, this odometer reading (check one):

☒ 1. reflects the ACTUAL MILEAGE as seen on the odometer of the vehicle described on the front.
☐ 2. EXCEEDS MECHANICAL LIMITS (odometer started over at zero)
☐ 3. not the actual mileage. WARNING - ODOMETER DISCREPANCY.

**ODOMETER READING**  9104  (no tenths)

ODOMETER HAS SPACE FOR: (Check one)
☐ Five Digits, *excluding tenths*
☐ Six Digits, *excluding tenths*

## DAMAGE DISCLOSURE STATEMENT (To be Completed by Owner Named on Face of Title)

I certify that, to the best of my knowledge, this vehicle ☐ has been or ☐ has not been wrecked, destroyed or damaged to such an extent that the total estimate or actual cost of parts and labor to rebuild or reconstruct the vehicle to the condition it was in before an accident, and for legal operation on the road or highways, is more than 75% of the retail value of the vehicle at the time of loss. (Checking the "has" box means that the vehicle must have an anti-theft examination before being registered and that the title issued will have the statement "Rebuilt Salvage: NY" on it.)

I or we transfer the vehicle, boat or manufactured home described on this certificate. At the time of transfer, this title is subject only to the liens or encumbrances listed on this certificate, if any. I also certify that this is the most recent title issued for this vehicle, boat or manufactured home.
*Note: Section 2113 of the Vehicle and Traffic Law requires that application for a title must be made within 30 days of transfer.*

**Seller**
Seller's Signature: *Steven J Calderon by POA Whitney Olson*
Seller's Name *(Print in Full)*: Steven J Calderon
Street Address: 441 Central Park 280   City: Scarsdale   State: NY   ZIP code: 10583   Date of Statement: 3/4/2025

**Buyer**
Buyer's Signature: [signature]
Buyer's Name *(Print in Full)*: Gauge Automotive AGT Josh Hirahara
Street Address: 332 E 3300 S   City: Salt Lake City   State: UT   ZIP code: 84115   Date of Statement: 3/4/2025

## SECTION II - Reassignment by Manufactured Home Dealer or Registered Boat Dealer or Out-of-State Dealer

**ODOMETER DISCLOSURE STATEMENT**

*Note: This vehicle cannot be registered or titled in the name of the new owner unless mileage is disclosed.*
Federal and State Law require that you state the mileage of the vehicle described on this certificate when transferring ownership.
Failure to do so, or providing a false statement, may result in fines and/or imprisonment.

I certify that, to the best of my knowledge, this odometer reading (check one):

☐ 1. reflects the ACTUAL MILEAGE of the vehicle described on the front.
☐ 2. EXCEEDS MECHANICAL LIMITS (odometer started over at zero)
☐ 3. not the actual mileage. WARNING ODOMETER DISCREPANCY.

**ODOMETER READING**  9104  (no tenths)

ODOMETER HAS SPACE FOR: (Check one)
☐ Five Digits, *excluding tenths*
☐ Six Digits, *excluding tenths*

I or we transfer the vehicle, boat or manufactured home described on this certificate. At the time of transfer, this title is subject only to the liens or encumbrances listed on this certificate, if any. I also certify that this is the most recent title issued for this vehicle, boat or manufactured home.
*Note: Section 2113 of the Vehicle and Traffic Law requires that application for a title must be made within 30 days of transfer.*

**Seller**
Seller's Signature: *Whitney Olson*
Seller's Name *(Print in Full)*: Gauge Automotive AGT Whitney Olson
Street Address: 332 E 3300S   City: Salt Lake City   State: UT   ZIP code: 84115   Date of Statement: 3/4/2025

**Buyer**
Buyer's Signature: [signature] (AGT)
Buyer's Name *(Print in Full)*: Florida Performance Cars   Jacun Birsun AGT
Street Address: #771 Havemill Business Pkwy STE 106   City: Riviera Beach   State: FL   ZIP code: 33407   Date of Statement: 03/04/25

Boat Dealer's Facility #

MV-999 (3/21)

M 7453268

# UTAH SECURE POWER OF ATTORNEY

*Notice:* This form may be used when title is not present at the time of sale, held by the lienholder or has been lost. This form must be submitted to the State by the person exercising Powers of Attorney. Federal and State law require that you disclose mileage of the vehicle upon transfer of ownership. Providing a false statement may result in fines and/or imprisonment.

VIN  SLATV8C0XPU216487 _____  Year  2023 ___  Make  Rolls-Royce ____  Model  Cullinan ____
(Vehicle Identification Number)

## POWER OF ATTORNEY TO DISCLOSE MILEAGE, REVIEW
## TITLE DOCUMENT, AND ACKNOWLEDGE DISCLOSURE

I, Steven J Calderon _____ appoint  Gauge Automotive _____ as my attorney-in-fact, to sign all papers and documents required to secure the title and further grant the authority to endorse and transfer title thereto, and to disclose the mileage, for the vehicle described above, exactly as stated in my following disclosure.

I state that the odometer now reads  9104 _____ (NO TENTHS) miles and to the best of my knowledge that it reflects the actual mileage unless one of the following statements is checked:

☐ 1. I hereby certify that to the best of my knowledge the odometer reading reflects the mileage in excess of its mechanical limits.

☐ 2. I hereby certify that the odometer reading is NOT the actual mileage. *WARNING–ODOMETER DISCREPANCY*

Date of Statement:  3/4/25

| /s/ | Steven J Calderon | | |
|---|---|---|---|
| (Transferor's Signature) | (Printed Name) | (Co–Transferor's Signature) | (Printed Name) |

Transferor's Address  441 Central Park 280 ___  Scarsdale ___  NY ___  10583 ___
| | (Street) | (City) | (State) | (Zip Code) |

| Whitney Olson | Whitney Olson | Gauge Automotive | 305B |
|---|---|---|---|
| (Transferee's Signature) | (Printed Name) | (Dealership Name) | (Dealer License Number) |

Transferee's Address  332 E 3300 S ___  Salt Lake City ___  UT ___  84115 ___
| | (Street) | (City) | (State) | (Zip Code) |

## CERTIFICATION

I, Whitney Olson ____, am exercising powers of attorney, and hereby certify that the mileage I have disclosed on the title document is consistent with that provided to me in the above power of attorney. Upon examination of the title and any reassignment documents for the vehicle described above, the mileage disclosure I have made on the title pursuant to the power of attorney is greater than the previously stated on the title and reassignment documents. This certification is not intended to create, nor does it create a new or additional liability under Federal or State law.

Signature Whitney Olson  Printed Name Whitney Olson  Date 3/4/2025

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
G3ZWX-LPVSH-XTKVF-BSBQF

DOCUMENT COMPLETED BY ALL PARTIES ON
05 MAR 2025 21:22:34 UTC

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|

**SPRINT4NEXTEL@YAHOO.COM**

EMAIL
SPRINT4NEXTEL@YAHOO.COM

SHARED VIA
LINK

SENT
04 MAR 2025 22:46:26 UTC

VIEWED
04 MAR 2025 23:00:04 UTC

SIGNED
04 MAR 2025 23:01:23 UTC

IP ADDRESS
69.124.104.21

LOCATION
SCARSDALE, UNITED STATES

---

**WHITNEY OLSON**

EMAIL
INFO@SELLGAUGE.COM

SENT
04 MAR 2025 22:46:26 UTC

VIEWED
05 MAR 2025 21:20:35 UTC

SIGNED
05 MAR 2025 21:22:34 UTC

*Whitney Olson*

IP ADDRESS
65.130.182.171

LOCATION
SALT LAKE CITY, UNITED STATES

**RECIPIENT VERIFICATION**

EMAIL VERIFIED
05 MAR 2025 21:20:35 UTC





Gregg Alper <gregg@prolegalserve.com>

## Organized Vehicle Title Fraud Involving Florida DMV Activity

**Jimenez, Jessica** <                    >                                          Wed, Jun 18, 2025 at 10:51 AM
To: Gregg Alper ▇                          >, "Luquis, Victor" <                    >

Good Morning:

Definitely a fraudulent Florida title.

They didn't even try to make it look legit.

Master Trooper/Investigator Jessica Jimenez

Florida Highway Patrol

Bureau of Criminal Investigations & Intelligence

1030 NW 111th Avenue

Miami, FL 33172

Office: 305-513-3469

Cell: ▇▇▇▇▇▇

**From:** Gregg Alper <                    >
**Sent:** Wednesday, June 18, 2025 10:41 AM
**To:** Luquis, Victor <              >
**Cc:** Jimenez, Jessica <                >
**Subject:** Re: FW: FW: [EXT] Organized Vehicle Title Fraud Involving Florida DMV Activity

Good morning,

In reference to this case I was finally able to obtain the Florida title that was presented to the DMV in New York for them to issue a NY title. I have attached a copy of the title. Are you able to confirm that this is a fraudulent Florida title?



EXHIBIT
E

# Exhibit N



BHSPC



Tracking ID:    883069176432

✓ **Delivered**
Monday, 7/28/25 at 10:10 AM

Signed for by: E.Gutierrez

📍 **GPS delivery location**

→ **View more details**

↓ **Obtain proof of delivery**

🗓 **Report missing package**

**From**
Steven A. Andreacchi, Esq.
One Grand Central Place
60 E. 42nd St., 36th Floor
NEW YORK CITY,NY US 10165

**To**
ANNA KELLY - COO
332 E. 3300 S.
SALT LAKE CITY, UT US

**OUR COMPANY**
About FedEx
Our Portfolio
Investor Relations
Careers
FedEx Blog
Corporate Responsibility
Newsroom
Contact Us

**MORE FROM FEDEX**
FedEx Compatible
FedEx Developer Portal
FedEx Logistics
ShopRunner

**LANGUAGE**
 United States

© FedEx 1995-2025

Site Map    |    Terms of Use    |    Privacy & Security    |    Ad Choices