William S. Helfand, #16686
Emily L. Rutter, #20000
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2319
Telephone: 801.562.5555
Facsimile: 801.562.5510
Bill.Helfand@lewisbrisbois.com
Emily.Rutter@lewisbrisbois.com

*Attorneys for BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GAUGE AUTOMOTIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST, <br><br> Defendants. | **DEFENDANTS' AND COUNTERCLAIMANTS' STATUS REPORT** <br><br> Civil No. 2:25-cv-00792-AMA-JCB <br><br> District Judge Ann Marie McIff Allen <br> Magistrate Judge Jared C. Bennett |
| BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST, <br><br> Counterclaimants, <br><br> v. <br><br> GAUGE AUTOMOTIVE, INC., <br><br> Counter-Defendant. | |

Defendant/Counterclaimants BMW Financial Services NA, LLC and Financial Services Vehicle Trust (collectively ("BMW"), submit the following status report in accordance with the Court's October 8, 2025 Order (Dkt. 15).

Following the October 3, 2025, pretrial conference, counsel for all parties met to confer regarding a potential agreed process by which the Vehicle might be sold and the proceeds of sale secured, through deposit in the registry of the court or otherwise, until a final judgment in this or the Florida case.

Consistent with what Gauge's counsel told the Court, Gauge's counsel made it clear to counsel for BMW and FSVT that Gauge would not entertain such a proposed arrangement, that Gauge had a potential buyer for the Vehicle at price of $325,000, and that Gauge intended to sell the Vehicle without consulting with, let alone agreeing with, BMW about the terms or proceeds of any sale. Counsel for BMW and FSVT conveyed to Gauge's counsel that, if Gauge proceeded to sell the subject Vehicle without BMW/FSVT approval and input that Gauge should notify the potential purchaser that (1) there is a clouded title with BMW asserting claim to the vehicle as the actual owner; (2) they will be subject to a lawsuit; and (3) the vehicle is subject to repossession by BMW under the valid lease agreement. Gauge's counsel demurred and instead stated he would send a settlement proposal. Gauge has not sent anything further to BMW's counsel.

Defendants/Counterclaimants then sent a letter to Gauge's counsel that same day informing Gauge that Counterclaimants believe the parties could "come to a mutual agreement for a commercially reasonable sale of the vehicle [and] deposit of the proceeds with the court pending resolution of all claims," and reiterating the above recited notice should Gauge proceed to sell the

164929054.2

Vehicle without BMW's and FSVT's approval.[1] In response Gauge's counsel expressly confirmed that Gauge is unwilling to cooperate with Counterclaimants to address Counterclaimants' claim of ownership of the Vehicle or the proceeds of any sale of the vehicle.[2]

As more fully set forth in Defendants'/Counterclaimants' counterclaim (Dkt. 16), which BMW filed on October 8, 2025, based on Gauge's unwillingness to cooperate and stated intent to sell the Vehicle and retain or distribute the proceeds of any such sale as Gauge may unilaterally choose, Defendants/Counterclaimants filed a request for temporary restraining order, preliminary injunction, and expedited discovery, or in the alternative a request for a writ of attachment (Dkt. 19) on October 10, 2025.

Based on Gauge's clear threat to dispose of the Vehicle and refusal to secure the proceeds of any sale, **Defendants/Counterclaimants respectfully request the Court immediately enter a temporary restraining order** that prohibits Gauge from selling, otherwise transferring, or moving the Vehicle or, if the Vehicle has been sold, prohibiting Gauge from any conduct related to the proceeds of any sale other than maintaining the same in a domestic, Utah bank account with a publicly chartered bank, insured by the FDIC pending further orders of the Court.

Unless the Court finds it appropriate to order the expedited discovery requested by Defendants/Counterclaimants in Defendants/Counterclaimants motion (Dkt. 19) without the necessity of a hearing, Defendants/Counterclaimants would respectfully suggest the status conference hearing scheduled for October 16, 2025 include a clear and unequivocal report from Gauge as to the status and location of the Vehicle or the proceeds of sale of the Vehicle, if sold,

---

[1] *See* Dkt. 16-1 at PageID.207-209.

[2] *See* Dkt. 16-2 at PageID.210-212.

164929054.2

under penalty of perjury, the creation of a plan for expedited discovery, and a date for hearing for the Court's consideration of a preliminary injunction or issuance of a writ of attachment related to the Vehicle or proceeds of sale of the Vehicle, if Gauge has sold the Vehicle.

DATED: October 10, 2025　　　　　　　LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   */s/* William S. Helfand
     William S. Helfand
     Emily L. Rutter
     *Attorneys for BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October, 2025, I caused a true and correct copy of the foregoing **DEFENDANTS' AND COUNTERCLAIMANTS' STATUS REPORT** to be electronically filed through the Court's CM/ECF system, which will send notification of such filing to the following:

Chad Pehrson
KBA
50 W. Broadway, 10th Floor
Salt Lake City, Utah 84101
cpehrson@kba.law
*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　*/s/* William S. Helfand