William S. Helfand, #16686
Emily L. Rutter, #20000
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2319
Telephone: 801.562.5555
Facsimile: 801.562.5510
Bill.Helfand@lewisbrisbois.com
Emily.Rutter@lewisbrisbois.com

*Attorneys for BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| GAUGE AUTOMOTIVE, INC., | **COUNTERCLAIMANTS' MOTION FOR EX PARTE ORDER REQUIRING EXPEDITED DISCLOSURE** |
| Plaintiff, | |
| v. | |
| BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST, | |
| Defendants. | Civil No. 2:25-cv-00792-AMA-JCB |
| | District Judge Ann Marie McIff Allen |
| | Magistrate Judge Jared C. Bennett |
| BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST, | |
| Counterclaimant, | |
| v. | |
| GAUGE AUTOMOTIVE, INC., | |
| Counter-Defendant. | |

165278977.4

Consistent with Federal Rules of Civil Procedure 16(c) and Rule 26, and as orally addressed to and explained in detail to the Court at the October 16, 2025 hearing, BMW Financial Services NA, LLC ("BMW") and Financial Services Vehicle Trust ("FSVT") move for the entry of an *ex parte* order requiring Gauge Automotive, Inc. to make limited expedited disclosures, based on the following:

## INTRODUCTION[1]

In its court-ordered status report of October 10, 2025, Guage notified the Court and Counterclaimants of Gauge's sale of the subject Vehicle as well as the fact the proceeds of the sale have not been secure by Gauge (Dkt. 21).

As the Court is aware, FSVT is the owner of the Vehicle at issue in this lawsuit, notwithstanding Gauge's claims of Gauge's several purchases and sales of the Vehicle based on what Gauge is fully aware was a fraudulent title. Since Gauge recently sold the Vehicle, **and has repeatedly refused to provide the name and address of the recent purchaser** and likely possessor of the Vehicle, Gauge is actively precluding FSVT's and BMW's efforts to assert their rights to the Vehicle, including adding the new owner to the lawsuit.[2]  Indeed, before the recent sale, Gauge was on notice that if it sold the Vehicle without Counterclaimants' consent and without a mechanism for securing the proceeds of the sale, such a sale would impose irreparable harm to Counterclaimants, Counterclaimants' efforts to recover damages from Blackfire in accordance

---

[1] References to the evidence in support of this motion, which are in the Court's docket under Dkt. 19, *et. seq*. are incorporated here consistent with Rule 10, F.R.C.P.

[2] As the Court is aware, BMW and FSVT specifically requested that Gauge advise any prospective purchaser of the Vehicle of the fraudulent title and this pending lawsuit; both of which Gauge made clear it would not do. Accordingly, it is likely that, unless the recent purchaser is complicit in Gauge's actions, Gauge has further perpetrated a fraud on a new purchaser.

with the original Florida Lease would be impaired because the purported ownership of Counterclaimants' property would change, and Counterclaimants would have no choice but expend time and money to locate and join yet another party to the two pending lawsuits.

As the Court is also aware, BMW and FSVT have repeatedly asked Gauge to provide information regarding the new purchaser's identity and address on an expedited basis, including at the October 16, 2025, hearing before the Court, during which Gauge admitted this information is the proper subject of disclosures under Rule 26(a)(1)(A) in this case. However, Gauge has also made clear that, absent an order of the Court, Gauge intends to delay its disclosure of this information. There is no legitimate basis for Gauge's refusal to provide this information promptly and it appears that Gauge's refusal to provide this information immediately is only to further preclude BMW and FSVT from exercising their rights and to prepare for Movants' pending motion for temporary restraining order and preliminary injunction, including the potential of adding the new purchaser as a party to the case and subject of injunctive relief to avoid further transfers of the Vehicle.

The Court should not allow Gauge to hide this information and, instead should order Gauge to provide all sale documents related to Gauge's reported sale of the Vehicle within twenty-fours of the entry of the Court's order.

## GROUNDS FOR EXPEDITED DISCLOSURES

Under Fed. R. Civ. P. 65 courts evaluate motions for expedited discovery in connection with TROs based on the good cause standard, emphasizing the necessity, scope and reasonableness of the discovery requests. The "good cause standard may be satisfied where a party seeks a

preliminary injunction."[3]  Although Rule 26(d) of the Federal Rules of Civil Procedure provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f),[4] under the requirements for obtaining a TRO, the moving party may seek expedited discovery narrowly tailored to the issues raised in the motion for preliminary relief.[5]  Expedited discovery is often sought to support the motion for TRO to provide the necessary evidence to establish the likelihood of success on the merits, irreparable harm, and the balance of equities.[6]

In determining whether expedited discovery is appropriate, courts utilize the "reasonableness, or good cause, test" taking into account the totality of the circumstances.[7]  Factors considered in determining the reasonableness of expedited discovery include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."[8]

### 1.    Whether A Preliminary Injunction Is Pending

A motion for TRO and preliminary injunction is pending in this case (Dkt. 19) along with a supplemental ex parte motion for TRO and preliminary injunction (Dkt. 26). Counterclaimants

---

[3] *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

[4] *Id.*

[5] *Am. Equip. Sys., LLC v. Chester*, No. 223CV00680DBBDBP, 2023 WL 8261427, at *3 (D. Utah Nov. 29, 2023).

[6] *SRA Ins. Agency, LLC v. Virtus LLC*, No. 21-2181-DDC-JPO, 2021 WL 1840065, at *7 (D. Kan. May 7, 2021)

[7] *Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 531 (E.D.N.C. 2005); *see also Sunflower Elec. Power Corp. v. Sebelius*, No. 08-2575-EFM-DWB, 2009 WL 774340, at *2 (D. Kan. Mar. 20, 2009)

[8] *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005); *see also Sunflower Elec.* 2009 WL 774340, at *2.

are seeking an ex parte motion for TRO and preliminary injunction (1) preventing Gauge from secreting the Vehicle sale proceeds, and an order for Gauge to immediately deposit the full proceeds from the sale of the Vehicle into the registry of the Court; (2) a hearing for a preliminary injunction to protect and establish the same until this matter is resolved; or (3) a writ of attachment, if the Court finds that a more appropriate means of effecting the same relief.[9]

### 2. The Breadth of the Discovery Requests

For purposes of this motion for expedited disclosures, and in accordance with *Am. Equip. Sys., LLC,* Counterclaimants narrowly tailor their request for Gauge to provide disclosures in the form of all information related to the subject Vehicle sale(s), including the purchase agreement document(s), including the name(s), address(es), and contact information for all parties and any contracts and agreements between those parties.[10]

While Counterclaimants have narrowly tailored this requested disclosure, if the Court deems it just and proper at this stage, Counterclaimants also renew the initial request for expedited discovery in Dkt. 19, which includes accounting records to determine solvency, along with ten interrogatories, fifteen requests for production, and a deposition of no more than four hours of a corporate representative for Gauge, all of which should be completed on an expedited basis to allow Counterclaimants to prepare for a preliminary injunction hearing, as to all of Gauge's communications and interactions with Mr. Steven Calderon and FPC and any contracts and agreements between those parties, any communications Gauge has had with Secured Auto Group in connection with the subject Vehicle and any contracts and agreements between said parties, any

---

[9] Dkt. 19 & 26

[10] *See* Dkt. 26.

communications, contracts, and agreements in relation to the subject Vehicle, the past and potential sale(s) of the subject Vehicle, and the identity of and communications with any potential purchaser of the Vehicle or individuals who may have further information pertaining to the Vehicle, its sale(s), and the fraudulent activities associated with the subject Vehicle.[11]

### 3. The Purpose For Requesting The Expedited Discovery

Gauge sold the subject Vehicle to an unknown buyer. Counterclaimants have requested from Gauge's counsel, via email and in open court, the documents pertaining to the sale, yet Counterclaimants have thus far been denied the information. Counterclaimants request the above disclosures and other expedited discovery to prepare for a, yet to be scheduled, preliminary injunction hearing. This information is, obviously, necessary for Counterclaimants to be able to prove who currently claims ownership of the Vehicle, who may have knowledge of what and when, and whether Gauge is in any way complicit with the fraudulent activity surrounding this Vehicle.

### 4. The Burden Placed on Gauge to Comply with the Requested Expedited Disclosure is Minimal.

Gauge will suffer either minimal or no burden if the Court grants the requested expedited disclosures. Gauge purchased and sold the Vehicle—multiple times—and therefore should have, and be able to easily retrieve, the requested documents and purchaser information related to the subject Vehicle. Simply put, Gauge does not face any immediate burden due to the Court granting the expedited disclosure. However, if the Court does not grant the expedited disclosure, Counterclaimants' efforts to not only discover and join the purchaser of the Vehicle to the two pending lawsuits, Counterclaimants' efforts to recover damages from Blackfire in accordance with

---

[11] Dkt. 19 at PageID.238

the original Florida Lease will be further impaired because the purported ownership of Counterclaimants' property has allegedly changed hands.

5.    **How Far In Advance Of The Typical Discovery Process The Request Was Made**

No Rule 26(f) planning meeting or scheduling conference has yet been set in this case due to Counterclaimants' (1) motion to dismiss, and (2) motion and supplemental ex parte motion for TRO.  Once the motions for TRO are decided, the parties will have at least 14 days to file their answers to the complaint and counterclaims.  After which, the parties will conduct a Rule 26(f) conference, with Gauge's initial disclosures due 14 days following the conference.  At the earliest, we are no less than 28 days, likely more, from when Gauge would otherwise be required to produce the sought disclosures.  Thus it is in the interest of justice for the court to grant Counterclaimants' request for expedited disclosures.

**CONCLUSION**

For the foregoing reasons, the Court should grant Counterclaimants' motion for expedited disclosures and enter Movants' proposed order attached as Exhibit A. Counterclaimants further pray that the Court grant them such other and further relief, at law or in equity, to which they may be justly entitled.

165278977.4

Counterclaimants respectfully request the Court enter this order *ex parte* and without the necessity of a response or oral argument.

DATED: October 21, 2025                    LEWIS BRISBOIS BISGAARD & SMITH LLP

                                           By:    */s/ William S. Helfand*
                                           _____
                                                  William S. Helfand
                                                  Emily L. Rutter
                                                  *Attorneys for BMW Financial Services NA, LLC*
                                                  *and Financial Services Vehicle Trust*


## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October, 2025, I caused a true and correct copy of the foregoing **COUNTERCLAIMANTS' MOTION FOR EX PARTE ORDER REQUIRING EXPEDITED DISCLOSURE** to be electronically filed through the Court's CM/ECF system, which will send notification of such filing to the following:

Chad Pehrson
KBA
50 W. Broadway, 10th Floor
Salt Lake City, Utah 84101
cpehrson@kba.law
*Attorneys for Plaintiff*
*and Counter-Defendant*

                                           */s/ William S. Helfand*
                                           _____