IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GAUGE AUTOMOTIVE,<br><br>　　　　Plaintiff and Counterdefendant,<br>v.<br><br>BMW FINANCIAL SERVICES NA, et al.,<br><br>　　　　Defendants and Counterclaimants. | **ORDER DENYING SUPPLEMENTAL MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:25-cv-00792-AMA-JCB<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

On October 20, 2025, Defendants and Counterclaimants BMW Financial Services, NA, and Financial Services Vehicle Trust ("BMW") filed a "Supplement"[1] in which they move the Court for expedited consideration of an earlier filed Motion for Temporary Restraining Order.[2] In the Supplement, BMW asks the Court to grant the requested temporary restraining order on an expedited or ex parte basis, order expedited discovery, or grant a prejudgment writ of attachment. Plaintiff and Counterclaimant Gauge Automotive ("Gauge") did not file any response to the Supplement but has filed an Opposition[3] to the Motion for Temporary Restraining Order.

The Court denies BMW's Supplement in light of the lawsuit BMW filed against Gauge in Palm Beach County, Florida, on August 8, 2025, which involves the same claims as this lawsuit and thus creates efficiency and fairness risks if this Court addresses the merits of BMW's claims at this juncture. By way of history, BMW filed its Counterclaim in this lawsuit on October 8,

---

[1] ECF No. 26.
[2] ECF No. 19.
[3] ECF No. 33.

2025, which is approximately sixty days after it filed the Florida case. As BMW notes in its Counterclaim, the "allegations and claims are similar" in both actions because both involve claims "for declaratory relief, replevin, conversion, unjust enrichment, breach of contract [or tortious interference with the same], and trespass of chattels in connection with"[4] a 2023 Rolls Royce Black Badge Cullinan bearing vehicle identification number SLATV8C0XPU216487 ("Vehicle"). In response to an inquiry from the Court, BMW indicates it intends to oppose Gauge's attempts to dismiss BMW's claims in Florida and is currently pursuing discovery in Florida to that end.[5] Given that BMW asserts the same claims against Gauge in both lawsuits, the Court declines to reach the merits of BMW's claims now, particularly BMW's request for ex parte or emergency injunctive relief. BMW's attempt to pursue the same claims simultaneously in two jurisdictions raises a number of concerns, including those stated in Federal Rule of Civil Procedure 1, precedent addressing claim splitting,[6] and the doctrine of judicial estoppel.[7] Rather than engage in detail with these legal doctrines, the Court will put things plainly: BMW must decide where it intends to pursue its claims against Gauge. Until then, this Court declines to reach the merits of BMW's claims against Gauge. The Court has serious concerns that BMW's

---

[4] ECF No. 16 at 6.

[5] *See* ECF No. 22.

[6] *See, e.g.*, *Katz v. Gerardi*, 655 F.3d 1212, 1218–19 (10th Cir. 2011) ("the claim-splitting rule exists to allow district courts to manage their docket and dispense with duplicative litigation").

[7] *See, e.g.*, *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1087 (10th Cir. 2013) ("The purpose of judicial estoppel 'is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.... [and] to prevent improper use of judicial machinery.'") (alterations original).

simultaneous invitations to this Court and the court in Florida, to address its claims against Gauge, could result in inconsistent rulings and other judicial inefficiencies.

Based on the foregoing, the Court **DENIES** BMW's Supplement (ECF No. 26).

Dated this 28th day of October 2025.     By the Court:

Ann Marie McIff Allen
United States District Judge