William S. Helfand, #16686
Emily L. Rutter, #20000
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2319
Telephone: 801.562.5555
Facsimile: 801.562.5510
Bill.Helfand@lewisbrisbois.com
Emily.Rutter@lewisbrisbois.com

*Attorneys for BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| GAUGE AUTOMOTIVE, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST,<br><br>    Defendants, | **CONDITIONAL MOTION FOR VOLUNTARY DISMISSAL OF COUNTERCLAIMS, WITHOUT PREJUDICE, UNDER RULE 41(a)(2)**<br><br><br>Civil No. 2:25-cv-00792-AMA-JCB<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |
| BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST,<br><br>    Counterclaimants,<br><br>v.<br><br>GAUGE AUTOMOTIVE, INC.,<br><br>    Counter-Defendant. | |

Conditioned on such dismissal be without prejudice, Defendants and Counterclaimants BMW Financial Services NA, LLC and Financial Services Vehicle Trust move the Court to enter

170558293.4

an order under Rule 41(a)(2) allowing Defendants and Counterclaimants to voluntarily dismiss Counterclaimants' counterclaims for the following reasons:

### RELIEF REQUESTED

Defendants and Counterclaimants request an order dismissing all Counterclaimants' counterclaims, without prejudice under Rule 41(a)(2).

### CERTIFICATE OF CONFERENCE

Prior to filing this motion, counsel for Defendants/Counterclaimants requested that Plaintiff/Counterdefendant stipulate to dismissal of Defendants/Counterclaimants' counterclaims without prejudice. Plaintiff/Counterdefendant will not agree to dismissal of the counterclaims without prejudice thus necessitating a ruling from the Court.

### GROUNDS FOR THE MOTION

1. Counterclaimants seek voluntary dismissal of all counterclaims, without prejudice for the sake of judicial economy because, as the Court is aware, these issues are being litigated in a state district court in Florida, with all interested parties. The Florida case is more likely to provide all parties complete resolution of all claims between them making this lawsuit, between only some of the appropriate parties, unnecessarily duplicative.

2. As the Court is aware, Defendants in this case filed suit in the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida against Gauge and all other parties connected to the fraudulent titling scheme related to the subject Vehicle. The claims in the Florida case encompass the counterclaims Counterclaimants later filed in this matter.

3. Indeed, and as the Court is also aware, Counterclaimants only raised their counterclaims in this action based upon Gauge's inaccurate, at best, account of the whereabouts of the vehicle that

170558293.4

is the subject of this lawsuit in Counterclaimants' effort to secure the vehicle pending a judgment. Had Gauge been candid with the Court and Counterclaimants, Counterclaimants would not have brought their counterclaims in this Court at all.

## GAUGE'S LACK OF CANDOR

4. On September 15, 2025, the Court set a pretrial settlement conference for October 3, 2025, instructing that "Plaintiff…[be] prepared to disclose the amount it paid for the subject automobile," and that "[f]ailure … to send a representative with [full and unfettered] settlement authority may result in sanctions, up to and including judgment against that party." *See* Dkt. 6.

5. At the pretrial conference, in response to the Court's direct questions, Gauge's counsel informed the Court, even after the Court instructed Gauge's counsel to confer with Gauge during the hearing, of Gauge's determination to sell the Vehicle *in the future* and later conveyed to Defendants that Gauge planned to sell the Vehicle without Defendants' input, and without notifying the potential purchaser of the clouded title.

6. Based specifically upon Gauge's stated intent, Defendants' asserted counterclaims against Gauge to support a preliminary injunction to secure the subject Vehicle.

7. In a status update ordered by the Court, on October 10, 2025, Gauge informed the Court that it "proceeded or intended to proceed" with the sale of the Vehicle, and in fact had "completed the sale of the Vehicle to a licensed Utah dealership." *See* Dkt. 21, PageID.253. As addressed below, this representation was neither accurate nor honest because **Gauge had already sold the Vehicle over one month before the first hearing before the Court**.

8. Despite Counterclaimants' numerous requests, Gauge repeatedly refused to provide the name of the "licensed Utah dealership"—Secured Auto Group ("SAG")—disclosing the entity

170558293.4

name on October 22, 2025, *only after* the Court ordered Gauge to disclose this information. *See* [Dkt. 26, PageID.280 ¶ 5](); *see also* [Dkt. 31, PageID.304]().

9. Despite Gauge's in-court statements on October 3, 2025 and its October 10, 2025 report that Gauge intended to proceed to sell the car *in the future*, Gauge's own documents from the compelled disclosure show Gauge had already sold the Vehicle "on or about October 7, 2025." *See* [Dkt. 31, PageID.304](). **This was an equally false representation to the Court**.

10. Counterclaimants served SAG with a subpoena to produce documents on November 6, 2025. In response, SAG produced the purchase and sales agreement for the Vehicle revealing Gauge's deliberate deception and fraud upon the Court and Counterclaimants. *See* **Exhibit A.**

11. **Gauge sold the Vehicle to SAG on September 16, 2025**, *not* October 7, 2025. *Id.* Accordingly, Gauge had already sold the Vehicle when the parties first appeared before the Court on October 3, 2025.

12. Indeed, SAG had already re-sold the vehicle to Luxury Auto Collection ("LAC") in Scottsdale, Arizona on October 2, 2025—one day prior to the Court's scheduled pretrial conference. *Id.*; *see also* Dkt. 6.

13. Gauge deceived both the Court and Defendants/Counterclaimants into believing Gauge still had possession of the Vehicle. Indeed, based solely upon Gauge's false representations and deception to the Court at the October 3, 2025 hearing, Defendants believed they could secure and, upon final judgment recover, the Vehicle. That was the reason Defendants withdrew their motion to dismiss or transfer venue. Gauge's false and deceptive information was the sole basis for Defendants' election to bring counterclaims which they would have not raised had Gauge complied

170558293.4

with its duty of honesty and candor with the Court. Accordingly, dismissal of Defendants' counterclaims, without prejudice, to allow BMW Financial Services NA, LLC and Financial Services Vehicle Trust to pursue their claims in the pending Florida action is appropriate. In opposing Counterclaimants' motion to dismiss without prejudice, Gauge should not benefit from its own dishonest conduct.

## ARGUMENT

Rule 41(a)(2) motions seeking an order of dismissal should only be denied in rare circumstances, when dismissal would result in "legal prejudice" to the nonmoving party. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (collecting cases). Federal courts within the Tenth Circuit generally grant motions for voluntary dismissal under Rule 41(a)(2) without prejudice when, like this case, the motion is made in the early stages and there is no demonstrable legal prejudice to the defendant. "A district court should normally grant dismissal without prejudice, absent 'legal prejudice'" to the party resisting dismissal." *Mitchell v. Roberts*, 43 F.4th 1074, 1083 (10th Cir. 2022). What constitutes "'legal prejudice' [is] not entirely clear, but relevant factors considered by the district courts within the Tenth Circuit should consider include: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation." *Id.*; *see also Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996).

These factors are evaluated primarily to the extent that they cannot be effectively addressed by curative conditions. *Brown v. Baeke*, 413 F.3d 1121, 1126 (10th Cir. 2005). Similarly, "[c]onditions are designed to alleviate any prejudice a defendant might otherwise suffer upon

170558293.4

5

refiling of an action," which means a court "should impose only those conditions which actually will alleviate harm to the defendant." *Am. Nat'l Bank & Tr. Co. v. Bic. Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

In determining what amounts to legal prejudice, "the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021). "The possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice." *Am. Nat'l Bank & Tr. Co.*, 931 F.2d at 1412. "Additionally, the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice, … and plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1280 (9th Cir. 2023).

While Gauge has answered the counterclaims, Counterclaimants have not, in light of the pending Florida suit, propounded any discovery on Gauge.[1] Gauge cannot show that dismissal of the counterclaims, which Rule 41(a)(2) presumes to be without prejudice, will cause Gauge to lose

---

[1] Gauge's Florida counsel objected to discovery in the Florida suit based on the false assertion that discovery in the Florida action "is duplicative of discovery already propounded and actively being litigated in the first-filed Utah Action (sic)…" Further, in a conference among all counsel in the Florida case ordered by that court, Gauge's Florida counsel reported they were advised by Gauge's Utah counsel that BMW had not only served discovery on Gauge in the Utah action, but that BMW had served the very *same* discovery requests in Utah as those BMW served in the Florida action. This is either a blatant misrepresentation by Gauge's Utah counsel or, at the very least, a clear misunderstanding by Gauge's Florida counsel. Either way, any suggestion that Gauge has had to engage in any discovery in the instant case is simply false.

170558293.4

any right constituting legal prejudice. Indeed, in responding to Counterclaimants' pre-filing conference request, Gauge cited only its costs of responding to the counterclaims as a basis for opposing Counterclaimants' request that Gauge stipulate to dismissal of the counterclaims without prejudice, even though those costs are not recoverable even if Gauge prevails on the counterclaims if they are not dismissed. Dismissing the counterclaims will not affect Gauge's pending claims but will leave intact Gauge's original claims that gave rise to this suit.[2] On the other hand, Gauge's willingness to stipulate to dismissal of the counterclaims only with prejudice is Gauge's obvious intent to prevail in the Florida lawsuit by raising dismissal of the counterclaims in the instant case, with prejudice as a legal bar to Defendants pursuing those claims in Florida. First, this would preclude resolution of these issues on the merits and, egregiously, would allow Gauge to benefit from Gauge's own repeated dishonesty before the Court.

That said, if the Court finds any basis to not dismiss the counterclaims without prejudice, Counterclaimants do not desire to dismiss the counterclaims which Defendants/Counterclaimants will prosecute in this action.

---

[2] However, Gauge's sale of the vehicle likely precludes Gauge's standing to pursue its claim in this case, an issue Defendants will address if Gauge intends to continue to prosecute Gauge's claim for a declaratory judgment.

170558293.4

## CONCLUSION

In the interest of judicial economy, and for the reasons set forth above, the Court should grant the Motion and dismiss Defendants'/Counterclaimants' counterclaims, without prejudice under Rule 41(a)(2).

DATED: February 4, 2026        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ William S. Helfand
William S. Helfand
*Attorneys for BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February, 2026, I caused a true and correct copy of the foregoing **CONDITIONAL MOTION FOR VOLUNTARY DISMISSAL OF COUNTERCLAIMS, WITHOUT PREJUDICE, UNDER RULE 41(a)(2)** to be electronically filed through the Court's CM/ECF system, which will send notification of such filing to the following:

Chad Pehrson
*Attorney for Plaintiff*

/s/ Cynthia Worne