Chad Pehrson (12622)
**KNH LLP**
50 West Broadway 9th Floor
Salt Lake City, UT 84101
(801) 994-4646
cpehrso@knh.law

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| GAUGE AUTOMOTIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST, <br><br> Defendants. | **DECLARATION OF JOSH HIRAHARA IN SUPPORT OF PLAINTIFF GAUGE AUTOMOTIVE INC.'S OPPOSITION TO BMW'S REQUEST FOR RULE 41 DISMISSAL** <br><br> Case No. 2:25-cv-00792 <br><br> Judge Ann Marie McIff Allen <br><br> Jury Demanded |

I, Josh Hirahara, declare as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Chief Executive Officer and a principal of Gauge Automotive, Inc. ("**Gauge**"). I make this declaration based on my personal knowledge and in support of Gauge's Opposition to BMW's Conditional Motion for Voluntary Dismissal of Counterclaims Without Prejudice.

2. Gauge is a small, locally owned car dealership in South Salt Lake City, Utah. We operate from a single location at 332 East 3300 South, Suite 200, South Salt Lake City, Utah 84115. I have been personally involved in every aspect of this litigation, including working with

**Decl. of Josh Hirahara ISO Gaug's Opposition to BMW's Rule 41 Motion**                                                                                    Page 1

counsel, gathering documents, and reviewing filings.

3. Since BMW filed its counterclaims in this Court, Gauge has spent tens of thousands of dollars in attorneys' fees and costs defending against BMW's motions and filings. For a small business, that is an enormous amount of money. It has required me to take time and attention away from actually running the business.

4. BMW has filed motion after motion in this Court, and Gauge has had to respond to each one. These include BMW's Motion to Dismiss or Transfer Venue to Florida (Dkt. 11); BMW's Motion for a Temporary Restraining Order and Preliminary Injunction seeking to freeze $324,000 of Gauge's funds (Dkt. 19); a Supplement to that TRO motion (Dkt. 26); a Motion for Ex Parte Expedited Disclosure (Dkt. 28); and third-party subpoenas issued under this Court's authority. Gauge's opposition to the TRO alone was a 19-page brief that required extensive research and preparation. See Dkt. 33.

5. I understood BMW's withdrawal of its Motion to Dismiss to be a deliberate decision to stay in this Court and litigate here. BMW's own filing said it was withdrawing the motion because it "intend[ed] to prosecute its counterclaims in this action." That statement was clear and unambiguous, and Gauge relied on it in directing its resources.

6. Gauge has spent substantial resources on its Utah litigation counsel.

7. After withdrawing that motion, BMW did not slow down. It immediately escalated, filing multiple additional motions within days. BMW sought to freeze our money, demanded expedited disclosure of our business information, and issued subpoenas to third parties. Gauge had to respond to all of it.

8. If BMW is now permitted to walk away from its counterclaims without prejudice

and pursue the same claims against Gauge in Florida, Gauge will be seriously harmed.

9. First, Gauge is a Utah company. We are here. Our records are here. This is where we filed suit to resolve this dispute, and where BMW counter-sued us. Given that BMW expressly filed claims here and sought relief here, it is only fair to make BMW finish their fight here.

10. Of course the only thing worse than being in one litigation is being in two litigations. Not only is that more expensive, but there's the obvious risk of inconsistent rulings. What happens then?

11. Also, BMW has already gained tactical advantages from litigating here. Its lawyers attended hearings and saw how this Court reacted. And BMW obtained discovery both from Gauge and from third parties.

12. Of course, the uncertainty of this litigation has already hurt our business. Before this lawsuit, BMW contacted dealers, auctions, and other people in the industry to tell them Gauge's title was no good. The prospect of not being able to get BMW's claims ruled on in this court, after already spending tens of thousands of dollars defending those claims, makes it that much worse. Every dollar we spend on lawyers is a dollar we cannot spend on inventory or keeping the business running—and BMW knows that.

13. From where I sit, BMW's pattern of behavior looks like it is designed to wear Gauge down. BMW moved to dismiss, changed its mind and fought aggressively here, and now wants to leave and start over somewhere else. Each time BMW changes course, Gauge pays for it. I don't think that is fair to this small business.

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct.

      Executed on February 17, 2026, in Salt Lake City, Utah.

                                              */s/Josh Hirahara*
                                              Josh Hirahara
                                              Chief Executive Officer
                                              Gauge Automotive, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2026, I caused a true and correct copy of the foregoing **DECLARATION OF JOSH HIRAHARA IN SUPPORT OF PLAINTIFF GAUGE AUTOMOTIVE INC.'S OPPOSITION TO BMW'S REQUEST FOR RULE 41 DISMISSAL** to be electronically filed through the Court's CM/ECF system, which effectuated service on all parties of record.

*/s/Chad Pehrson*