William S. Helfand, #16686
Emily L. Rutter, #20000
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2319
Telephone: 801.562.5555
Facsimile: 801.562.5510
Bill.Helfand@lewisbrisbois.com
Emily.Rutter@lewisbrisbois.com

*Attorneys for BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GAUGE AUTOMOTIVE, INC., Plaintiff, <br><br> v. <br><br> BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST, Defendants, <br><br> BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST, Counterclaimants, <br><br> v. <br><br> GAUGE AUTOMOTIVE, INC., Counter-Defendant. | **DEFENDANTS/COUNTERCLAIMANTS' REPLY IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL OF COUNTERCLAIMS, WITHOUT PREJUDICE, UNDER RULE 41(a)(2)** <br><br> Civil No. 2:25-cv-00792-AMA-JCB <br><br> District Judge Ann Marie McIff Allen <br><br> Magistrate Judge Jared C. Bennett |

  The Court should dismiss the Defendants'/Counterclaimants' counterclaims without prejudice under Rule 41(a)(2) because Gauge cannot demonstrate any plain legal prejudice, and the equities, facts, and case law overwhelmingly support voluntary dismissal without prejudice.

# INTRODUCTION

The Court should grant Defendants/Counterclaimants' motion to dismiss their counterclaims without prejudice under Rule 41(a)(2). [Dkt. 43]. The law in the Tenth Circuit favors dismissal without prejudice absent a showing of plain legal prejudice, which Gauge has not shown, and cannot show, here. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (collecting cases).

Indeed, in asking the Court to make an early, routine without-prejudice dismissal into one with prejudice, Gauge reveals its true goal of attempting to leverage that dismissal to, *once again,* attempt to circumvent the pending Florida litigation which initially prompted Gauge to file this suit. The Court is all too familiar with Gauge's gamesmanship in both its initiation of the instant suit and Gauge's lack of candor, at best, with both the Court and Counterclaimants about the status of the *res* related to the instant case. When Gauge knew it was about to be sued in Florida, only after Gauge derailed Counterclaimants' efforts to intervene in the earlier-filed Florida lawsuit, Gauge filed this lawsuit seeking a declaratory judgment regarding ownership of the vehicle in question, but Guage only revealed Guage's prior sale of the vehicle – thereby destroying Gauge's standing to prosecute this suit[1] – when directly ordered by the Court to report the status of the vehicle, and only after failing to apprise the Court of Gauge's sale of the vehicle *prior to the very first conference before the Court in this case.* Indeed, and as the Court is well aware, Counterclaimants only withdrew their motion to dismiss or transfer the instant case based upon Gauge's untruthful suggestion, during the Court's first status conference, that Gauge was

---

[1] See, *e.g., Schell v. Oxy USA*, 814 F.3d 1107 (10th Cir. 2016). Accord, *Melot v. Roberson*, 653 F. Appx. 570 (10th Cir. 2016).

172186445.2

attempting to sell the Vehicle, **even though Gauge had already sold the Vehicle**. And it was only based upon Gauge's furtive efforts that Counterclaimants brought any counterclaims at all, solely in an effort to secure the Vehicle from a sale Gauge failed to tell the Court and Counterclaimants occurred long before Counterclaimants brought their counterclaims.

Particularly, since Gauge's sale of the vehicle *months ago* destroys Gauge's own standing to pursue its declaratory judgment action, coupled with the fact that Gauge has done absolutely nothing in the prosecution of this case or defense of the counterclaims in the instant case, all the while *falsely* representing to the Florida court that the instant case is actively proceeding in an effort to derail the Florida lawsuit; the **only** reason Gauge could oppose Counterclaimants' motion to dismiss without prejudice is to try to achieve a resolution of the Florida case on procedural grounds, as opposed to on the merits. In failing to acknowledge the undeniably early posture of this case – Gauge has not done anything other than respond to the Court – and the counterclaims, Gauge overstates Gauge's effort and expense related to this case as much as Gauge has falsely reported other facts to this Court and the Florida court.

Simply put, Counterclaimants raised the present counterclaims solely in an effort to secure the Vehicle only after Gauge misrepresented to the Court Gauge's intent to sell the Vehicle *prospectively*, even though Gauge had already sold the Vehicle prior to making that representation, and prior to the first hearing in this matter. Counterclaimants seek dismissal of their counterclaims, without prejudice, to focus and pursue their claims in the pending Florida state court action arising from the same fraudulent titling scheme and encompassing the counterclaims asserted here, which includes all necessary parties' claims overlapping with both Gauge's and Counterclaimants' claims presented in the instant suit.

Accordingly, an order dismissing Counterclaimants' claims, *without prejudice*, will serve the interest of judicial economy by allowing Counterclaimants to proceed in the Florida action on Counterclaimants' claims asserted here, avoid duplicative litigation in Utah between only a subset of actors – particularly where the Court likely does not still have subject matter jurisdiction over Gauge's declaratory judgment action – and is more likely to provide a full and complete resolution of all claims between all parties.

That said, and to be clear, if the Court is inclined to dismiss Counterclaimants' counterclaims only with prejudice, Counterclaimants do not wish to dismiss Counterclaimants' counterclaims, and they will instead continue to prosecute those claims in this action. That is, Counterclaimants move to dismiss their counterclaims **only if the Court finds dismissal without prejudice to be appropriate**.

## ARGUMENT

The presumption under Rule 41(a)(2) is dismissal without prejudice unless the non-moving party proves plain legal prejudice. Dismissal of the counterclaims in this matter without prejudice is appropriate here, because Gauge fails to meet its burden to demonstrate that Gauge would suffer plain legal prejudice. Indeed, even if the Court may believe Gauge has proven some plain legal prejudice, the court still has discretion "to dismiss an action without prejudice 'upon such terms and conditions as the court deems proper.'" *Mitchell v. Roberts*, 43 F.4th 1074, 1088 (10th Cir. 2022) (quoting Fed. R. Civ. P. 41(a)(2)); *see also Brown v. Baeke*, 413 F.3d 1121, 1126 (10th Cir. 2005) (curative conditions, not denial, address potential prejudice); *Am. Nat'l Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (curative conditions); *See*

*also*, 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2366 (4th ed. 2022 update).

I. **Gauge's over-exaggerated "effort and expense" does not constitute plain legal prejudice.**

Gauge's cited "effort and expense" consist almost entirely of addressing claims Gauge itself chose to file, including researching, briefing, and opposing Defendants' motion to dismiss or transfer, which Defendants filed in *response* to Gauge's complaint; preparing for and attending two in-person hearings *ordered by the Court*;[2] briefing an opposition to Defendants' TRO motion; responding to Defendants' motion for expedited disclosure; and participating in "multiple status conferences." None of these efforts relate to the counterclaims, but instead flow from Gauge's prosecution of its own lawsuit. Gauge's only material effort and expense related to the counterclaims amount to prepare an eight-page Answer to BMW's Counterclaims; a minimal burden compared to what Gauge asserts. *See* Dkt. 38. Since **Gauge has really not done anything** to prosecute Gauge's claims or even defend the counterclaims, Gauge's bald assertion of "tens of thousands of dollars in attorneys' fees" seem as equally disingenuous as Gauge's prior reports to the Court about the status of the Vehicle. Regardless, these are not fees Gauge could recover even if it had standing to continue to prosecute its declaratory judgment action or in defense of the counterclaims. See, *e.g.*, *Schell*, 814 F.3d at 1128; *Pueblo of Pojoaque v. Wilson*, 619 F. Supp. 3d

---

[2] Notably, the second hearing, which continued to address the status of the Vehicle was only necessitated by Gauge's failure to advise the Court, *during the first hearing,* that Gauge had already sold the Vehicle. Indeed, even the first hearing would have been much shorter had Gauge been honest with the Court about Gauge's sale of the Vehicle, *before the first hearing.* Both are failures of the duty of candor which the Court should not likely excuse.

172186445.2

1095, 1104 (D.N.M. 2022). Accordingly, and accepting Gauge's "logic," purely *arguendo,* dismissal of the counterclaims will actually save Gauge further fees and expenses.

Further, Gauge caused any prejudice it claims through Gauge's own improper conduct, including its concealment of Gauge's sale of the Vehicle prior to both the first hearing and Counterclaimants' filing of counterclaims.[3] The record shows Counterclaimants filed their counterclaims and sought preliminary relief *only* because Gauge told the Court, at the first hearing on October 3, 2025, that Gauge *intended to sell* the Vehicle *prospectively* despite the fact Gauge had already sold the Vehicle weeks earlier, on September 16, 2025. Had Gauge simply been honest with the Court and disclosed Gauge's prior sale of the Vehicle, Counterclaimants would not have elected to pursue counterclaims, there would have been no need for the preparation and attendance at two in-person hearings, no need for Gauge to file an opposition to Defendants' motion for a preliminary injunction or response to Counterclaimants' motion for expedited disclosure because Counterclaimants would have never withdrawn their motion to dismiss or transfer venue, would have never filed the counterclaims, their preliminary injunction motion, nor Counterclaimants' motion for expedited disclosure. Instead, Defendants would have filed a 12(b)(1) motion to dismiss Gauge's claim for lack of standing and mootness.[4] All the expense of which Gauge complains are expenses and fees Gauge's own lack of candor caused.

---

[3] Indeed, speaking of fees, Gauge's counsel is a more appropriate target for Counterclaimants' fees and expenses, under 28 U.S.C. § 1927, for Gauge's counsel's failure to immediately report to the Court Gauge's sale of the Vehicle long before the Court's first inquiry about the Vehicle's status.

[4] "It is well established that any party, including the court *sua sponte*, can raise the issue of standing for the first time at any stage of the litigation." *Scott v. Allen,* 153 F.4th 1088, 1093 (10th Cir. 2025). Because standing implicates federal jurisdiction, a "court *must* consider [it] *sua sponte.*" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe, New Mexico,* 993 F.3d 802, 813 n. 5 (10th Cir. 2021). Additionally, courts "generally act to prevent a party from taking advantage of

172186445.2

6

Gauge's accusations of "gamesmanship" on the part of Counterclaimants seems almost laughable in light of Gauge's secretive, voluntary act of selling the Vehicle which Gauge had a duty to preserve *or at least report to the Court at both hearings* the Court convened for the very purpose of determining the status of the Vehicle. Gauge's calculated actions, not any act by Counterclaimants, forced this unnecessary litigation. Under these circumstances, the Court should not reward Gauge by recognizing any alleged effort or expense as legal prejudice. Even if the Court identifies some prejudice caused by Counterclaimants' conditional request to dismiss without prejudice, the Court can fully remedy any prejudice caused by Counterclaimants, *if any,* with curative conditions, not by dismissal with prejudice so that Gauge can assert the preclusive effect of such dismissal in the Florida lawsuit. Indeed, that is the sole reason Counterclaimants' motion to dismiss is conditioned on dismissal of the counterclaims *without prejudice*.

**II.  Only Gauge's conduct delayed litigation.**

Counterclaimants moved promptly once it became clear the Florida action, with all interested parties, was the more efficient forum and the goal of securing and preserving the Vehicle had been mooted by Gauge's concealed and undisclosed prior sale. The Florida lawsuit includes Gauge and all other parties connected to the fraudulent retitling scheme in which Gauge was apparently complicit; it was filed without caused by Counterclaimants' knowledge of this case; and the Florida case encompasses Counterclaimants' counterclaims at issue here.

---

mootness that the party caused" when the "mootness results from a voluntary act" of the party. *Schell,* 814 F.3d at 1117. Mootness principles "govern[ ] cases brought...under the Declaratory Judgment Act" and courts have "an affirmative obligation to consider this [jurisdictional] issue *sua sponte*." *Moongate Water Co. v. Dona Ana Mut. Domestic Water Consumers Ass'n.,* 420 F.3d 1082, 1088 (10th Cir. 2005); *Utah Animal Rights Coalition v. Salt Lake City Corp.,* 371 F.3d 1248, 1255 (10th Cir.2004); *Tandy v. City of Wichita,* 380 F.3d 1277, 1290 n. 15 (10th Cir. 2004).

172186445.2

Since the Court is called upon to make an equitable decision, it is worth noting that Gauge's history of forum gamesmanship is not limited to the instant suit. This suit is the *second-filed* suit involving these parties, and this Vehicle. In the *first-filed* suit, Gauge was sued in Florida by FPC, the original purchaser of the Vehicle, and Defendants here petitioned the Florida court and were prepared to intervene *after* caused by Counterclaimants here notified Gauge of their proposed intervention and insisted Gauge preserve the Vehicle. It was Gauge's forum shopping and gamesmanship that began when Gauge promised to indemnify FPC if FPC would dismiss the *first-filed* Florida case so Gauge could avoid caused by Counterclaimants' intervention in Florida and instead file in Utah. Defendants/Counterclaimants filed suit in Florida, naming *all* parties associated with the Vehicle *before* learning Gauge had filed the instant suit in Utah State Court.

Counterclaimants have never sought to delay litigation of these issues in this Court or in Florida. To the very contrary, Counterclaimants are the only party honestly and diligently seeking to resolve Gauge's claim-splitting. Only Gauge's misconduct, not any delay by Counterclaimants, caused any delay in this litigation. In the four months between filing and seeking to dismiss the counterclaims, Counterclaimants diligently sought resolution through a third-party subpoena to Secured Auto Group seeking purchase and sales documents pertaining to the Vehicle. Meanwhile, Gauge's continued delays—including willful (1) misrepresentations and lack of candor to the Court and Counterclaimants about the status of the Vehicle; and (2) Gauge's false representations to the Florida court that the Florida court should delay proceeding because the instant case was being actively litigated when, in fact, Gauge has done nothing to prosecute its now-moot claim in this Court—are the only acts of lack of diligence; all of which are attributable only to Gauge.

### III.     Gauge's alleged prejudice are self-inflicted or at least curable.

Any concerns regarding duplication of efforts can be addressed by reasonable conditions narrowly tailored to mitigate prejudice. As discussed previously, the Tenth Circuit counsels that the Court may impose reasonable conditions to address any real prejudice, if any. Here, Counterclaimants have been transparent in making clear the Counterclaimants seek to dismiss their counterclaims without prejudice solely to allow Counterclaimants to pursue those claims where they are already pending anyway, in the Florida action. Since Gauge must defend those claims in Florida regardless of whether this Court either dismisses the counterclaims without prejudice here or leaves the counterclaims intact in this Court in light of Counterclaimants' conditional motion to dismiss, Gauge cannot show any actual prejudice. However, even if the Court deems some conditions necessary to dismissal without prejudice appropriate, it may adopt targeted terms such as, making discovery undertaken in the case at bar – only Counterclaimants have propounded discovery – available in the Florida proceeding or refiling certain claims in another jurisdiction within a limited time to address any prejudice Gauge might actually show, while allowing dismissal to serve judicial economy. *Mitchell*, 43 F.4th at 1088.

### IV. The "present stage of litigation" favors dismissal without prejudice.

Although the parties have engaged in the most preliminary motion practice, the matter has not advanced to party discovery or trial preparation on Gauge's claim or the counterclaims. Counterclaimants sought dismissal early, and expressly conditioned it on being without prejudice, consistent with Rule 41(a)(2)'s presumption. Gauge asserts, purely *ipse dixit,* the case is not in the "early" stage of litigation. However, there has not been any discovery propounded by Gauge, let alone in relation to the counterclaims, the Court has not entered a scheduling order or set a trial

date. To be sure neither party has engaged, or even could have engaged, in trial preparation at this early stage.  Counterclaimants' motion to dismiss the counterclaims at this relatively early stage further supports dismissal without prejudice under Rule 41(a)(2).

## CONCLUSION

Gauge should not gain an advantage from Gauge's own lack of candor, at best, with the Court in response to the Court's specific inquiries about the status of the Vehicle, Gauge's *repeatedly* misleading answers to which were the sole basis of Defendants'/Counterclaimants' abandonment of Defendants' motion to dismiss or transfer this case and the genesis instead of Counterclaimants' counterclaims in the case at bar. Rather, in the interest of judicial economy, as more fully set forth in Counterclaimants' opening brief and here, the Court should dismiss Defendants'/Counterclaimants' counterclaims, without prejudice under Rule 41(a)(2).

However, if the Court finds any basis not to dismiss without prejudice, Counterclaimants do not desire dismissal of their counterclaims and instead will continue to prosecute their counterclaims in this action, even after the Court may dismiss Gauge's sole claim for mootness and lack of standing.

DATED: March 3, 2026                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ William S. Helfand*
William S. Helfand
*Attorneys for BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

172186445.2

## CERTIFICATE OF SERVICE

On March 3, 2026, I filed a true and correct copy of the foregoing electronically through the Court's CM/ECF system, which will send notification and service of such filing to all counsel of record.

*/s/ Cynthia Worne*