IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GAUGE AUTOMOTIVE,<br><br>Plaintiff and Counterdefendant,<br>v.<br><br>BMW FINANCIAL SERVICES NA, et al.,<br><br>Defendants and Counterclaimants. | **ORDER: (1) GRANTING MOTION FOR VOLUNTARY DISMISSAL OF COUNTERCLAIM WITHOUT PREJUDICE; and (2) FINDING MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:25-cv-00792-AMA-JCB<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

On February 4, 2026, Defendants and Counterclaimants BMW Financial Services, NA, and Financial Services Vehicle Trust ("BMW") filed a Conditional Motion for Voluntary Dismissal of Counterclaims Without Prejudice Under Rule 41(a)(2) ("Motion").[1]  Plaintiff and Counterclaimant Gauge Automotive ("Gauge") Filed an Opposition.[2]  BMW filed a Reply.[3]

The Court grants BMW's Motion.  As the Court noted in an earlier Order, BMW's pursuit of its claims in this Court poses serious risks when nearly identical claims are pending in a lawsuit BMW filed against Gauge in Palm Beach County, Florida.[4]  The Court appreciates BMW taking the invitation to decide where it intends to pursue its claims against Gauge to avoid the risks of inconsistent rulings and other judicial inefficiencies.

---

[1] ECF No. 43.
[2] ECF No. 44.
[3] ECF No. 46.
[4] *See* ECF No. 37.

Gauge contends the Court should deny the dismissal without prejudice because such a dismissal will cause Gauge "legal prejudice" under the test set forth in *Ohlander v. Larson*, 114 F.3d 1531 (10th Cir. 1997).  Under that test, the Court considers "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation."  *Id.* at 1537.  Considering those factors, the Court finds BMW's Motion should be granted.

Although Gauge has incurred costs in defending BMW's counterclaims, it is difficult to parse those costs from the cost of Gauge bringing its own affirmative claims.  Gauge exacerbates this problem by including costs in its calculus that it incurred to attend two hearings, both of which were held at the Court's election to discuss Gauge's affirmative claims and BMW's efforts to dismiss those claims.[5]  Although the Court does not doubt Gauge has incurred some additional costs to defend against BMW's counterclaims, the record does not clearly identify them.  Further, even the totality of costs are not so extensive as to constitute legal prejudice.

Next, the Court finds no delay or lack of diligence on BMW's part that might justify denial of its request to dismiss without prejudice.  BMW's claims had been pending for approximately four months when BMW sought to dismiss them.  Gauge offers no authority to suggest a four-month delay constitutes legal prejudice.  Further, given the litigation activity here and in Florida that involved BMW, Gauge, and other parties, the delay appears to result from BMW's pursuit of its litigation goals rather than any lack of diligence or tactical maneuvering.

---

[5] *See* Minute Entries, Oct. 3, 2025 (ECF No. 12), and Oct. 16, 2025 (ECF No. 23).

Third, BMW's reason for dismissal is adequately set forth and has been previously explained by the Court in its Order denying BMW's Supplemental Motion for TRO.[6]  BMW's claims are already proceeding in Florida.  Dismissal of these nearly identical claims helps to avoid inconsistent results and otherwise promotes judicial economy.

Finally, as to the stage of litigation, BMW's litigation here never got off the ground.  The parties have done little in this forum to address the merit of BMW's affirmative claims.  Those efforts have all been resolved without the need for hearing.

In sum, Gauge has not identified sufficient legal prejudice to persuade the Court to deny BMW's request to dismiss its claims without prejudice.

## ORDER

Based on the foregoing, the Court **GRANTS** BMW's Motion (ECF No. 43) and **DISMISSES** BMW's claims without prejudice.

Additionally, in light of the dismissal of BMW's claims, the Court **FINDS MOOT** BMW's Motion for Temporary Restraining Order.

Dated this 4th day of May 2026.            By the Court:

Ann Marie McIff Allen
United States District Judge

---

[6] ECF No. 37.