William S. Helfand, #16686
Andrew J. Schuman, #20370
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2319
Telephone: 801.562.5555
Facsimile: 801.562.5510
Bill.Helfand@lewisbrisbois.com
Andrew.Schuman@lewisbrisbois.com

*Attorneys for BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| GAUGE AUTOMOTIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST,<br><br>Defendants. | **DEFENDANTS' 12(b)(1) MOTION TO DISMISS**<br><br>Civil No. 2:25-cv-00792-AMA-JCB<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

Defendants BMW Financial Services NA, LLC and Financial Services Vehicle Trust, move the Court to dismiss Gauge's Complaint under Fed. R. Civ. P. 12(b)(1), for lack of standing. In support, Defendants would show the following:

## RELIEF REQUESTED

Since this suit arises from a title dispute over a 2023 Rolls-Royce Cullinan motor vehicle (the "Vehicle") in which Gauge seeks a declaratory judgment establishing its ownership of the Vehicle, an order quieting title, injunctive relief preventing Defendants from interfering with its

ownership, and damages for tortious interference with its use of the Vehicle, but Gauge sold the Vehicle over seven months ago, Gauge no longer has standing to pursue these claims and the Court lacks subject matter jurisdiction. Accordingly, Defendants request the Court to dismiss all of Gauge's causes of action because each claim depends entirely on Gauge's ownership of the Vehicle. Because Gauge no longer owns the Vehicle, it lacks standing, and the Court should dismiss Plaintiff's complaint.

## STATEMENT OF FACTS

1. On August 6, 2025, Gauge filed its original complaint in the Third Judicial District Court of Salt Lake, in and for Salt Lake County.

2. On September 11, 2025, Defendants filed a notice of removal. *See* Dkt. No. 2.

3. On September 15, 2025, the Court set a pretrial settlement conference for October 3, 2025, instructing that "Plaintiff…[be] prepared to disclose the amount it paid for the subject automobile," and that "[f]ailure … to send a representative with [full and unfettered] settlement authority may result in sanctions, up to and including judgment against that party." *See* Dkt. No. 6.

4. By the date of that pretrial conference, **Guage had already sold the vehicle.** Yet, Gauge's counsel did not inform the Court or Defendants' counsel of the sale. Rather, in response to the Court's direct questions, Gauge's counsel informed the Court of Gauge's determination to sell the Vehicle *in the future.*

5. In a status update ordered by the Court, on October 10, 2025, Gauge informed the Court that it "proceeded or intended to proceed" with the sale of the Vehicle, and in fact had "completed the sale of the Vehicle to a licensed Utah dealership." *See* Dkt. No. 21. PageID.253 This

representation was neither accurate nor honest because Gauge had already sold the Vehicle over one month before the first hearing before the Court.

6. Despite Defendants' numerous requests, Gauge repeatedly refused to provide the name of the "licensed Utah dealership"—Secured Auto Group ("SAG")—disclosing the entity name on October 22, 2025, *only after* the Court ordered Gauge to disclose this information. *See* Dkt. No. 25, PageID.280 ¶ 5; *see also* Dkt. No. 31, PageID.304.

7. Despite Gauge's in-court statements on October 3, 2025, and its October 10, 2025, report that Gauge intended to proceed to sell the car *in the future*, Gauge's own documents from the compelled disclosure show Gauge had already sold the Vehicle "on or about October 7, 2025." *See* Dkt. No. 31, PageID.304. This was an equally false representation to the Court.

8. Defendants served SAG with a subpoena to produce documents on November 6, 2025. In response, SAG produced the purchase and sales agreement for the Vehicle revealing Gauge's deliberate deception and fraud upon the Court and Defendants.

9. **In fact, Gauge sold the Vehicle to SAG on September 16, 2025**, *not* October 7, 2025. *Id.* Accordingly, Gauge had already sold the Vehicle when the parties first appeared before the Court on October 3, 2025.

10. Indeed, SAG had already re-sold the vehicle to Luxury Auto Collection ("LAC") in Scottsdale, Arizona on October 2, 2025—one day prior to the Court's scheduled pretrial conference. *Id.*; *see also* Dkt. No. 6.

11. Each allegation in Gauge's Complaint rests upon Gauge's purported ownership of the Vehicle, but Gauge has not owned the Vehicle since September 16, 2025, just five days after the case was removed to the federal district court.

## ARGUMENT

12. Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A court lacking subject matter jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). "When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment." *Wessler v. Colonial Nat. Mortg.*, No. 11-CV-02683-RBJ-KMT, 2012 WL 5949730, at *2 (Bankr. D. Colo. Aug. 21, 2012), report and recommendation adopted, No. 11-CV-02683-RBJ-KMT, 2012 WL 5949581 (Bankr. D. Colo. Nov. 28, 2012).

13. "Declaratory judgment actions must be sustainable under the same mootness criteria that apply to any other lawsuit" *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir.2010). In the declaratory-judgment context, the mootness inquiry looks to whether the requested relief will actually alter the future conduct of the named parties. *Schell v. OXY USA Inc.*, 814 F.3d 1107, 1114 (10th Cir. 2016). "The real value of the judicial pronouncement—what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion—is in the settling of some dispute which affects the behavior of the defendant towards the plaintiff." *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir.2011). "The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." *Rio Grande Silvery Minnow*, 601 F.3d at 1110.

14. To establish an injury in a quiet title action, a plaintiff must have an ownership interest in the subject property. *See Commonwealth Property Advocates, LLC v. Saxon Mortg. Services, Inc.*,

No. 10–CV–01347–PAB–KMT, 2011 WL 2600987, at *3 (D. Colo. June 30, 2011) (dismissing plaintiff's quiet title claim for lack of Article III standing because the plaintiff had "no legally cognizable interest in the property"); *see also Gallegos v. Quinlan*, 611 P.2d 1099, 1101 (N.M.1980) (holding that a plaintiff lacks standing to pursue a quiet title action when he has "no title or interest in the property").

15. Here, it is undisputed that Gauge no longer possesses the Vehicle at issue in this suit and Gauge has not owned the Vehicle since September 16, 2025. Critically, all four claims in the Complaint depend on Gauge's ownership of the Vehicle. Gauge asserts four causes of action: (1) declaratory judgment regarding ownership of the Vehicle; (2) quiet title; (3) injunctive relief; and (4) tortious interference with property rights. First, Gauge lacks standing to seek a declaratory judgment regarding ownership of the Vehicle because it admittedly sold the Vehicle. Even if Gauge had standing, the sale renders Gauge's request for declaratory relief moot. Second, Gauge lacks standing to pursue a quiet title claim because it no longer holds any legally cognizable interest in the Vehicle. Third, Gauge's request for injunctive relief to prevent Defendants from interfering with Gauge's purported ownership of the Vehicle is moot because Gauge no longer owns the Vehicle. Gauge cannot seek injunctive relief concerning property that it no longer owns. Fourth, Gauge alleges that Defendants tortiously interfered with its ability to market and resell the Vehicle, but Gauge has sold the Vehicle.

16. "[O]nce the property is sold, a court generally cannot reverse the sale, and thus any judicial pronouncement on the parties' rights will be ineffective in granting relief." *Melot,* at 573. Because Gauge sold the Vehicle at the very outset of this case, almost tenth months ago, Gauge lacks standing and its claims are moot. Accordingly, the Court should dismiss all Gauge's claims under

Rule 12(b)(1) for lack of subject matter jurisdiction.

## CONCLUSION

17. For the foregoing reasons, the Court should grant the Defendants' motion and dismiss this suit for lack of subject matter jurisdiction.

DATED: June 30, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Andrew J. Schuman*
William S. Helfand
Andrew J. Schuman
*Attorneys for BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2026, I caused a true and correct copy of the foregoing **DEFENDANTS' 12(b)(1) MOTION TO DISMISS** to be electronically filed through the Court's CM/ECF system, which will send notification of such filing to the following:

Chad Pehrson
Nathan C. Gardner
KNH, LLP
50 W. Broadway, 9th Floor
Salt Lake City, Utah 84101
cpehrson@knh.law
ngardner@knh.law
Tel. No.: 801.994.4646
*Attorney for Plaintiff*

*/s/ Libby Craig*