**EXHIBIT A**
**to**
**JOINT MOTION FOR SCHEDULING CONFERENCE**

---

**ATTORNEY PLANNING MEETING REPORT**

Chad Pehrson (12622)  cpehrson@knh.law
Nathan Gardner (19537)  ngardner@knh.law
**KNH LLP**
50 West Broadway, Ste. 900
Salt Lake City, UT 84101
(801) 994-4646
*Attorneys for Plaintiff Gauge Automotive, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GAUGE AUTOMOTIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST, <br><br> Defendants. | **ATTORNEY PLANNING MEETING REPORT** <br><br> Case No. 2:25-cv-00792-AMA-JCB <br><br> District Judge Ann Marie McIff Allen <br> Magistrate Judge Jared C. Bennett <br><br> **Jury Demanded** |

Under Fed. R. Civ. P. 26(f), the Local Rules of Practice, and the Court's Order to Propose Schedule, the parties have conferred and developed the below proposed discovery plan. The parties disagree on one issue—BMW's contention that this case should be abated, or discovery stayed, pending Defendants' motion to dismiss. The parties therefore have jointly requested that the Court hold a scheduling conference, or proceed by such other procedure as the Court deems appropriate, to resolve that disagreement.

## 1. PRELIMINARY MATTERS

**a. Claims and Defenses.** Plaintiff Gauge Automotive, Inc. ("**Gauge**") asserts claims arising from a dispute over title to a 2023 Rolls-Royce Black Badge Cullinan (VIN SLATV8C0XPU216487) that Gauge purchased for value in reliance on a New York certificate of

1

title. Gauge seeks relief establishing its rights in the Vehicle and the invalidity/unenforceability of Defendants' asserted interest, and related damages.

Defendants BMW Financial Services NA, LLC and Financial Services Vehicle Trust have filed a motion to dismiss (Dkt No. 52) based on the fact that Gauge's sale of the Vehicle on September 16, 2025, divested Gauge of standing and the Court of subject matter jurisdiction. Defendants further assert that they hold a prior, perfected security interest in the Vehicle that survives subsequent transfers, that Gauge was not a bona fide purchaser, and related defenses.

      **b.    Fed. R. Civ. P. 26(f)(1) Conference.**  The conference was held from June 18–19, 2026.

      **c.    Participants.**  Chad Pehrson and Nathan Gardner of KNH LLP for Plaintiff Gauge Automotive, Inc.; William S. Helfand and Andrew Schuman of Lewis Brisbois Bisgaard & Smith LLP for Defendants BMW Financial Services NA, LLC and Financial Services Vehicle Trust.

      **d.    Fed. R. Civ. P. 26(a)(1) Initial Disclosures.**  Defendants assert that the Court should stay all discovery including initial disclosures until the Court has ruled on subject matter jurisdiction. Plaintiff suggests the parties will exchange initial disclosures no later than July 10, 2026.

      **e.  Electronic Service under Fed. R. Civ. P. 5(b)(2)(E).**  Yes. The parties agree to receive all items required to be served under Rule 5(a) through the court's electronic-filing system or by email, and waive the right to service by U.S. mail.

**2.   PROTECTIVE ORDER**

      **a.  Anticipated Confidential Disclosures.**  No. The parties do not anticipate that the case will involve the disclosure of information, documents, or materials designated as confidential.

**b.** Not applicable. (This subsection applies only if the parties anticipate the disclosure of confidential materials.)

**c.** Not applicable. The parties are not seeking a protective order other than the court's Standard Protective Order, which is in effect under DUCivR 26-2.

**d.** **Privilege / Work-Product Claw-Back Process (to be included in the Proposed Scheduling Order).** The inadvertent or unintentional production of any document or information protected by the attorney-client privilege or the work-product doctrine does not operate as a waiver of that privilege or protection in this or any other federal or state proceeding, and this provision is entered under Fed. R. Evid. 502(d). Upon written notice that protected material has been produced, the receiving party must promptly return, sequester, or destroy the specified material and all copies, must not use or disclose the material until any dispute is resolved, and must take reasonable steps to retrieve it if already disclosed; the producing party must preserve the material at issue. Either party may then move the Court for a determination of the claim consistent with Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

**3. DISCOVERY PLAN**

**a.** **Agreement.** If the Court permits discovery prior to ruling on the motion to dismiss despite Defendants' request, the parties agree on all deadlines and discovery parameters set forth in this Report and in the accompanying Proposed Scheduling Order if the case proceeds. The parties disagree, however, on one threshold matter: Defendants submit that this case should be abated, or at least that discovery should be stayed, pending the Court's ruling on Defendants' motion to dismiss, while Gauge contends that the case should proceed without abatement or a stay. If the Court does not abate this case or stay discovery, the parties agree to the deadlines set forth

3

herein, without prejudice to and without waiving their respective positions on abatement and a stay.

**b.    Discovery Subjects.**  The chain of title to the Vehicle; the parties' respective and competing interests in the Vehicle; the circumstances and good faith of Gauge's purchase and resale of the Vehicle; the Vehicle's title history and any alleged forgery or title alteration; communications among the parties and relevant third parties concerning the Vehicle and its title; when and to whom Gauge sold the Vehicle and whether that sale affects Gauge's standing; and the nature and amount of any damages.

**c.    Discovery Phases.**  The parties do not request that discovery be conducted in phases or limited to or focused on particular issues, and no accelerated discovery is requested. Defendants' position that the case should be abated or that discovery should be stayed is set forth in subsection (a) above.

**d.    Electronically Stored Information (ESI).**  The parties anticipate a modest volume of ESI. ESI will be produced in a reasonably usable form (searchable PDF, or native format where appropriate, with reasonable metadata). The parties will meet and confer in good faith regarding sources, search terms, formats, and any ESI disputes before seeking Court intervention.

**e.    Privilege or Protection – Trial Preparation Material.**  Claims of privilege or work-product protection asserted after production will be handled under the claw-back process described in Section 2(d) above and under Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(d).

**f.    Generative Artificial Intelligence.**  The parties agree that they will not input another party's confidential discovery materials into any public generative AI tool that retains or trains on user inputs. To the extent any generative AI tool is used to analyze a discovery production, the

party will use a tool that does not retain or train on the data and will ensure that any uploaded materials are destroyed upon completion of the litigation. (The parties do not anticipate confidential designations; this provision applies in the event any such materials are produced.)

4. **FACT DISCOVERY**

a. **Fact Discovery Limitations:**

    1. Maximum number of depositions by Plaintiff: **4**

    2. Maximum number of depositions by Defendant: **4**

    3. Maximum hours for each deposition (unless extended by agreement): **7**

    4. Maximum interrogatories by any party to any party: **25**

    5. Maximum requests for admission by any party to any party: **30**

    6. Maximum requests for production by any party to any party: **40**

b. **Other Fact Discovery Deadlines:**

    1. Deadline to serve written discovery: **November 13, 2026**

    2. Deadline for fact discovery to close: **December 18, 2026**

    3. Supplementation under Fed. R. Civ. P. 26(e): Ongoing as required by Rule 26(e).

5. **AMENDING OF PLEADINGS AND JOINING OF PARTIES**

a. **Deadline to file a motion to amend pleadings:**

    1. Plaintiff: **August 14, 2026**

    2. Defendant: **September 15, 2026**

b. **Deadline to file a motion to join additional parties:**

    1. Plaintiff: **August 14, 2026**

    2. Defendant: **September 15, 2026**

6.  **EXPERT DISCOVERY**

a.  **Filing of Notice of Designation required by DUCivR 26-1(a)(2):**

1.  Parties bearing the burden of proof:  **January 15, 2027**

2.  Parties not bearing the burden of proof:  **February 19, 2027**

b.  **Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports:**

1.  Parties bearing the burden of proof:  **January 15, 2027**

2.  Parties not bearing the burden of proof:  **February 19, 2027**

3.  Rebuttal reports, if any:  **February 26, 2027**

c.  **Deadline for expert discovery to close:  March 12, 2027**

7.  **OTHER DEADLINES AND TRIAL-RELATED INFORMATION**

a.  **Deadline for filing dispositive or potentially dispositive motions (including a motion to exclude experts when expert testimony is required to resolve the motion):  April 9, 2027**

b.  **Trial:  Jury.**

c.  **Trial days:  5 days (estimated).**

DATED: July 8, 2026

| KNH LLP | LEWIS BRISBOIS BISGAARD & SMITH LLP |
|---|---|
| By:  /s/ Chad Pehrson | By:  /s/ William S. Helfand* |
| Chad Pehrson | William S. Helfand |
| Nathan Gardner | Andrew Schuman |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| *Gauge Automotive, Inc.* | *BMW Financial Services NA, LLC and Financial Services Vehicle Trust* |
| | *Signed with permission via email 7/8/26* |

6