Chad Pehrson (12622)  cpehrson@knh.law
Nathan Gardner (19537)  ngardner@knh.law
**KNH LLP**
50 West Broadway, Ste. 900
Salt Lake City, UT 84101
(801) 994-4646
*Attorneys for Plaintiff Gauge Automotive, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GAUGE AUTOMOTIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST, <br><br> Defendants. | **DECLARATION OF JOSH HIRAHARA IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' 12(b)(1) MOTION TO DISMISS (ECF NO. 52)** <br><br> Case No. 2:25-cv-00792-AMA-JCB <br><br> District Judge Ann Marie McIff Allen <br> Magistrate Judge Jared C. Bennett <br><br> **Jury Demanded** |

I, Josh Hirahara, declare as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I am the Chief Executive Officer of Plaintiff Gauge Automotive, Inc. ("Gauge"). I make this declaration in support of Gauge's Opposition to Defendants' Rule 12(b)(1) Motion to Dismiss (ECF No. 52). The facts stated in this declaration are based on my personal knowledge and on Gauge's business records, which are kept in the ordinary course of Gauge's business, and if called to testify I could and would testify competently to them.

2.      Gauge is a Utah automobile dealership that buys and sells motor vehicles, often operating in the wholesale business line. Gauge's principal place of business is in Salt Lake County, Utah.

1

3.     In or about March 2025, Gauge purchased the 2023 Rolls-Royce Black Badge Cullinan bearing vehicle identification number SLATV8C0XPU216487 (the "Vehicle"). Gauge purchased the Vehicle for value and in good faith. In connection with the purchase, Gauge reviewed a New York certificate of title for the Vehicle that named the seller as owner and showed no liens or other encumbrances. Gauge had no notice of any competing ownership interest, lien, or other claim to the Vehicle at the time of purchase.

4.     Following the purchase, Gauge took possession of the Vehicle. Gauge owned the Vehicle on August 6, 2025, when Gauge filed this action, and Gauge still owned the Vehicle on September 11, 2025, when Defendants removed this action to this Court.

5.     In July 2025, Gauge applied to the Utah Division of Motor Vehicles for a Utah certificate of title to the Vehicle in Gauge's name.

6.     The Utah Division of Motor Vehicles issued a Utah certificate of title for the Vehicle to Gauge on August 22, 2025. A true and correct copy of that Utah certificate of title, bearing Gauge's production numbers GaugeUT_00111–00112, is attached as **Exhibit 1**.

7.     On or about July 25, 2025, before Gauge filed this action, Gauge received a letter from counsel for Defendants concerning the Vehicle. In that letter, Defendants' counsel asserted that "BMW FS is the owner of the Vehicle," demanded the "immediate return of the Vehicle," and demanded that Gauge "refrain from selling or otherwise disposing of the Vehicle." A true and correct copy of that letter, bearing Gauge's production numbers GaugeUT_00086–00087, is attached as **Exhibit 2**.

8.    In or about March 2025, shortly after Gauge acquired the Vehicle, Gauge sold the Vehicle to JR Auto Collection, LLC d/b/a Florida Performance Cars ("FPC"), a Florida automobile dealer, for approximately $314,000.

9.    After Defendants communicated their claimed ownership interest in the Vehicle to FPC, FPC demanded that the transaction be unwound. Gauge refunded FPC's purchase price and reacquired the Vehicle. Gauge therefore paid approximately $314,000 to reacquire a vehicle that Gauge had already sold.

10.    On or about August 12, 2025, FPC tendered to Gauge a written demand that Gauge defend and indemnify FPC against claims Defendants asserted concerning the Vehicle. Gauge accepted that tender. Gauge has incurred, and continues to incur, costs defending and indemnifying FPC in the Florida litigation that Defendants are prosecuting concerning the Vehicle.

11.    After reacquiring the Vehicle, Gauge sought to resell it. In or about September 2025, a franchised Utah dealership that had agreed to purchase the Vehicle declined to complete that transaction because of the title dispute Defendants had asserted.

12.    Gauge was able to complete a sale of the Vehicle only after agreeing to provide a written indemnity to its buyer against claims relating to the Vehicle's title. Gauge remains subject to that indemnity obligation.

13.    Gauge ultimately sold the Vehicle to Secured Auto Group, LLC, a Utah automobile dealer, for $324,000. The invoice for that sale bears the date September 16, 2025. The Vehicle is no longer in Gauge's possession.

14.     Gauge did not receive payment for the Vehicle when the invoice issued. Secured Auto Group paid Gauge on or about October 7, 2025, approximately three weeks after the invoice date. October 7, 2025 is the date Gauge identified in its October 22, 2025 disclosure to the Court as the date on which the sale of the Vehicle occurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 28, 2026, in Salt Lake City, Utah.

/s Josh Hirahara
Josh Hirahara
Chief Executive Officer
Gauge Automotive, Inc.

4

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of July, 2026, I caused a true a correct copy of the

foregoing **DECLARATION OF JOSH HIRAHARA IN SUPPORT OF PLAINTIFF'S**

**OPPOSITION TO DEFENDANTS' 12(b)(1) MOTION TO DISMISS (ECF NO. 52)** to

be electronically filed through the Court's CM/ECF system, which effectuated service on all

parties of record.

*/s/ Nathan Gardner*