# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **GAUGE AUTOMOTIVE, INC.,** | **SCHEDULING ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:25-cv-00792-AMA-JCB** |
| **BMW FINANCIAL SERVICES NA, LLC; and FINANCIAL SERVICES VEHICLE TRUST,** | |
| | **District Judge Ann Marie McIff Allen** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

District Judge Ann Marie McIff Allen referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] The court held a scheduling conference on July 28, 2026, at which the court made oral rulings concerning scheduling.[2] This scheduling order memorializes those rulings. The following matters are scheduled. The deadlines set forth below may be modified only with a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-4.

**DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED OTHERWISE**

## 1. PRELIMINARY MATTERS

| | | |
|---|---|---|
| a. | Fed. R. Civ. P. 26(f)(1) Conference: | 06/18/2026 – 06/19/2026 |

---

[1] ECF No. 8.

[2] ECF No. 58.

| b. | Participants in Fed. R. Civ. P. 26(f)(1) Conference:<br>Chad S. Pehrson and Nathan Gardner for Plaintiff<br>William S. Helfand and Andrew J. Schuman for Defendants | | |
|---|---|---|---|
| c. | Fed. R. Civ. P. 26(a)(1) Initial Disclosures (the parties have exchanged initial disclosures or will exchange no later than the date provided): | 07/10/2026 | |
| d. | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic filing system or email transmission.<br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ | No ☐ |

## 2. PROTECTIVE ORDER

| a. | The parties anticipate that this case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL. | Yes ☐ | No ☒ |
|---|---|---|---|
| b. | If this case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order ("SPO") under DUCivR 26-2: | | |
| c. | If a protective order is needed, and the parties are not using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.<br>The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, regardless of whether the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d): | | |
| d. | If the parties do not anticipate that this case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection:<br>The inadvertent or unintentional production of any document or information protected by the attorney-client privilege or the work-product doctrine does not operate as a waiver of that privilege or protection in this or any other federal or state proceeding, and this provision is entered under Fed. R. Evid. 502(d). Upon written notice that protected material has been produced, the receiving party must promptly return, sequester, or destroy the specified material and all copies, must not use or disclose the material until any dispute is resolved, and must take reasonable steps to retrieve it if already disclosed; the producing party must preserve the material at | | |

| | issue. Either party may then move the court for a determination of the claim consistent with Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502. | | |
|---|---|---|---|

**3. DISCOVERY PLAN**

| | | | |
|---|---|---|---|
| a. | Discovery Plan: The parties agree to the following discovery plan. <br> • If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☒ | No ☐ |
| b. | Discovery Subjects: <br> The chain of title to the Vehicle; the parties' respective and competing interests in the Vehicle; the circumstances and good faith of Gauge's purchase and resale of the Vehicle; the Vehicle's title history and any alleged forgery or title alteration; communications among the parties and relevant third parties concerning the Vehicle and its title; when and to whom Gauge sold the Vehicle and whether that sale affects Gauge's standing; and the nature and amount of any damages. | | |
| c. | Discovery Phases: <br> • Will discovery be conducted in phases? No. <br> • Will discovery be limited to or focused on particular issues? No. | | |
| d. | Electronically Stored Information: <br> The parties anticipate a modest volume of ESI. ESI will be produced in a reasonably usable form (searchable PDF, or native format where appropriate, with reasonable metadata). The parties will meet and confer in good faith regarding sources, search terms, formats, and any ESI disputes before seeking court intervention. | | |
| e. | Privilege or Protection – Trial Preparation Material: <br> Claims of privilege or work-product protection asserted after production will be handled under the claw-back process described in Section 2(d) above and under Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(d). | | |
| f. | Generative Artificial Intelligence: <br> The parties agree that they will not input another party's confidential discovery materials into any public generative AI tool that retains or trains on user inputs. To the extent any generative AI tool is used to analyze a discovery production, the party will use a tool that does not retain or train on the data and will ensure that any uploaded materials are destroyed upon completion of the litigation. (The parties do not anticipate confidential designations; this provision applies in the event any such materials are produced.) | | |

**4. FACT DISCOVERY**

| | | | |
|---|---|---|---|
| a. | Fact Discovery Limitations— | | |
| | 1. | Maximum number of depositions by Plaintiff(s): | 4 |
| | 2. | Maximum number of depositions by Defendant(s): | 4 |
| | 3. | Maximum number of hours for each deposition (unless extended by agreement of parties): | 7 |
| | 4. | Maximum interrogatories by any party to any party: | 25 |

| | 5. | Maximum requests for admission by any party to any party: | 30 |
|---|---|---|---|
| | 6. | Maximum requests for production by any party to any party: | 40 |
| b. | Other Fact Discovery Deadlines— | | |
| | 1. | Deadline to serve written discovery: | 11/13/2026 |
| | 2. | Deadline for fact discovery to close: | 12/18/2026 |
| | 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e) (optional): | Ongoing as required by Fed. R. Civ. P. 26(e) |

## 5. AMENDING OF PLEADINGS AND JOINING OF PARTIES[3]

| a. | Deadline to file a motion to amend pleadings— | |
|---|---|---|
| | 1. | Plaintiff(s): | 08/14/2026 |
| | 2. | Defendant(s): | 09/15/2026 |
| b. | Deadline to file a motion to join additional parties— | |
| | 1. | Plaintiff(s): | 08/14/2026 |
| | 2. | Defendant(s): | 09/15/2026 |

## 6. EXPERT DISCOVERY

| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— | | |
|---|---|---|---|
| | 1. | Parties bearing the burden of proof: | 01/15/2027 |
| | 2. | Parties not bearing the burden of proof: | 02/19/2027 |
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— | | |
| | 1. | Parties bearing the burden of proof: | 01/15/2027 |
| | 2. | Parties not bearing the burden of proof: | 02/19/2027 |
| | 3. | Rebuttal reports, if any: | 02/26/2027 |
| c. | Deadline for expert discovery to close: | | 03/12/2027 |

## 7. OTHER DEADLINES AND TRIAL-RELATED INFORMATION

| a. | Deadline for filing dispositive or potentially dispositive motions (including a motion to exclude experts when expert testimony is required to resolve the motion): | 04/09/2027 |
|---|---|---|
| b. | Deadline for filing a request for a scheduling conference with the district judge for the purpose of setting a trial date if no dispositive motions are filed: | 04/16/2027 |
| c. | If dispositive motions are filed, and the district judge's ruling on those motions does not resolve the case, the parties shall file a request for a scheduling conference with the district judge for the purpose of setting a trial date no later than one week after the ruling on the dispositive motions. | |

---

[3] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

IT IS SO ORDERED.

DATED this 31st day of July 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge