William S. Helfand, #16686
Andrew J. Schuman, #20370
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2319
Telephone: 801.562.5555
Facsimile: 801.562.5510
Bill.Helfand@lewisbrisbois.com
Andrew.Schuman@lewisbrisbois.com

*Attorneys for BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GAUGE AUTOMOTIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST, <br><br> Defendants. | **DEFENDANTS' REPLY MEMORANDA IN SUPPORT OF THEIR MOTION TO DISMISS** <br><br> Civil No. 2:25-cv-00792-AMA-JCB <br><br> District Judge Ann Marie McIff Allen <br><br> Magistrate Judge Jared C. Bennett |

Defendants BMW Financial Services NA, LLC and Financial Services Vehicle Trust hereby submit the following reply memorandum in support of their motion to dismiss.

## INTRODUCTION

Plaintiff does not dispute that it sold the 2023 Rolls-Royce Cullinan (the "Vehicle") at issue in this case well before finally acknowledging that sale to the Court. Plaintiff's claims for declaratory judgment, quiet title, and injunctive relief all depend on its ownership of the Vehicle, which Plaintiff admits is no longer, and for practically the entire length of this lawsuit, has not

181640114.3

been the case. To the extent Plaintiff correctly argues the four corners of its complaint plausibly state a claim for tortious interference with property rights – a claim Defendant did not recognize in moving for complete dismissal – Plaintiff cannot avoid the fact that Plaintiff's sale of the Vehicle renders moot Plaintiff's other causes of action which ask the Court to declare that Plaintiff owns the Vehicle – even though Plaintiff admits it does not – quiet title to a vehicle in which Plaintiff admits it has no property interest, and enjoin[1] Defendants from interfering with its use of the Vehicle. Because Plaintiff no longer owns the Vehicle, Utah law forecloses all three forms of relief. Whether the Court analyzes these claims through the lens of standing or mootness, the result remains the same: the complaint does not present a live case or controversy with respect to the first three causes of action. The Court cannot undo the undisputed sale of the Vehicle. As a result, Plaintiff's first three causes of action are moot.

## ARGUMENT

**I.**      **Plaintiff's Opposition Fails to Demonstrate a Live Case or Controversy with Respect to Its Declaratory Judgment, Quiet Title, and Injunctive Relief Claims.**

Plaintiff's opposition brief attempts to recast Plaintiff's first three causes of action as live disputes but they clearly are not and Plaintiff's own complaint allegations contradict that effort. Both Plaintiff's factual allegations and the relief requested show these claims depend on Plaintiff being the owner of the Vehicle. Moreover, Plaintiff's effort to avoid dismissal of these claims by

---

[1] As discussed in further detail *infra*, Plaintiff's alleged cause of action for injunction is not a cause of action at all. "Injunctive relief is a remedy, not a separate cause of action, available where a party prevails on a separate legal theory." *Sorensen v. Polukoff*, No. 2:18-CV-67 TS-PMW, 2020 WL 1692815, at *9 (D. Utah Apr. 7, 2020) (Stewart, J.) (citation omitted) (dismissing plaintiff's "cause of action seek[ing] injunctive relief.").

arguing the Defendants assert, consistent with circuit authority, dismissal under the wrong subsection of Rule 12 truly attempts to elevate form over substance. Regardless of whether the Court resolves the motion under Rule 12(b)(1) or Rule 12(c), Plaintiff's sale of the Vehicle renders moot Plaintiff's first three causes of action.

Equally, Plaintiff's reliance on Rule 25(c) does not create a live controversy where none exists. Relying on the state court opinion in *Meagher v. Uintah Gas Co.,* 123 Utah 123, 255 P.2d 989 (1953), Plaintiff argues that substitution or joinder are more appropriate remedies here rather than dismissal but even this argument acknowledges that Plaintiff itself no longer has a justiciable interest in the Vehicle. Regardless of whether a successor owner may choose to continue the fight Plaintiff started has no bearing on Plaintiff's lack of standing to pursue any claim other than, perhaps, a claim of historical tortious interference. Plaintiff's reliance on the opinion in *Meagher* only highlights the flaw in Plaintiff's argument. Plaintiff's own opposition brief acknowledges that the plaintiff in *Meagher* reserved a royalty interest when he conveyed the property at issue. In other words, the *Meagher* plaintiff retained an identifiable ownership interest in the property at issue. Here, by contrast, Plaintiff admits Plaintiff did not retain any interest in the Vehicle upon selling it. Thus, by its own terms *Meagher* does not apply and nor does Rule 25(c) cure Plaintiff's admitted lack of a property interest in the Vehicle.

### A. Plaintiff's Declaratory Judgment Claim Fails Because It Seeks a Present Determination of Ownership Rights.

"[C]ourts are not a forum for hearing academic contentions or rendering advisory opinions. *Baird v. State*, 574 P.2d 713, 715 (Utah 1978). A case is moot when anything a court may say about the issues would be purely advisory. *Utah Transit Auth. v. Loc. 382 of Amalgamated Transit Union*, 2012 UT 75, ¶ 14, 289 P.3d 582, 586. And in "the absence of a justiciable controversy" the

181640114.3

3

court lacks the power to issue a decision. *Id*. at ¶ 19. "[I]n a mootness inquiry in the declaratory judgment context, it is critically important to determine whether the plaintiff has named, as defendants, individuals or entities that are actually situated to have their future conduct **toward the plaintiff** altered by the court's declaration of rights. *Jordan v. Sosa*, 654 F.3d 1012, 1026 (10th Cir. 2011) (emphasis added).

Here, Plaintiff's declaratory judgment claim alleges "an actual, present and justiciable controversy has arisen between Gauge and Defendants regarding the ownership of and title to the Vehicle." (Complaint at ¶ 13.) The complaint further alleges that "Gauge is entitled to a declaratory judgment determining the parties' respective rights in the Vehicle. Gauge respectfully requests a declaratory judgment that Gauge is the lawful owner of the [Vehicle]." (Complaint at ¶ 16.) Plaintiff cannot rewrite its complaint through its opposition brief and Plaintiff's own pleading allegations plainly show that Plaintiff seeks a present judicial determination concerning ownership of the Vehicle which, at the same time, Plaintiff admits it sold and retained no ownership interest. Despite those undeniable facts about which the Plaintiff was less than candid with the Court for a long time after selling the Vehicle,[2] Plaintiff now admits that it seeks only "retrospective declarations concerning the parties' legal rights in a completed transaction." (Opp. at 19.) That argument only proves the Defendants' point that dismissal of all claims other than tortious interference is appropriate in light of Plaintiff's lack of standing and mootness. Plaintiff seeks precisely the type of advisory opinion that courts decline to issue. It cannot obtain a declaratory

---

[2] Plaintiff's efforts to falsely imply or even directly suggest its continuing ownership of the Vehicle long after Plaintiff had sold the Vehicle demonstrates that Plaintiff was fully aware that its completion disposition of the Vehicle was fatal to Plaintiff's standing in this case.

181640114.3

4

judgment concerning an ownership interest it no longer holds. By asking for a declaration regarding past ownership rights, Plaintiff effectively concedes that no live controversy remains before the Court.

> B. Plaintiff's Quiet Title Claim Fails Because Plaintiff Lacks a Present Property Interest.

In a quiet title action, "as its name connotes, is one to quiet title against an adverse or hostile claim of another." *State ex rel. Dep't of Soc. Servs. v. Santiago*, 590 P.2d 335, 337 (Utah 1979). A quiet title claim fails if, as Plaintiff admits here, the plaintiff cannot establish a valid or **existing** property right. *WDIS, LLC v. Hi-Country Ests. Homeowners Ass'n*, 2019 UT 45, ¶ 42, 449 P.3d 171, 183. In proving a quiet title cause of action, a plaintiff must first establish a present valid interest in the property at issue. *Id*. Next, the plaintiff must prove their interest is superior to the interests of other adverse claimants. *Id*. at ¶ 43.

Here, Plaintiff's complaint alleges "Gauge asserts that it holds clear title to the Vehicle, whereas Defendants assert an adverse claim." (Complaint at ¶ 18.) Further, the complaint states "Gauge's interest in the Vehicle is superior to any interest of Defendants." (Complaint at ¶ 19.) "Gauge therefore seeks to quiet title to the Vehicle in its name." (Complaint at ¶ 20.) But all of that is, in light of Plaintiff's admission that it sold the Vehicle after making those allegations, old news which does not allow Plaintiff to continue to pursue moot claims. The Court cannot compare Plaintiff's present, admitted non-ownership interest with what Plaintiff characterizes as Defendants' interest because Plaintiff admits it has had no ownership interest in the Vehicle for almost a year. Quiet title actions determine *present* rights in property. Because Plaintiff lacks, and does not, because it cannot, claim any present property interest, the Court should dismiss Plaintiff's claim to quiet title as moot.

181640114.3

C. Plaintiff Cannot Obtain Injunctive Relief Concerning Property Plaintiff No Longer Owns.

Again, as the Court held in *Sorensen v. Polukoff*, *supra,* dismissal of Plaintiff's putative cause of action for injunctive relief is appropriate simply because "[i]njunctive relief is a remedy, not a separate cause of action…." *Id.* But, beyond that, dismissal of Plaintiff's claim for injunctive relief is proper because, where a plaintiff requests equitable relief, a mere showing that he maintains a personal stake in the outcome of the controversy is insufficient. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Rather, a plaintiff must additionally demonstrate "an adequate basis for equitable relief"—that is, "[a] likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law." *O'Shea v. Littleton*, 414 U.S. 488, 499, 502 (1974). A plaintiff's continued susceptibility to injury must be reasonably certain; a court will not entertain a claim for injunctive relief where the allegations "take[ ] [it] into the area of speculation and conjecture." *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (internal citation omitted).

Here, Plaintiff seeks a permanent injunction preserving the status quo *that existed when Plaintiff owned the Vehicle,* but which was altered not by any action of either Defendants but solely by Plaintiff's completion disposition of the Vehicle.  While, at the outset of the suit "Gauge [sought] an injunction prohibiting Defendants from undertaking any actions to repossess, seize, sell, assign, or otherwise interfere *with Gauge's possession*, use or title to the Vehicle during the pendency of this action," (Complaint at ¶ 25), Guage no longer has possession or use or title to the Vehicle. Not surprisingly therefore, but fatally, Plaintiff's opposition brief fails to address how Plaintiff's sale of the Vehicle does not preclude the injunctive relief Plaintiff sought *when Plaintiff owned the Vehicle*, because Plaintiff cannot explain that at all. Since Plaintiff no longer owns or possesses the Vehicle, it therefore cannot demonstrate a continuing threat of injury to any

181640114.3

6

ownership interest in the Vehicle Plaintiff admits it no longer has. Because Plaintiff lacks any current property interest to protect, its request for injunctive relief is moot and should be dismissed accordingly.

## CONCLUSION

For the foregoing reasons, the Court should grant the Defendants' motion and dismiss the Plaintiff's causes of action, other than Plaintiff's claim for tortious interference as moot and lack of standing.

DATED: August 11, 2026                 LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   /s/ Andrew J. Schuman
      William S. Helfand
      Andrew J. Schuman
      *Attorneys for BMW Financial Services NA, LLC*
      *and Financial Services Vehicle Trust*

181640114.3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of August, 2026, I caused a true and correct copy of

the foregoing **DEFENDANTS' REPLY MEMORANDA IN SUPPORT OF THEIR MOTION**

**TO DISMISS** to be electronically filed through the Court's CM/ECF system, which will send

notification of such filing to the following:

Chad Pehrson
Nathan C. Gardner
KNH, LLP
50 W. Broadway, 9th Floor
Salt Lake City, Utah 84101
cpehrson@knh.law
ngardner@knh.law
Tel. No.: 801.994.4646
*Attorney for Plaintiff*

/s/ Andrew J. Schuman

181640114.3