# EXHIBIT 16

Defendants' Objections and Answers to Plaintiff's First Set of Interrogatories, with verification, dated September 22, 2026

William S. Helfand, #16686
Andrew J. Schuman, #20370
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2319
Telephone: 801.562.5555
Facsimile: 801.562.5510
Bill.Helfand@lewisbrisbois.com
Andrew.Schuman@lewisbrisbois.com

*Attorneys for BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| GAUGE AUTOMOTIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST,<br><br>Defendants. | **DEFENDANTS' OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**<br><br>Civil No. 2:25-cv-00792-AMA-JCB<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

Defendants BMW Financial Services NA, LLC and Financial Services Vehicle Trust hereby submit their responses to Plaintiff's first set of interrogatories.

**INTERROGATORY**

**INTERROGATORY NO. 1:** For each Claimed Interest that You contend existed on March 4, 2025, describe its nature and source, identify the person or entity that held it, state any obligation associated with or allegedly secured by the interest and the amount then owing, and identify the documents establishing the interest and each assignment of it.

**ANSWER TO NO. 1:** FSVT has held ownership of the Vehicle from December 28, 2022, to the present, consistent with the motor vehicle lease agreement with customer Blackfire Transport LLC.

**INTERROGATORY NO. 2:** State the date and amount of the last payment received under the Lease from any source, the date on which You first deemed the Lease to be in default, each date on which any default was cured or the Lease reinstated, and the amount You contend was owing under the Lease as of March 4, 2025 and as of the date of Your response.

**ANSWER TO NO. 2:** Objection. This interrogatory seeks information not relevant to a claim or defense and is not proportionate to the needs of this case.

**INTERROGATORY NO. 3:** State whether the Claimed Interest You assert against Gauge is an ownership interest, a security interest or lien, or both, and, if both, describe how the two coexist.

**ANSWER TO NO. 3:** Defendants claim an ownership interest in the Vehicle.

**INTERROGATORY NO. 4:** Identify every act, filing, submission, possession, notation, or other event on which You rely to contend that any security interest or lien in the Vehicle was perfected, remained perfected, or otherwise had priority over Gauge at any time after August 27, 2024, stating for each the date, jurisdiction, method of perfection or priority claimed, and the supporting document or record.

**<u>ANSWER TO NO. 4:</u>** Consistent with Fed. R. Civ. 33(d), information responsive to this question may be derived from BMWFS-0001 to BMWFS-0122. Answering further, Defendants state that FSVT has owned the Vehicle since December 28, 2022, and has never relinquished its ownership. Furthermore, upon learning of the fraudulent title, Defendants alerted the then-owner of the Vehicle (Florida Performance Cars) who validated that FSVT's ownership of the Vehicle was valid. Florida Performance Cars thereafter notified Gauge of the fraudulent title and Defendant's legitimate ownership. On July 25, 2025, Defendants directly notified Gauge of FSVT's legitimate ownership.

**INTERROGATORY NO. 5:** State whether You contend that the Vehicle did not become "covered" by the New York title within the meaning of N.Y, U.C.C. § 9-303(b), and if so, state all facts and identify all documents supporting that contention, including each respect in which You contend the New York Title Application was not a "valid application."

**<u>ANSWER TO NO. 5:</u>** FSVT has never relinquished its ownership rights or transferred title on the Vehicle. As the Florida Highway Patrol investigation indicated, the Florida title used to seek a New York title was fraudulent.

**INTERROGATORY NO. 6:** Describe every non-privileged submission to, request made of, or communication with the New York DMV concerning the Vehicle, the New York Title, the New York Title Application, any Claimed Interest, or any lien notation, from August 27, 2024 through the date of Your response – including any request during that period to suspend, revoke, cancel, or amend the New York Title. If there was none, state "none."

**<u>ANSWER TO NO. 6:</u>** FSVT and BMW FS first learned from New York law enforcement of the potential title fraud regarding the Vehicle on December 18, 2024. On or about January 7, 2025,

Defendants began the process to request records from the New York Department of Motor Vehicles. On or about February 25, 2025, Defendants wrote to the New York Police Department regarding the stolen Vehicle. In or about March 2025, the New York DMV provided records showing that an individual fraudulently duplicated the valid Florida title into a fake Florida title that listed "Manuel Calderon" as the owner and purported to remove FSVT's ownership interest. Someone then presented that fake Florida title to the New York DMV and transferred ownership of the Vehicle to "Steven J. Calderon." Shortly thereafter, as Defendants understand, on or about March 4, 2025, Steven J. Calderon transferred the Vehicle to Gauge.

**INTERROGATORY NO. 7:** State when and how You learned that FLHSMV had cancelled the Florida Title, describe every communication with FLHSMV concerning the Vehicle or the Florida Title from August 27, 2024 through the date of Your response – including the June 18, 2025 correspondence among Gregg Alper, Victor Luquis, and Florida Highway Patrol Master Trooper/Investigator Jessica Jimenez referenced in paragraph 12 of the Declaration of Amy Nolan (ECF No. 11-2) and appearing at ECF No. 11-1, PageID.155 – and describe every action You took in response to the cancellation and the date of each.

**ANSWER TO NO. 7:** Consistent with Fed. R. Civ. 33(d), information responsive to this question may be derived from BMWFS-0195 to BMWFS-0198. Answering further, Defendants first learned of potential title fraud on December 18, 2024, from a New York State Police Investigator. Defendants confirmed the title status loss on or about January 6, 2025. Defendants requested records from the Florida DMV on or about February 6, 2025, and the Florida DMV produced records on or about March 4, 2025.

**INTERROGATORY NO. 8:** Provide a chronology stating the earliest date on which, and the manner in which, You learned of: (a) the New York Title; (b) the Vehicle being possessed or offered for sale by FPC; and (c) Gauge Purchase – identifying the persons involved and the documents reflecting each event.

**ANSWER TO NO. 8:** BMW FS first learned of the potential title fraud regarding the Vehicle from a New York State Police Special Investigations Unit investigator on December 18, 2024. BMW FS confirmed the title wash through an Experian report and notified the investigator. Because there existed an active title without FSVT's ownership interest, BMW FS could not repossess the Vehicle.

Beginning on or about January 7, 2025, BMW FS began the process of asking the New York Department of Motor Vehicles to provide its file. In or around March 2025, Defendants received records from the Florida and New York DMVs showing that an individual fraudulently duplicated the valid Florida title into a fake Florida title that listed "Manuel Calderon" as the owner and removed FSVT's ownership interest. Someone then presented that fake Florida title to the New York DMV and transferred ownership of the Vehicle to "Steven J. Calderon." Shortly thereafter, on or about March 4, 2025, as Defendants understand, Steven J. Calderon transferred the Vehicle to Gauge. It appears that Gauge subsequently sold the Vehicle to Florida Performance Cars on or about March 4, 2025.

After BMW FS discovered that Florida Performance Cars possessed the Vehicle, BMW FS, through counsel, sent a demand letter to Florida Performance Cars. On or about June 23, 2025, FSVT and BMW FS understood that Florida Performance Cars had agreed to voluntarily surrender the Vehicle to BMW FS and FSVT. Later that day, Florida Performance Cars filed a lawsuit in

Florida against Gauge over the fraudulent title and attached FSVT's valid ELT and Florida law enforcement's instruction regarding the fraudulent Florida title.

On or about June 27, 2025, Defendants were informed that Gauge was repurchasing the Vehicle from Florida Performance Cars.

On July 25, 2025, FSVT and BMW FS, through counsel, sent Gauge a formal Notice of Interest in Vehicle.

BMW FS learned of the communication with Florida law enforcement referenced in the Amy Nolan Declaration when it reviewed the Florida Performance Cars lawsuit against Gauge, which attached the email communication as Exhibit E. Defendants produced its communications with New York law enforcement in response to Request for Production No. 4.

**INTERROGATORY NO. 9:** Describe chronologically every non-privileged effort You made from December 28, 2022 through April 16, 2025 to monitor, locate, recover, repossess, inspect, or otherwise secure the Vehicle-including the “efforts to ascertain the location of the Vehicle” referenced in paragraph 5 of the Declaration of Amy Nolan (ECF No. 11-2), and the investigative work performed by Gregg Alper or any other investigator, and any GPS or telematics capability, physical inspection, enforcement of the Lease’s out-of-state or inspection provisions, internet alert, recovery vendor, skip-tracing vendor, investigator, or collection activity- and state the result of each effort.

**ANSWER TO NO. 9:** Defendants placed the Vehicle out for repossession in August 2024 and unsuccessfully sought to locate and retake possession of the Vehicle. Upon discovery of the existence of an active title without FSVT’s ownership interest, Defendants suspended repossession services and began efforts to retake title. Gregg Alper is not affiliated with either Defendant.

**INTERROGATORY NO. 10:** Identify every report, notice, filing, database entry, or Communication You made before March 4, 2025 to any law-enforcement agency, department of motor vehicles, NMVTIS, the National Insurance Crime Bureau, Carfax, AutoCheck, any auction or dealer network, or any other third party, to disclose or flag any alleged theft, conversion, unauthorized transfer, default, lien, ownership claim, or restriction concerning the Vehicle. If there was none, state "none."

**ANSWER TO NO. 10:** Consistent with Fed. R. Civ. 33(d), information responsive to this question may be derived from BMWFS-0105 to BMWFS-0204.

**INTERROGATORY NO. 11:** State all facts and identify all non-privileged evidence supporting any contention that Gauge did not acquire the Vehicle in good faith or took subject to a Claimed Interest, including any contention that, before the Gauge Purchase, Gauge: (a) had actual knowledge or notice of any Claimed Interest; (b) knew or should have known that the New York Title was defective; (c) failed to observe reasonable commercial standards in purchasing the Vehicle; (d) participated in any alleged fraud concerning the Vehicle or the New York Title.

**ANSWER TO NO. 11:** Objection. This interrogatory seeks information not relevant to a claim or defense and is not proportionate to the needs of this case. Further, an interrogatory that seeks every fact which supports allegations or defenses is facially overbroad and unduly burdensome. Defendant cannot define a reasonable breadth for such a question.

**INTERROGATORY NO. 12:** Identify every title, lien, vehicle-history, theft, fraud, or similar record that You contend was available to Gauge on March 4, 2025 and would have disclosed any Claimed Interest or any defect in the New York Title, stating for each how an automobile dealer

could have accessed the record on that date and identifying a copy of the record as it existed on that date.

**<u>ANSWER TO NO. 12:</u>** Defendants do not know what was "available to Gauge" at any time, let alone on March 4, 2025, but the Florida DMV reflected FSVT's ELT. Moreover, Gauge purchased the Vehicle from Florida Performance Cars on or about July 25, 2025, under direct instruction from Florida Performance Cars that Gauge's title was invalid and that "[Florida Performance Cars" conducted its own investigation and confirmed the title wash, and attaching as an exhibit an email from the Florida Highway Patrol Bureau of Criminal Investigations & Intelligence that instructed that the Gauge title resulted from a fraudulent Florida title.

**INTERROGATORY NO. 13:** Identify every Communication from April 1, 2025 through December 31, 2025 in which You or anyone acting on Your behalf asserted a Claimed Interest, or made any statement concerning Gauge's title or conduct, to FPC, Gauge, Secured Auto Group, LLC, Luxury Auto Collection, LLC, or any actual or prospective purchaser of the Vehicle, stating for each the date, sender, recipient, method, and substance.

**<u>ANSWER TO NO. 13:</u>** Consistent with Fed. R. Civ. 33(d), information responsive to this question may be derived from BMWFS-0250 to BMWFS-306. Answering further, see Answers to preceding Interrogatories.

**INTERROGATORY NO. 14:** Identify the persons with the most knowledge of, and the principal record custodians for: (a) the Lease, each Claimed Interest, and the Blackfire account, default, and payment history; (b) title and lien perfection concerning the Vehicle, Your investigation of the New York Title, and Your monitoring, location, reporting, and recovery efforts; and (c) Communications asserting a Claimed Interest to Gauge or its counterparties.

**ANSWER TO NO. 14:** Objection. This interrogatory seeks information not relevant to a claim or defense and is not proportionate to the needs of this case. Defendants further object that the interrogatory is vague and ambiguous with respect to the phrase "most knowledge."

**INTERROGATORY NO. 15:** State each category of damages or other monetary relief You seek relating to the Vehicle, the amount claimed for each, and the method and inputs used to calculate each amount.

**ANSWER TO NO. 15:** Defendants do not have active affirmative claims for relief in this lawsuit.

**INTERROGATORY NO. 16:** State Your contention as to the Vehicle's fair market value on March 4, 2025 and on the date of Your response and the basis for each valuation, and state whether You continue to contend that the residual balance is $207,000.00 and the payoff amount $303,014.16 as stated in paragraph 9 of the Declaration of Amy Nolan (ECF No. 11-2); if not, state the current figures and each change since September 30, 2025.

**ANSWER TO NO. 16:** Having lost access to the Vehicle, including through Gauge's own actions of secreting the Vehicle, Defendants are unable to assess the Vehicle's fair market value as of March 4, 2025, or any other date.

**INTERROGATORY NO. 17:** Identify every charge-off, insurance claim, fraud-loss claim, residual-value guarantee claim, indemnity claim, subrogation claim, or settlement You made or entered into relating to the Vehicle or the Lease, and every Recovery You received, stating for each the date, the payor or counterparty, the amount, and how it was applied to any amount or obligation arising under or relating to the Lease.

**ANSWER TO NO. 17:** None.

DATED: September 22, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Andrew J. Schuman*
William S. Helfand
Andrew J. Schuman
*Attorneys for BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, 2026, I caused a true and correct copy of the foregoing **DEFENDANTS' OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** to be served via electronic mail upon to the following:

Chad Pehrson
Nathan C. Gardner
KNH, LLP
50 W. Broadway, 9th Floor
Salt Lake City, Utah 84101
cpehrson@knh.law
ngardner@knh.law
Tel. No.: 801.994.4646
*Attorney for Plaintiff*

*/s/ Andrew J. Schuman*

**VERIFICATION**

***Gauge Automotive, Inc. v BMW Financial Services, et al***

I, Ryan Holdren, declare as follows:

1. I am the Title Security & Services Team Manager for BMW Financial Services NA, LLC.

2. I have read the foregoing **DEFENDANTS' OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** know the contents of the Answers thereof, and state that the substantive Answers are true to the best of my knowledge.

3. I declare on the penalty of perjury under the laws of the state of Utah that the foregoing is true and correct.

DATED: 9-22-26

Ryan Holdren

AS TO ANY OBJECTIONS:

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Andrew J. Schuman*
William S. Helfand
Andrew J. Schuman
Attorneys for Defendants
BMW Financial Services and Financial Services Vehicle Trust



CONFIDENTIAL