# EXHIBIT 17

Defendants' Objections and Responses to Plaintiff's First Set of Requests for Production, dated September 18, 2026

William S. Helfand, #16686
Andrew J. Schuman, #20370
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2319
Telephone: 801.562.5555
Facsimile: 801.562.5510
Bill.Helfand@lewisbrisbois.com
Andrew.Schuman@lewisbrisbois.com

*Attorneys for BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

| IN THE UNITED STATES DISTRICT COURT<br>DISTRICT OF UTAH, CENTRAL DIVISION | |
|---|---|
| GAUGE AUTOMOTIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST,<br><br>Defendants. | **DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Civil No. 2:25-cv-00792-AMA-JCB<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

Defendants BMW Financial Services NA, LLC and Financial Services Vehicle Trust hereby submit their responses to Plaintiff's first set of requests for production of documents.

## REQUESTS FOR PRODUCTION

**REQUESTS FOR PRODUCTION NO. 1**: Documents sufficient to establish each Claimed Interest as of March 4, 2025, including the complete Lease, all assignments, the Florida certificate of title and electronic title record, and documents showing any amount or obligation arising under the Lease that You contend remained owing on that date.

**<u>RESPONSE TO NO. 1:</u>** Defendants object to this request as overbroad. A reasonable breadth is documents showing Defendants' lease of the Vehicle and reflecting title issuance, produced as BMWFS-0001 to BMWFS-0194.

**REQUEST FOR PRODUCTION NO. 2:** All documents evidencing any act, filing, submission, possession, notation, or other basis on which You contend that any lien or security interest in the Vehicle was perfected, remained perfected, or otherwise had priority over Gauge at any time after August 27, 2024.

**<u>RESPONSE TO NO. 2:</u>** See BMWFS-0218, BMWFS-0247 to BMWFS-0249, and BMWFS-0195 to BMWFS-0204.

**REQUEST FOR PRODUCTION NO. 3:** All documents and Communications submitted to, received from, or obtained from the New York DMV concerning the Vehicle, the New York Title, the New York Title Application, any lien notation, or any request or proceeding to suspend, revoke, cancel, or amend a certificate of title for the Vehicle.

**<u>RESPONSE TO NO. 3:</u>** Defendants object to this request as overbroad because Rule 34's "reasonable particularity" renders requests for "all documents" impermissible. A reasonable breadth is records Defendants sent to or received from the New York DMV as well as communications with New York law enforcement which are produced as BMWFS-0195 to BMWFS-0204 and BMWFS-0307 to BMWFS-309.

**REQUEST FOR PRODUCTION NO. 4:** All documents and Communications concerning the Florida Title, its cancellation, and any effort to reinstate it, including all Communications with FLHSMV concerning the Vehicle and the June 18, 2025 correspondence among Gregg Alper, Victor Luquis, and Florida highway Patrol Master Trooper/Investigator Jessica Jimenez referenced

in paragraph 12 of the Declaration of Amy Nolan (ECF No. 11-2) and appearing at ECF No. 11-1, PageID.155, including all attachments to that correspondence and any unredacted version.

**RESPONSE TO NO. 4:** See BMWFS-0105 to BMWFS-0204 and BMWFS-0330 to BMWFS-0336.

**REQUEST FOR PRODUCTION NO. 5:** Documents sufficient to show the relationship between BMW FS and FSVT with respect to the Lease and the Vehicle, including the provisions of any servicing agreement, trust agreement, custodial agreement, or power of attorney that establish authority concerning the Lease or Vehicle, and documents sufficient to show which entity holds each Claimed Interest.

**RESPONSE TO NO. 5:** Objection. This request seeks documents not relevant to a claim or defense and is not proportionate to the needs of this case.

**REQUEST FOR PRODUCTION NO. 6:** All non-privileged documents supporting any contention that the Vehicle did not become covered by the New York Title within the meaning of N.Y. U.C.C. § 9-303(b), that the New York Title Application was not a valid application, or that the New York Title was suspended, revoked, or adjudicated invalid before March 4, 2025.

**RESPONSE TO NO. 6:** Objection. This request uses an undefined term "covered" which renders the Request unanswerable and seeks documents not relevant to a claim or defense and is not proportionate to the needs of this case.

**REQUEST FOR PRODUCTION NO. 7:** The complete payment history, default history, collection notes, account notes, and audit trail for the Lease from December 28, 2022 through April 16, 2025, together with all default or demand notices sent to Blackfire Transport LLC or Alfred Davis.

**<u>RESPONSE TO NO. 7:</u>** Objection. This request seeks documents not relevant to a claim or defense and is not proportionate to the needs of this case.

**REQUEST FOR PRODUCTION NO. 8:** All documents concerning efforts from December 28, 2022 through April 16, 2025 to monitor, locate, recover, repossess, inspect, or secure the Vehicle-including documents concerning the "efforts to ascertain the location of the Vehicle" referenced in paragraph 5 of the Declaration of Amy Nolan (ECF No. 11-2), and recovery-vendor and skip-tracing files, investigator reports (including all reports, invoices, and communications of Gregg Alper), work orders, call logs, search results, internet-alert configurations and notifications, and internal status reports.

**<u>RESPONSE TO NO. 8:</u>** See BMWFS-0195 to BMWFS-0204 and BMWFS-0330 to BMWFS-0336.

**REQUEST FOR PRODUCTION NO. 9:** All documents concerning any GPS device, tracker, telematics or connected-vehicle service, or other location or monitoring capability for the Vehicle-including any decision not to equip the Vehicle with such capability-from the inception of the Lease through April 16, 2025.

**<u>RESPONSE TO NO. 9:</u>** Objection. This request seeks documents not relevant to a claim or defense and is not proportionate to the needs of this case.

**REQUEST FOR PRODUCTION NO. 10:** All reports, notices, filings, database entries, or Communications made before March 4, 2025 to any law-enforcement agency, department of motor vehicles, NMVTIS, the National Insurance Crime Bureau, Carfax, AutoCheck, any auction or dealer network, or any other third party, disclosing or flagging any alleged theft, conversion, unauthorized transfer, default, lien, ownership, claim, or restriction concerning the Vehicle.

**<u>RESPONSE TO NO. 10:</u>** See BMWFS-0195 to BMWFS-0204.

**REQUEST FOR PRODUCTION NO. 11:** Documents sufficient to show when and how You first learned of: (a) the New York Title; (b) FPC's possession or offering of the Vehicle; and (c) the Gauge Purchase-including the internet alert referenced by Your counsel at the October 3, 2025 conference and the records referenced in paragraph 8 of the Declaration of Amy Nolan (ECF No. 11-2).

**<u>RESPONSE TO NO. 11:</u>** See BMWFS-0195 to BMWFS-0336.

**REQUEST FOR PRODUCTION NO. 12:** All non-privileged documents supporting any contention that, before the Gauge Purchase, Gauge had actual knowledge or notice of a Claimed Interest, knew or should have known the New York Title was defective, failed to observe reasonable commercial standards, or participated in any alleged fraud concerning the Vehicle or the New York Title.

**<u>RESPONSE TO NO. 12:</u>** See BMWFS-0207 to BMWFS-0218.

**REQUEST FOR PRODUCTION NO. 13:** All communications from April 1, 2025 through December 31, 2025 in which You or anyone acting on Your behalf asserted a Claimed Interest, or made any statement concerning Gauge's title or conduct, to FPC, Gauge, Secured Auto Group, LLC, Luxury Auto Collection, LLC, or any actual or prospective purchaser of the Vehicle-including the October 22, 2025 letter to Secured Auto Group and any responses.

**<u>RESPONSE TO NO. 13:</u>** See BMWFS-0250 to BMWFS-306.

**REQUEST FOR PRODUCTION NO. 14:** Documents sufficient to show Your policies and procedures in effect from December 2022 through April 2025 governing the monitoring, locating, reporting, and recovery of leased vehicles, to the extent applicable to the Vehicle, together with

documents sufficient to show whether and how those policies and procedures were applied to the Vehicle.

**<u>RESPONSE TO NO. 14:</u>** Objection. This request seeks documents not relevant to a claim or defense and is not proportionate to the needs of this case, and request production of proprietary and confidential business records.

**REQUEST FOR PRODUCTION NO. 15:** All documents concerning any charge-off, insurance claim, fraud loss claim, residual-value guaranteed claim, indemnity claim, subrogation claim, or other Recovery relating to the Vehicle or the Lease, including claim files, proofs of loss, correspondence with insurers, guarantors, or indemnitors, and the accounting entries reflecting each charge-off and each Recovery.

**<u>RESPONSE TO NO. 15:</u>** Objection. This request seeks documents not relevant to a claim or defense and is not proportionate to the needs of this case.

**REQUEST FOR PRODUCTION NO. 16:** All documents concerning the value of the Vehicle on March 4, 2025, at the time of any alleged loss, disposition, or Recovery, or on any other date used in a claimed damages calculation, including appraisals, residual-value analyses, auction or market reports, condition reports, any calculation of damages or loss You claim relating to the Vehicle, and the records supporting the residual balance of $207,000.00 and the payoff amount of $303,014.16 stated in paragraph 9 of the Declaration of Amy Nolan (ECF No. 11-2).

**<u>RESPONSE TO NO. 16:</u>** See BMWFS-0004 to BMWFS-0015 and BMWFS-0226 to BMWFS-0230.

**REQUEST FOR PRODUCTION NO. 17:** All non-privileged documents supporting any contention concerning: (a) whether the Vehicle became covered by the New York Title; (b)

perfection or priority of any security interest or lien; (c) Gauge's payment of value, receipt of delivery, or knowledge at the Gauge Purchase; (d) Your monitoring, reporting, and recovery diligence; or (e) Your assertions of a Claimed Interest to Gauge or its counterparties.

**RESPONSE TO NO. 17:** Objection. This request uses an undefined term "covered" which renders the Request unanswerable and seeks documents not relevant to a claim or defense and is not proportionate to the needs of this case.

DATED: September 18, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Andrew J. Schuman*
William S. Helfand
Andrew J. Schuman
*Attorneys for BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of September 2026, I caused a true and correct copy of the foregoing **DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** to be served via electronic mail upon to the following:

Chad Pehrson
Nathan C. Gardner
KNH, LLP
50 W. Broadway, 9th Floor
Salt Lake City, Utah 84101
cpehrson@knh.law
ngardner@knh.law
Tel. No.: 801.994.4646
*Attorney for Plaintiff*

*/s/ Andrew J. Schuman*