# EXHIBIT 18

Complaint and Petition, Financial Services Vehicle Trust v. JR Auto Collection, LLC, et al., Case No. 50-2025-CA-008048 (Fla. 15th Jud. Cir. filed Aug. 8, 2025) (ECF No. 11-1 at 2–13)

Filing # 229059973 E-Filed 08/08/2025 04:37:35 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

FINANCIAL SERVICES VEHICLE TRUST, by and through its servicer, ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES, NA, LLC, a division of BMW FINANCIAL SERVICES NA, LLC,

Plaintiff,

CASE NO.:

v.

JR AUTO COLLECTION, LLC d/b/a FLORIDA PERFORMANCE CARS, GAUGE AUTOMOTIVE, INC., BLACKFIRE TRANSPORT, LLC, ALFRED DAVIS, and FLORIDA HIGHWAY SAFETY AND MOTOR VEHICLES,

Defendants.
_______________________________________/

**COMPLAINT AND PETITION**

Plaintiff, FINANCIAL SERVICES VEHICLE TRUST ("Plaintiff" or "Petitioner"), by and through its servicer, ROLLS-ROYCE MOTOR CARS FINANCIAL SERVICES, NA, LLC ("RRMC FS"), a division of BMW FINANCIAL SERVICES NA, LLC ("BMW FS"), brings this action against Defendants JR AUTO COLLECTION, LLC d/b/a FLORIDA PERFORMANCE CARS ("FPC"), GAUGE AUTOMOTIVE, INC. ("Gauge"), BLACKFIRE TRANSPORT, LLC ("Blackfire"), and ALFRED DAVIS ("Davis") for damages;

Plaintiff, to the extent necessary, brings this action for replevin as against Gauge; and

Petitioner brings this Petition as against Respondent FLORIDA HIGHWAY SAFETY AND MOTOR VEHICLES ("FLHSMV") to issue a new vehicle title with Plaintiff identified as the owner of the subject vehicle.

In support of the above, Plaintiff states as follows:

**GENERAL ALLEGATIONS**

1. This action arises out of a fraudulent title scheme involving a 2023 Rolls Royce Black Badge Cullinan, bearing vehicle identification number SLATV8C0XPU216487 (the "Vehicle").

2. At all times hereinafter mentioned, Plaintiff was and is a business trust duly organized and existing under and by virtue of the laws of the state of Delaware, and an entity authorized to do business in the State of Florida.

3. At all times hereinafter mentioned, RRMC FS was and is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, and an entity authorized to conduct business in the State of Florida.

4. At all relevant times hereinafter mentioned, BMW FS was and is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, and an entity authorized to conduct business in the State of Florida.

5. RRMC FS is authorized to bring this action on behalf of Plaintiff as its servicer.

6. At all relevant times hereinafter mentioned, defendant FPC was and, upon information and belief, is a Florida limited liability company with its principal place of business in Palm Beach County, Florida.

7. At all relevant times hereinafter mentioned, defendant Gauge was and, upon information and belief, is a Utah corporation with its principal place of business in Salt Lake City, Utah.

8. At all relevant times hereinafter mentioned, defendant Blackfire was and, upon information and belief, is a Florida corporation with its principal place of business in North Miami Beach, Florida.

9. At all relevant times hereinafter mentioned, defendant Alfred Davis was and, upon information and belief, is the president and 100% owner of Blackfire, and resides in Delray Beach, Florida.

10. FLHSMV is named as a respondent only in its administrative capacity for the purpose of ensuring that FLHSMV has actual notice and opportunity to be heard on Petitioner's demand that its interest be restored and maintained on the title record and a new title issued for the subject Vehicle. No monetary damage or other relief is sought as against FLHSMV.

**JURISDICTION AND VENUE**

11. This is an action for damages and declaratory relief exceeding $50,000.00, exclusive of attorneys' fees, interest, and costs.

12. This Court has personal jurisdiction over Gauge pursuant to Florida's long-arm statute, § 48.193, Fla. Stat. and the exercise of jurisdiction comports with due process.

13. Upon information and belief, Gauge purposefully conducted business in Florida by soliciting FPC for the sale and subsequent re-purchase of the subject Vehicle, and a substantial part of the events or omissions giving rise to the claim occurred in the State of Florida.

**FACTS**

14. On or about December 28, 2022, defendants Blackfire and Davis executed and delivered to Braman Motors, Inc. ("Braman"), an authorized Rolls Royce dealer located at 2060 Biscayne Boulevard, Miami, Florida 33137, for valuable consideration, a written Motor Vehicle Lease Agreement (the "Lease Agreement").

15. The Lease Agreement was assigned by Braman to Plaintiff. A true and accurate copy of the Motor Vehicle Lease Agreement is attached hereto as **Exhibit "A"**.

16. The total cash price of the Subject Vehicle on the date of the Lease Agreement was $489,694.00. Blackfire and Davis paid a down payment of $209,337.45. Under the terms of the Lease Agreement, Blackfire financed the balance of $398,132.45 through RRMC FS. *See* Ex. A at p. 1.

17. In executing the Lease Agreement, Blackfire and Davis promised to make RRMC FS (as Assignee of the Lease Agreement) 48 monthly payments of $4,000, with the first payment due on December 28, 2022. *Id.*

18. In executing the Lease Agreement, Blackfire and Davis agreed "NOT [TO] TRANSFER OR SUBLEASE [THE SUBJECT VEHICLE] TO A THIRD PARTY OR ASSIGN THE LEASE OR ANY RIGHTS UNDER IT WITHOUT [RRMC FS'S] PRIOR WRITTEN APPROVAL". *Id.* at ¶ 35.

19. In connection with the Lease Agreement, FSVT completed FLHSMV's application for certificate of title with/without registration, whereby FSVT was recorded as the Vehicle's owner and lienholder. A true and accurate copy of FSVT's application for certificate of title with/without registration is attached hereto as **Exhibit "B"**.

20. On or about January 20, 2023, FLHSMV issued certificate of title for the Subject Vehicle to Blackfire. The certificate of title correctly identifies FSVT as the Vehicle's owner and lienholder. A true and accurate copy of FSVT's certificate of title is attached hereto as **Exhibit "C"**.

21. Upon information and belief, on or around August 27, 2024, the New York State Department of Motor Vehicles ("NY DMV") was presented with a forged and fraudulent Florida

Certificate of Title for the Vehicle, purportedly issued on January 20, 2023, showing the Vehicle's owner as one Manual Calderon and listing no lienholders (the "Fraudulent Title"). A true and accurate copy of the Fraudulent Title is attached hereto as **Exhibit "D"**.

22. Upon information and belief, on or around August 27, 2024, the NY DMV issued a New York State Certificate of Title to one Steven J. Calderon (the "NY Title"). Because the Fraudulent Title listed no lienholders, the NY Title likewise identified no lien. A true and accurate copy of the NY Title is attached hereto as **Exhibit "E"**.

23. Subsequently, upon information and belief, Steven J. Calderon sold the Vehicle and transferred the NY Title to Gauge.

24. Upon information and belief, in or around early 2025 and pursuant to an established and ongoing business relationship with FPC, Gauge initiated, negotiated, and contracted the Vehicle's sale in Palm Beach County, Florida to FPC, and transferred the NY Title to FPC. A true and accurate copy of the invoice and wholesale buyers order are attached hereto as **Exhibit "F"**.

25. The Vehicle was ultimately delivered to FPC.

26. On or around April 16, 2025, BMW FS verbally noticed FPC of Plaintiff's interest in the Vehicle. Specifically, BMW FS apprised FPC that Plaintiff was and remains the lawful and record titleholder of the Vehicle; that Plaintiff holds a valid, perfected lien on the Vehicle; and that the Vehicle was fraudulently retitled. *See* Ex. C.

27. On or around April 23, 2025, BMW FS reduced its previous verbal notice to writing ("Demand Letter") and delivered same to FPC. A true and accurate copy of the Demand Letter is attached hereto as **Exhibit "G"**.

28. Upon information and belief, FLHSMV confirmed to FPC that the Fraudulent Title was indeed illegitimate and forged. A true and accurate copy of FLHSMV's correspondence with FPC confirming the illegitimate nature of the Fraudulent Title is attached hereto as **Exhibit "H"**.

29. Thereby, any subsequent Certificate of title or interest stemming from the Fraudulent Title, including the NY Title, is invalid and void as a matter of law.

30. On June 23, 2025, FPC brought an action styled JR AUTOMOTIVE, INC. d/b/a FLORIDA PERFORMANCE CARS, LLC v. GAUGE AUTMOTIVE, INC., Case No. 50-2025-CA-006161-XXXA-MB, against Gauge for damages in connection with the Vehicle's sale. A true and accurate copy of FPC's Complaint is attached hereto as **Exhibit "I"**.

31. On or around June 27, 2025, BMW FS received notice that, despite its position that it had good title to the Vehicle, Gauge offered to "unwind" the Vehicle's sale to FPC.

32. On July 3, 2025, in an effort to notice Gauge and FPC of its interest in and to recover possession of the Vehicle, BMW FS moved to intervene for replevin in FPC's action against Gauge (the "Motion to Intervene"). A true and accurate copy of BMW FS's Motion to Intervene is attached hereto as **Exhibit "J"**.

33. BMW FS's Motion to Intervene was successfully served on FPC on July 3, 2025, via the Florida E-Portal and/or Electronic Mail.

34. BMW FS's Motion to Intervene was successfully served on Gauge on July 21, 2025. A true and accurate copy of BMW FS's Affidavit of Service is attached hereto as **Exhibit "K"**.

35. Subsequently, on July 21, 2025, FPC filed a notice of voluntary dismissal without prejudice. A true and accurate copy of FPC's Notice of Voluntary Dismissal Without Prejudice is attached hereto as **Exhibit "L"**.

36. Upon information and belief, FPC voluntarily dismissed its action because Gauge offered to “unwind” the Vehicle sale and to indemnify FPC against any future claims; and so that FPC could extricate itself from any disputes related to the Vehicle.

37. Upon information and belief, Gauge’s intention was to re-sell the Vehicle after unwinding its transaction with FPC.

38. On or about July 25, 2025, BMW FS again noticed Gauge of its interest in the Vehicle, in an effort to prevent a sale to an unwitting third-party purchaser (the “Gauge Demand Letter”). A true and accurate copy of the Gauge Demand Letter is attached hereto as **Exhibit “M”**.

39. The Gauge Demand Letter was successfully delivered to Gauge on July 28, 2025, via Federal Express Mail. A true and accurate copy of the Federal Express Mail tracking information is attached hereto as **Exhibit “N”**.

40. To date, BMW FS has not been able to establish a line of communication with Gauge despite multiple good-faith attempts.

**COUNT I – DECLARATORY RELIEF**
**(As against all Defendants)**

41. Plaintiff repeats and realleges each allegation in Paragraphs “1” through “40”, as if the same were set forth fully herein.

42. Specifically, Plaintiff alleges:

a. There exists a bona fide dispute with respect to the ownership interests asserted by various parties with respect to the Vehicle and the conduct of defendants in taking actions inconsistent with Plaintiff's rights of ownership and possession;

b. There exists a justiciable question because the defendants’ conduct is in violation of Plaintiff’s interest and subsequent demands, despite Plaintiff’s status as the Vehicle’s owner and lienholder;

c. There exists uncertainty regarding Plaintiff's status as the Vehicle's owner and lienholder, apropos the NY Title, i.e., despite the fraudulent procurement of the NY Title through furnishing of the Fraudulent Title, the defendants feel enabled to act in ways that challenge Plaintiff's status as the Vehicle's owner and lienholder; and

d. There exists a practical need for a declaration in this respect because pending a declaration that it has the right to exercise control over the Vehicle, Plaintiff has been and will continue to be economically harmed because it is unable to sell or otherwise dispose of the Vehicle.

**WHEREFORE,** Plaintiff seeks a declaration that:

e. The Fraudulent Title is invalid and void as a matter of law;

f. The NY Title is invalid and void as a matter of law;

g. Plaintiff is the Vehicle's rightful owner and lienholder; and

h. For such other and further relief that this Court deems just and proper.

**COUNT II – REPLEVIN**
**(As against Gauge)**

43. Plaintiff repeats and realleges each allegation in Paragraphs "1" through "40", as if the same were set forth fully herein.

44. Plaintiff's interest in the Vehicle was first perfected.

45. Plaintiff has an immediate right to possess the Vehicle by reason of its possessory interest.

46. Plaintiff's right to possession of the Vehicle is superior because it holds the Vehicle's only valid certificate of title.

**WHEREFORE**, Plaintiff demands judgment for Gauge to immediately turn over the Vehicle's possession to Plaintiff, to the extent necessary and for such other and further relief that this Court deems just and proper.

**COUNT III – CONVERSION**
**(As against FPC and Gauge)**

47. Plaintiff repeats and realleges each allegation in Paragraphs "1" through "40", as if the same were set forth fully herein.

48. FPC "unwound" its transaction with and transferred possession of the Vehicle to Gauge despite timely and abundant notice by BMW FS of the fraudulent title scheme, thereby violating BMW FS's rights and causing it economic harm.

49. Gauge has maintained possession over the Vehicle despite repeated notices from multiple parties of the fraudulent title scheme, i.e., that Gauge did not and does not have valid title.

50. Upon information and belief, Gauge is soliciting new purchasers for the Vehicle, despite said notices.

51. As a direct and proximate result of FPC's and Gauge's conduct, Plaintiff has been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment in its favor for compensatory and consequential damages, pre and post judgment interest, and such other and further relief as this Court deems just and proper.

**COUNT IV – UNJUST ENRICHMENT**
**(As against FPC and Gauge)**

52. Plaintiff repeats and realleges Paragraphs "1" through "40", as if the same were set forth fully herein.

53. Plaintiff pleads this Count in the alternative to Count III.

54. FPC and Gauge were fully aware, through pre- and post-litigation notices, that Plaintiff was and continues to be the Vehicle's legal owner and titleholder.

55. Despite their knowledge, FPC and Gauge proceeded to "unwind" their transaction and transfer possession of the Vehicle, presumably to disrupt Plaintiff's efforts to locate the Vehicle.

56. Given that Plaintiff is the Vehicle's legal owner and titleholder, i.e., that neither FPC nor Gauge has valid title to the Vehicle, it would be inequitable for FPC and/or Gauge to continue profiting from their possession over and transactions in connection with the Vehicle.

**WHEREFORE**, Plaintiff demands judgment in its favor for damages and such other and further relief as this Court deems just and proper.

**COUNT V – BREACH OF CONTRACT**
**(As against Blackfire and Davis)**

57. Plaintiff repeats and realleges each allegation in Paragraphs "1" through "40", as if the same were set forth fully herein.

58. Upon information and belief, Blackfire and Davis directly or indirectly caused the Vehicle's transfer to Manuel Calderon and/or Steven J. Calderon, without RRMC FS's approval.

59. By the above action, Blackfire and Davis breached the Lease Agreement.

60. Plaintiff has duly performed all of its obligations under the Lease Agreement.

61. As a result of Blackfire's and Davis' breach of the Lease Agreement, Plaintiff has been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment in its favor for compensatory and consequential damages, pre and post judgment interest, and such other and further relief as this Court deems just and proper.

**COUNT VI – TRESPASS OF CHATTELS**
**(As against FPC, Gauge, Blackfire, and Davis)**

62. Plaintiff repeats and realleges each allegation in paragraphs "1" through "40", as if the same were set forth fully herein.

63. Upon information and belief, FPC, Gauge, Blackfire, and Davis knowingly and intentionally caused physical interference and/or dispossession with the use and enjoyment of Plaintiff's property.

64. Upon information and belief, FPC, Gauge, Blackfire, and Davis, without justification or consent, caused physical interference and/or dispossession with the use of Plaintiff's property.

65. Upon information and belief, FPC, Gauge, Blackfire, and Davis knew that such physical interference and dispossession would result in harm to Plaintiff.

66. As a result, Plaintiff has been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment in its favor for compensatory and consequential damages, pre and post judgment interest, and such other and further relief as this Court deems just and proper.

**PETITION FOR TITLE REINSTATEMENT**

67. Plaintiff repeats and realleges each allegation in Paragraphs "1" through "40", as if the same were set forth fully herein.

68. Plaintiff has established its status as the Vehicle's legal owner and titleholder.

69. FLHSMV wrongfully cancelled Plaintiff's otherwise valid Certificate of Title when the NY DMV issued the NY Title based on the forged Fraudulent Title.

70. By virtue of the above scheme and through no fault of its own, Plaintiff was deprived of its Vehicle ownership.

71. Accordingly, any certificates of title procured as a product of the Fraudulent Title are void as a matter of law.

**WHEREFORE**, Plaintiff seeks an order directing FLHSMV to reinstate its valid Certificate of Title, and declaring all other certificates of title to be void and for such other and further relief that this Court deems just and proper.

DATED: August 8, 2025

*BIEDERMANN HOENIG SEMPREVIVO,*
*A Professional Association*

*By: /s/ Suzanne Valles*____________
Suzanne M. Valles

601 Brickell Key Drive, Suite 700
Miami, Florida 33131
(646) 218-7560 Ext. 541 - Telephone
(646) 218-7510 - Facsimile
E-mail: suzanne.valles@lawbhs.com
*Attorneys for Plaintiff*