William S. Helfand, #16686
Andrew J. Schuman, #20370
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2319
Telephone: 801.562.5555
Facsimile: 801.562.5510
Bill.Helfand@lewisbrisbois.com
Andrew.Schuman@lewisbrisbois.com

*Attorneys for BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

<table>
<tr><td colspan="2">IN THE UNITED STATES DISTRICT COURT<br><br>DISTRICT OF UTAH, CENTRAL DIVISION</td></tr>
<tr><td>GAUGE AUTOMOTIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST,<br><br>Defendants.</td><td>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A SPEEDY HEARING AND DECLARATORY JUDGMENT UNDER FED. R. CIV. P. 57<br><br>Civil No. 2:25-cv-00792-AMA-JCB<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett</td></tr>
</table>

The Court should deny Plaintiff's Rule 57 motion for speedy relief (Dkt. No. 61)[1] on Plaintiff's declaratory judgment claim disposition (an issue over which the Court may no longer have jurisdiction,[2] or is at least moot), for the reasons stated below.

[1] This Opposition addresses only Plaintiff's request for expedited briefing on its summary judgment motion; Defendants will address the substance of the summary judgment motion upon the schedule required by the Court.

[2] Defendants' motion to dismiss (Dkt. No. 52) addresses this issue and has been fully briefed, although the Court has not yet had the opportunity to address that issue. If the Court finds dismissal

**INTRODUCTION**

Plaintiff asks for a quick ruling on an issue that is at least moot in this Court in light of Plaintiff's sale of the vehicle in question more than a year ago, and in any event is vigorously disputed by Defendants. Plaintiff makes this request before Defendants have had reasonable opportunity to pursue any discovery from Plaintiff in this case after Defendants narrowed the claims and limited activity in this Court to accommodate Plaintiff's repeated complaints about duplicative litigation (in deference to the matter pending between all interested parties in Florida). Yet, Plaintiff now asks the Court to enter a judgment that it claims will end both the Utah and Florida actions. Stated simply, Defendants vigorously dispute many of Plaintiff's (frequently incomplete or incorrect) characterizations of fact. The Court should deny Plaintiff's request for expedited briefing, which is a clear attempt to pursue summary judgement without allowing Defendants reasonable time for discovery.

The Court should see Plaintiff's motion for speedy relief for what it is – a shortcut around Defendants' rights to even preliminarily explore discovery into Plaintiff's unclean hands activities and an effort to circumvent the broader process in the Florida court, all with the aim of preventing Defendants from recovering their stolen vehicle or any value for it. One could reasonably surmise that Plaintiff's request to speed up a declaratory judgment in this Court is triggered by the fact that Plaintiff and Florida Performance Cars (a second defendant in the Florida court, which Plaintiff is indemnifying and representing through mutual counsel) are finally subject to depositions over

---

of this case, other than perhaps Plaintiff's claim for tortious interference, Plaintiff's proposed declaratory judgment *on an issue that is at least mooted* by Defendants' dismissal of its counterclaims long ago, the Court need not reach Plaintiff's motion for summary judgment, let alone Plaintiff's request for an expedited ruling.

Plaintiff's personal jurisdiction objections in Florida after months of stonewalling, including by falsely asserting discovery in Florida was duplicative of discovery in this case.

The Court should deny Plaintiff's request for Rule 57 speedy relief because: (1) Defendants' motion to dismiss renders Plaintiff's request for declaratory relief moot; (2) Plaintiff fails to demonstrate any urgency that warrants expedited consideration; (3) Plaintiff seeks a declaratory judgment solely so Plaintiff can use that advisory opinion defensively in the related, but more expansive, Florida litigation; and (4) an immediate ruling would deprive Defendants of the opportunity to conduct discovery to test and address the disputed factual assertions underlying Plaintiff's motion for summary judgment.

## ARGUMENT AND AUTHORITIES

### I. Relevant Legal Standard for Rule 57 Speedy Relief.

"The court may order a speedy hearing of a declaratory-judgment action." Fed. R. Civ. P. 57. "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Wilton v. Seven Falls Co*., 515 U.S. 277, 288 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id*. A court deciding whether to hear a declaratory claim considers whether the declaration "would settle the controversy"; whether it "would serve a useful purpose in clarifying the legal relations at issue"; whether the remedy is being used "merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to res judicata'"; whether it "would increase friction between our federal and state courts and improperly encroach upon state jurisdiction";

and "whether there is an alternative remedy which is better or more effective." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

Under Rule 57, an expedited hearing is generally only proper where the requesting party shows fact-discovery is neither hampered nor necessary. *See, e.g., Four Winds Behavioral Health, Inc. v. Allertech Labs., Inc.*, 2023 U.S. Dist. LEXIS 56873, *6-7 (Dist. Ct. New Mexico March 30, 2023) (rejecting motion for expedited Rule 57 hearing because of prematurity and the need for discovery, noting "the Court is not convinced that Plaintiff's invocation of a speedy hearing pursuant to Rule 57 merits circumventing all other rules of civil procedure in this case."); *Allergan, Inc. v. Valeant Pharms. Int'l Inc.*, 2014 U.S. Dist. Lexis 117160, *11-12 (C.D. Cal. Aug 21, 2014) (rejecting motion for expedited hearing on declaratory judgment claim because "the facts in this case are complex and 'vigorously' disputed."); *Jones v. Amerisave Mortg Corp.*, 2025 U.S. Dist. LEXIS 2820, *5 (W.D. Tenn. Jan. 7, 2025) (denying Rule 57 expedited hearing because the allegations presented in the motion are not limited to straightforward legal issues but, instead, require factual determination). Plaintiff has only asserted, but it has not shown, that Defendants should not be permitted discovery before responding to Plaintiff's summary judgment motion.

## II. Applying the Standards, Plaintiff Failed to Demonstrate Cause for the Court to Expedite Summary Judgment Briefing.

First, Plaintiff's declaratory judgment argument is moot for the reasons set forth in Defendants' motion to dismiss and reply brief (Dkts. 52 and 60), the arguments and authorities of which Defendants incorporate by this reference as if fully restated here, consistent with Rule 10, F.R.C.P. It is undisputed that Plaintiff no longer owns the Vehicle and that Plaintiff has not owned the Vehicle since the earliest stages of this case. Indeed, Plaintiff relinquished possession of the Vehicle weeks *before* Plaintiff filed this lawsuit in an effort to avoid suit in Florida, despite

Plaintiff’s counsel’s repeated and documented lack of candor before the Court on the essential issue of whether Plaintiff even owned the Vehicle. Plaintiff now seeks a declaration regarding rights that no longer affect any present ownership interest held by Plaintiff because Plaintiff has none. As Defendants explain in their motion to dismiss, Plaintiff's request for declaratory relief is moot and therefore Plaintiff asks the Court to issue precisely the type of advisory opinion courts decline to provide. *See Schell v. OXY USA Inc.*, 814 F.3d 1107, 1114 (10th Cir. 2016).

Second, even if Plaintiff were seeking a declaratory judgment on an issue still related to this case, Plaintiff identifies no exigency that justifies prejudicing Defendants' rights under the Court's ordinary case schedule. No such exigency exists. Whatever interest Plaintiff may claim in establishing title to the Vehicle, Plaintiff already extinguished that interest by selling the Vehicle to Secured Auto Group (despite being fully informed of Defendants' claimed interest and the evidence of void title). *See* Dkt. 61, p.23; see also Exs. 13 and 14. Indeed, Defendants alleged in the original Florida action that “Upon information and belief, FLHSMV confirmed to FPC that the Fraudulent Title was indeed illegitimate and forged.” Ex. 18 (Fla. Compl.) ¶ 28. “Thereby, any subsequent Certificate of title or interest stemming from the Fraudulent Title, including the NY Title, is invalid and void as a matter of law.” *Id.* at ¶ 29.

To the extent Plaintiff seeks certainty regarding indemnification obligations to subsequent purchasers of the Vehicle *not parties to this case*, Plaintiff created that uncertainty by making those sales (1) under a void title as a matter of New York law[3] and/or (2) with full knowledge of the title dispute. Plaintiff cannot manufacture an emergency through its own actions/omissions

[3] Defendants’ void title argument will be fully set forth in Defendants’ opposition to Plaintiff’s motion for summary judgment.

and then invoke that emergency to accelerate these proceedings to Defendants' detriment.

Further, even Plaintiff admits the declaratory judgment Plaintiff seeks on an expedited schedule will not resolve all claims currently before the Court. "A declaratory judgment is appropriate when it will 'terminate the controversy' giving rise to the proceeding." Fed. R. Civ. P. 57 advisory committee's note (1937); *see also State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). Plaintiff's complaint alleges causes of action for declaratory judgment, quiet title, injunctive relief, and tortious interference with property rights – all of those claims are not decided by Plaintiff's title status in March 2025. *See* Dkt No. 1.

Moreover, although Plaintiff's motion seeks a declaration regarding Plaintiff's first purchase of the Vehicle in March 2025, Plaintiff's claims in this case are *not* limited to whether the title Plaintiff purchased from fraudster Calderon in March 2025 was void. Rather, the asserted claims seek declaration of good title ownership *generally*, which necessarily requires the Court to decide whether Plaintiff is protected by any bona fide purchaser status when Plaintiff purchased the Vehicle from Florida Performance Cars on July 20, 2025 -- *after Florida Performance Cars sued Plaintiff for having sold void title* and after Florida Performance Cars had reached agreement to surrender the car to Defendants.

Finally, Plaintiff's motion suggests that its requested declaratory judgment claim here will resolve "every claim in both lawsuits [both Florida and Utah]." Dkt. 61, p.23. Not so – the Florida lawsuit involves claims for conversion, unjust enrichment, and trespass of chattels, among other claims, and the facts underlying the claims will involve demonstrating Plaintiff's interference with Florida Performance Cars' promise to surrender the Vehicle to Defendants as well as the underlying theft and forgery that occurred in Florida and New York. Because a

declaratory judgment will not resolve the entire controversy, Plaintiff cannot show any urgency that warrants expedited relief.

Third, expedited relief would prejudice Defendants because it would deny Defendants the opportunity to test Plaintiff's purportedly undisputed facts. Defendants need discovery in this case. Indeed, more than half of Plaintiff's 37-page combined motion for speedy relief and summary judgment consists of Plaintiff's version of the facts, and Defendants vigorously dispute many of those factual assertions. To accommodate Plaintiff's repeated concerns about "duplicative litigation," Defendants have deferred seeking discovery from Plaintiff in this lawsuit while discovery is ongoing in the Florida case. Plaintiff's motion uses that complaint as a sword and a shield, seeking judgment despite Defendants' abstention to date of pursuing discovery from Plaintiff here. The motion now will require Defendants to propound discovery which Defendants, absent agreement – which sadly seems unlikely – will present in a motion under Rule 56(d) shortly.

Defendants will need to pursue discovery regarding the following topics, among others: (1) Plaintiff's good faith or bad faith throughout its involvement with the Vehicle; (2) Plaintiff's relationship with its original seller, Steven Calderon; (3) Plaintiff's interference with Defendants' agreement with Florida Performance Cars to surrender the Vehicle to Defendants in July 2025; (4) Plaintiff's communications with Secured Auto Group before, during, and after filing this lawsuit, for comparison to Plaintiff's representations to Defendants and this Court; (5) Plaintiff's previous transactions with Florida Performance Cars; (6) Plaintiff's affiliation with and use of the online marketplace "Stockup" to buy and sell the Vehicle and similar vehicles; (7) documents from Plaintiff and third-parties regarding purchase and sale of the Vehicle; (8) deposition of

Plaintiff’s corporate representative.

Plaintiff's summary judgment motion rests entirely on Plaintiff’s *ipse dixit* assertion that the title Plaintiff purchased in March 2025 was void*able* rather than void *ab initio* under New York law. The answer to that question depends upon the facts surrounding Manuel Calderon’s forgery of a Florida title, and Manuel’s and Steven Calderon’s theft of the Vehicle to sell it to Plaintiff, events which may or may not have involved Defendants’ Florida’s lessees – another area of facts that must be discovered. Defendants contend the facts will establish the title was void *ab initio,* Plaintiff plainly disputes those facts and that conclusion. Defendants should have an opportunity to develop the evidentiary record before the Court considers summary judgment.

Furthermore, regardless of whether any bona fide purchaser status insulated Plaintiff in its March 2025 purchase from Calderon, that same protection evaporated when Plaintiff repurchased the Vehicle from Florida Performance Cars with actual knowledge of the void title. Defendants should be permitted to seek discovery from Plaintiff and the associated third parties to answer those questions, before any declaration about current true ownership should be decided.

Fourth, Plaintiff’s motion is precisely the type of “race to res judicata” that Tenth Circuit courts advise must weigh against granting Rule 57 speedy relief. In determining whether to hear a declaratory action, district courts weigh, among other factors, “whether the declaratory remedy is being used merely for the purpose of “procedural fencing” or “to provide an arena for a race to res judicata.” *State Farm Fire & Cas. Co. v. Mhoon,* 31 F.3d 979, 983 (10th Cir. 1994). Plaintiff’s motion does not hide its objective, asserting that “a declaration will settle the controversy” because “[e]very claim in both lawsuits ... reduces to a single question: who owned the Vehicle on March 4, 2025.” Dkt. 61, p. 23. In other words, Plaintiff’s intention is to use an affirmative

declaration from this Court as a shield to supplant the Florida court's interest in resolving the dispute before the Florida court – a race to res judicata. The true procedural history of these disputes should not be forgotten – the first-filed lawsuit was filed by Florida Performance Cars against Plaintiff in Florida; as soon as Defendants moved to intervene in that case, Plaintiff caused Florida Performance Cars to dismiss the lawsuit, then Plaintiff raced to Utah to file this case. These matters could have and should have been handled promptly in the first-filed Florida case, but Plaintiff elected to duplicate the litigation.

Lastly, unfairness predominates in shortening Defendants' time to respond to Plaintiff's motion for summary judgment. Defendants' lead counsel will be in trial in the United States District Court for the Southern District of Texas from October 5th to at least October 12th, and he is scheduled to be in trial in state district court from October 26th to October 30th. Thus, beyond being deprived of discovery, Defendants are limited in their ability to respond on an expedited basis to Plaintiff's motion for summary judgment. Given the failure of Plaintiff to identify, let alone prove, any exigency, the balance of fairness weighs heavily in favor of denying the motion for expedited relief.

## **CONCLUSION**

Plaintiff identifies no exigency that justifies expedited relief under Rule 57. Instead, Plaintiff seeks to avoid discovery, obtain an early ruling on heavily disputed facts, and use that ruling to gain a strategic advantage in the parallel Florida litigation. Because Plaintiff has shown no urgency, because Defendants need discovery to develop the factual record, and because Defendants' motion to dismiss may render the requested relief moot, the Court should deny Plaintiff's motion for a speedy hearing.

DATED: October 7, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Andrew J. Schuman*
William S. Helfand
Andrew J. Schuman
*Attorneys for BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of October, 2026, I caused a true and correct copy of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A SPEEDY HEARING AND DECLARATORY JUDGMENT UNDER FED. R. CIV. P. 57** to be electronically filed through the Court's CM/ECF system, which will send notification of such filing to the following:

Chad Pehrson
Nathan C. Gardner
KNH, LLP
50 W. Broadway, 9th Floor
Salt Lake City, Utah 84101
cpehrson@knh.law
ngardner@knh.law
Tel. No.: 801.994.4646
*Attorney for Plaintiff*

*/s/ Libby Craig*