Chad Pehrson (12622) cpehrson@knh.law
Nathan Gardner (19537) ngardner@knh.law
**KNH LLP**
50 West Broadway, Ste. 900
Salt Lake City, UT 84101
(801) 994-4646

*Attorneys for Plaintiff Gauge Automotive, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| GAUGE AUTOMOTIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BMW FINANCIAL SERVICES NA, LLC and FINANCIAL SERVICES VEHICLE TRUST,<br><br>Defendants. | **PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR A SPEEDY HEARING UNDER FED. R. CIV. P. 57 (ECF NO. 61)**<br><br>Case No. 2:25-cv-00792-AMA-JCB<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Jared C. Bennett |

## INTRODUCTION

Defendants (together, "BMW") oppose a hearing date. They reserve the merits for their summary judgment response. Their opposition "addresses only Plaintiff's request for expedited briefing," Opp. 1 n.1 (ECF No. 63); it identifies no paragraph of Gauge's fifty-one-paragraph statement of facts that BMW disputes, and it attaches no evidence. Its two lead arguments cancel each other. BMW says the declaration Gauge seeks would be an "advisory opinion" that affects no one, Opp. 5, and also that it would operate "as a shield" in Florida and keep BMW from "recovering their stolen vehicle or any value for it," Opp. 2, 9.

Gauge's request has narrowed with the calendar. The motion asked the Court to shorten BMW's response time to fourteen days from the Court's order. Mot. 2 (ECF No. 61). No order issued, and BMW's ordinary response is now due October 23, 2026. Gauge therefore withdraws its request to shorten briefing. What remains is the request Rule 57 exists for: a date. Gauge asks the Court to set its First Cause of Action for hearing on the first available date after summary judgment briefing closes.

**ARGUMENT**

**I. BMW's Authorities Do Not Support Denying a Hearing.**

BMW's stated rule—that a speedy hearing "is generally only proper where the requesting party shows fact-discovery is neither hampered nor necessary," Opp. 4—appears in none of the cases it cites. Each denied a hearing at the threshold of the case. In *Four Winds*, the plaintiff sought relief before the defendant had appeared and before service was resolved, and the court denied the request "without prejudice." *Four Winds Behavioral Health, Inc. v. Allertech Labs., Inc.*, No. 1:23-cv-00013-KWR-JFR, 2023 U.S. Dist. LEXIS 56873, at *1, *6–7 (D.N.M. Mar. 30, 2023) (unpublished). In *Jones*, a pro se plaintiff moved before any Rule 26(f) conference or scheduling order. *Jones v. Amerisave Mortg. Corp.*, No. 24-cv-2952-TLP-tmp, 2025 U.S. Dist. LEXIS 2820, at *5–7 (W.D. Tenn. Jan. 7, 2025) (unpublished). *Allergan* was decided twenty days after the complaint was filed, and the court identified the specific fact-intensive question that required discovery. *Allergan, Inc. v. Valeant Pharms. Int'l, Inc.*, No. SACV 14-1214 DOC(ANx), 2014 U.S. Dist. LEXIS 117160, at *10–12 (C.D. Cal. Aug. 21, 2014) (unpublished).

This case is fourteen months old. BMW has removed it, twice moved to dismiss it, counterclaimed, sought a restraining order, participated in a Rule 26(f) conference, and served

documents and sworn discovery responses. The tests BMW's own cases apply favor a hearing: whether the determination is "based primarily on legal issues, rather than factual," *Jones*, 2025 U.S. Dist. LEXIS 2820, at *6 (quotation omitted), and whether a declaration would "'terminate the controversy' or at least substantially narrow the issues," *Allergan*, 2014 U.S. Dist. LEXIS 117160, at *7.

*Wilton* and *Mhoon* do not help BMW either. *Wilton* affirmed a stay in favor of a state case that offered an "opportunity for ventilation of the same state law issues." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995). BMW has never moved to stay this action. It reserved the right to do so in July and did not. ECF No. 53 ¶ 4. And by BMW's own account, the Florida court has yet to resolve Gauge's "personal jurisdiction objections." Opp. 3. *Mhoon* affirmed a district court that heard a declaratory claim and granted summary judgment while a state case arising from the same events was pending, noting the "substantial interest in deciding these issues without undue delay." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 (10th Cir. 1994).

## II. The Controversy Is Live, and It Will Be Decided in This Court.

BMW's first argument incorporates its motion to dismiss and reply. Opp. 4.[1] Gauge's response is at ECF No. 57 and is not repeated here.[2] Three points bear on the hearing request.

[1] BMW invokes Rule 10 for the incorporation. Opp. 4. Rule 10(c) allows adoption by reference of "[a] statement in a pleading"; it does not reach briefs.

[2] One clarification. Gauge's response stated that Gauge "possessed" or "held" the Vehicle when it filed this action and when BMW removed it. ECF No. 57 at 1, 3, 9, 10, 13, 21. To be precise: Gauge owned the Vehicle on both dates. ECF No. 57-1 ¶ 4. Utah issued a certificate of title to Gauge on August 22, 2025, the invoice for Gauge's sale to Secured Auto Group is dated September 16, 2025, and Gauge was paid on or about October 7, 2025. *Id.* ¶¶ 6, 13–14; ECF No. 43-1 at 2, 4. From July 23, 2025, however, the Vehicle was physically located at Secured Auto Group, a Utah dealer that assisted Gauge in selling it. Ex. 11 ¶ 18. Gauge's arguments rest on ownership, not physical custody. BMW's accusations about candor (Opp. 4–5) repeat its motion to dismiss and are answered at ECF No. 57 at 6–7, 23–24.

*First*, by BMW's own account, this case continues regardless. Its reply asks the Court to dismiss every claim "other than Plaintiff's claim for tortious interference." ECF No. 60 at 7; *see id.* at 2; Opp. 1–2 n.2. That claim alleges that BMW asserted, to Gauge's customers and others, an interest that was "legally untenable given the lapse of its lien and the transfer of ownership to a bona fide purchaser." ECF No. 2-1 ¶ 29. That claim, as pleaded, turns on whether BMW's interest survived Gauge's purchase. The title question will be answered in this Court whether or not the Court sets it for an early hearing. The only question is when.

*Second*, BMW's mootness argument cannot be squared with its own description of the stakes. A declaration that would serve "as a shield" in a pending suit between the same parties, Opp. 9, is not advisory. *Schell* found mootness where the defendant had sold its interest and the only remaining stake was a judgment's effect "in hypothetical unfiled future litigation." *Schell v. OXY USA Inc.*, 814 F.3d 1107, 1115 (10th Cir. 2016). BMW has sold nothing, asserts the same interest today, and is suing Gauge on it now. *See* ECF No. 57 at 19–21.

*Third*, the pending motion is a reason to set a hearing, not to avoid one. It has been fully briefed since August 11, 2026. The Court may hear it on the same date as the First Cause of Action; doing so costs BMW nothing and resolves the threshold question that BMW says must come first. Opp. 1–2 n.2.

**III. A Declaration Will Settle What Matters, and Deciding the Question Once Avoids Inconsistent Rulings.**

BMW argues that a declaration on the First Cause of Action would leave other claims undecided. Opp. 6. Rule 56 permits judgment on "part of each claim," Fed. R. Civ. P. 56(a), and "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is

otherwise appropriate," Fed. R. Civ. P. 57. More to the point, BMW told this Court that "[t]he ultimate question in the instant action is the same question that was posed in the previously-filed Florida FPC Lawsuit and is also posed in the pending Florida BMW Lawsuit, namely, who has valid title ownership of the Vehicle." ECF No. 11 at 15. Gauge quoted that statement in its motion, Mot. 23; BMW does not mention it. The Florida counts BMW now points to depend on the same answer: its conversion and unjust-enrichment counts plead that Gauge lacks "valid title," and its trespass count pleads that the Vehicle is BMW's "property." Ex. 18 ¶¶ 49, 56, 63 (ECF No. 61-19).

Nor does BMW answer the urgency Gauge identified. BMW's counsel wrote to Gauge's customer that Gauge "was aware of the fraudulent title under which Gauge made its purchase," and told Gauge's counsel that "any purchaser of the vehicle will be subject to, at the very least, litigation." Ex. 21; ECF No. 16-2 at 2; SUMF ¶¶ 44, 49. BMW admits that it is presently "unaware of evidence of Gauge's participation" in the title fraud. Ex. 15, RFA Resp. No. 25. The opposition says nothing about those letters.

BMW's new point is that Gauge reacquired the Vehicle from FPC in July 2025 after learning of BMW's claim. Opp. 6, 8. The facts are in the record and undisputed: Gauge learned of the claim on or about April 16, 2025, and rescinded its sale to FPC in July. Ex. 11 ¶¶ 14–15. What follows from those facts is a question of law—whether a good-faith purchaser that takes goods back from its own buyer holds the title it first acquired, *see* N.Y. U.C.C. § 2-403(1) (purchaser "acquires all title which his transferor had or had power to transfer")—that BMW may brief in its summary judgment response. And if the Court concludes that later events require more, it can enter

the first two declarations Gauge requests, which concern Gauge's title on March 4, 2025 and track the Complaint, and reserve the rest. Mot. 2 ¶ 2(a)–(b); ECF No. 2-1 ¶¶ 14–15.

The Court's earlier orders point the same direction. The Court declined to reach "the merits of BMW's claims" while BMW pursued them in two courts, and directed that "BMW must decide where it intends to pursue its claims against Gauge." ECF No. 37 at 2. BMW chose Florida, and the Court dismissed BMW's counterclaims to "avoid inconsistent results." ECF No. 48 at 3. Those orders concerned BMW's claims. Gauge's claim was filed here first, BMW brought it to this Court by removal, and by BMW's concession part of it will be decided here. Because the interference claim requires this Court to decide the title question in any event, postponing the decision does not avoid the risk of inconsistent rulings. It prolongs the period in which two courts have the same question before them. One prompt ruling, binding on both parties, reduces that risk.

Finally, BMW's "race to res judicata" account, Opp. 8–9, is contradicted by its own pleading. Gauge filed this action on August 6, 2025; BMW filed in Florida on August 8. ECF No. 2-1; Ex. 18 at 1. The earlier Florida suit was a buyer's damages claim by FPC against Gauge, to which BMW was never a party. BMW says Gauge "caused" FPC to dismiss "as soon as Defendants moved to intervene." Opp. 9. But BMW pleaded that it learned on June 27, 2025—before it moved to intervene on July 3—that Gauge had offered to unwind the sale, and that its motion was not served on Gauge until July 21. Ex. 18 ¶¶ 31–34. Gauge's rescission agreement with FPC is dated July 17. Ex. 11, Ex. F. Gauge settled with its customer; it did not flee an intervenor. BMW then removed this case, moved to transfer it and withdrew the motion, and asked this Court for the mirror-image declaration before dismissing its counterclaims. ECF Nos. 2, 11, 16, 24, 48.

## IV. BMW's Asserted Need for Discovery Is No Reason to Deny a Hearing.

BMW says it "deferred seeking discovery" to accommodate Gauge. Opp. 7. The docket says otherwise. In July, BMW's position was that "this case should be abated, or in the alternative that discovery should be stayed," and that the Court "should stay all discovery including initial disclosures." ECF No. 53 ¶ 3; ECF No. 53-1 § 1(d). The Court held a scheduling conference and entered a schedule with no stay. ECF Nos. 58, 59. Discovery has been open since, on subjects BMW agreed to, including "the circumstances and good faith of Gauge's purchase and resale of the Vehicle." ECF No. 59 § 3(b). BMW served nothing on Gauge until today, fourteen days after filing its opposition. That was BMW's choice, not an accommodation.

Nor has BMW made the showing Rule 56(d) requires. A party seeking to defer summary judgment must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). In this Circuit that means identifying "the probable facts not available," why they cannot be presented, "what steps have been taken to obtain these facts," and how additional time will enable the party to rebut the motion. *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (applying former Rule 56(f)) (quotation omitted). A brief's say-so is not enough: "[c]ounsel's unverified assertion in a memorandum opposing summary judgment does not comply with Rule 56(f) and results in a waiver." *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)). A Rule 56(d) request also may not be made in a response. DUCivR 7-1(a)(3). BMW promises a motion "shortly." Opp. 7.

The eight topics BMW lists, Opp. 7–8, show how little of the discovery it describes bears

on the motion. The core threshold question is Gauge's title on March 4, 2025, and at least the first two declarations Gauge requests turn on that date. Three topics—FPC's alleged July 2025 "agreement," Gauge's communications with Secured Auto Group, and Gauge's prior transactions with FPC—concern later events or Florida jurisdiction. As to Secured Auto Group, BMW subpoenaed that dealer a year ago, obtained its purchase and sale documents for the Vehicle, and filed them with this Court. ECF No. 43 ¶ 10; ECF No. 43-1. The facts BMW says control the void-or-voidable question (the Calderons' forgery and any involvement of BMW's lessees, Opp. 8) are not in Gauge's hands. They lie with the Calderons, with the lessees BMW has sued, with two motor-vehicle departments whose records BMW has had since March 2025, and with BMW itself. Ex. 16, Interrog. Ans. Nos. 6–8; Ex. 18. And when Gauge asked BMW for every fact supporting a contention that Gauge lacked good faith, BMW objected that the subject was "not relevant to a claim or defense." Ex. 16, Interrog. Ans. No. 11.

What remains is Gauge's knowledge at purchase and its dealings with its seller. BMW may test Mr. Hirahara's declaration on those points, and nothing has prevented it from doing so. Written discovery may be served through November 13, 2026, and fact discovery is open until December 18. ECF No. 59 § 4(b). BMW predicts that agreement on discovery "sadly seems unlikely," Opp. 7, but the interrogatories and document requests it served today will be answered on the schedule the Rules provide, before any hearing set after summary judgment briefing closes. And if a genuine factual question survives, the motion already asks the Court to resolve it at the Rule 57 hearing rather than defer it to trial. Mot. 25 & n.4.

**V. The Order Gauge Requests.**

Gauge's request, as narrowed in response to the opposition, is that the Court:

1. set the First Cause of Action for hearing on the first available date after summary judgment briefing closes, taking account of the trial settings BMW's counsel has identified, Opp. 9; and

2. leave the summary judgment briefing schedule as DUCivR 7-1(a)(4)(B) sets it.

A revised proposed order is submitted with this Reply.

**CONCLUSION**

BMW asks for time without an end date. Gauge asks for a date. The Court should set Gauge's First Cause of Action for a speedy hearing under Rule 57 on the terms set out above.

DATED this 21st day of October, 2026.

**KNH LLP**

*/s/ Chad Pehrson*
Chad Pehrson
Nathan Gardner
*Attorneys for Plaintiff Gauge Automotive, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of October, 2026, I caused a true and correct copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR A SPEEDY HEARING UNDER FED. R. CIV. P. 57 (ECF NO. 61)**, together with a revised proposed order, to be filed electronically through the Court's CM/ECF system, which sent notice of the filing to the following:

William S. Helfand
Andrew J. Schuman
LEWIS BRISBOIS BISGAARD & SMITH LLP
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2319
Bill.Helfand@lewisbrisbois.com
Andrew.Schuman@lewisbrisbois.com
*Attorneys for Defendants BMW Financial Services NA, LLC and Financial Services Vehicle Trust*

*/s/ Nathan Gardner*